William M. Low (Bar No. 106669)
wlow@higgslaw.com
Edwin Boniske (Bar No. 265701)
boniske@higgslaw.com
HIGGS FLETCHER & MACK LLP
401 West "A" Street, Suite 2600
San Diego, CA 92101-7913
Telephone: (619) 236-1551
Facsimile: (619) 696-1410

Kathy A. Wisniewski (admitted *pro hac vice*)
kwisniewski@thompsoncoburn.com
Stephen A. D'Aunoy (admitted *pro hac vice*)
sdaunoy@thompsoncoburn.com
Thomas L. Azar, Jr. (admitted *pro hac vice*)
tazar@thompsoncoburn.com
THOMPSON COBURN LLP
One US Bank Plaza
St. Louis, Missouri 63101
Telephone: (314) 552-6000
Facsimile: (314) 552-7000

Attorneys for Defendant FCA US LLC

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS VICTORINO, *et al.* <br><br> Plaintiffs, <br><br> v. <br><br> FCA US LLC, <br><br> Defendant. | Case No. 3:16-cv-01617-GPC-JLB <br><br> **FCA US LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON CLAIMS OF PLAINTIFFS CARLOS VICTORINO AND ADAM TAVITIAN** <br><br> Complaint Filed: June 24, 2016 <br><br> Trial Date: None Set <br> Hearing Date: June 16, 2017 <br> Time: 1:30 p.m. <br> Courtroom: 2D <br> Judge: Hon. Gonzalo P. Curiel |

## **TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION ................................................................................... 1

II.  BACKGROUND & RELEVANT FACTS ............................................. 1

    A.   The "Defect" Alleged By Plaintiffs In The Complaint ...................... 1

    B.   Victorino's Experience With His 2014 Dodge Dart ......................... 2

    C.   Tavitian's Experience With His 2013 Dodge Dart ........................... 4

    D.   Plaintiffs' Claims In This Case ......................................................... 6

III. ARGUMENT ......................................................................................... 6

    A.   The Summary Judgment Standard:  Plaintiffs Have The Burden
        To Prove That A Defect Exists; It Is Not FCA US's Burden To
        Prove That A Defect Does Not Exist ............................................... 6

    B.   There Is No Competent Evidence Of Any "Defect" ......................... 7

    C.   The Evidence Proves That It Was Not A "Defect" That Caused
        The Clutch Problems In Plaintiffs' Vehicles .................................... 9

IV.  CONCLUSION .................................................................................... 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ............................................... 7

*Arevalo v. Bank of Am. Corp.*, 850 F. Supp. 2d 1008 (N.D. Cal. 2011) .................... 9

*Binning v. Louisville Ladder, Inc.*, 2014 WL 4249667
   (E.D. Cal. Aug. 27, 2014) .......................................................................................... 9

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) ............................................................ 6

*Christensen v. Synthes USA*, 2013 WL 1899094 (C.D.Cal. 2013) ............................ 7

*Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017 (9th Cir. 2008) ..................... 8, 9

*Daugherty v. Am. Honda Motor Co.*, 144 Cal. App. 4th 824
   (Cal. App. 2006) .................................................................................................... 8, 9

*Estate of Tucker ex rel. Tucker v. Interscope Records, Inc.*, 515 F.3d
   1019 (9th Cir. 2008) .................................................................................................. 7

*Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528 (9th Cir. 2000) ................... 6

*Hardt v. Chrysler Group LLC*, Case No. 8:14-cv-01375 (C.D. Cal.) .................... 2

*In re Firearm Cases*, 126 Cal.App.4th 959 (2005) ..................................................... 7

*In re Toyota Motor Corp. Hybrid Brake Mktg., Sales Prac. & Prod.
   Liab. Litig.*, 2013 WL 4017134 (C.D. Cal. 2013) ................................................... 7

*Indiana Nat. Bank of Indianapolis v. De Laval Separator Co.*, 389
   F.2d 674 (7th Cir. 1968) ........................................................................................... 8

*McVicar v. Goodman Global, Inc.*, 1 F. Supp. 3d 1044 (C.D. Cal.
   2014) ........................................................................................................................... 9

*T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626
   (9th Cir. 1987) ............................................................................................................ 7

*Uzyel v. Kadisha*, 188 Cal. App. 4th 866, 116 Cal. Rptr. 3d 244 (2010) ................. 9

*Williams v. Yamaha Motor Co.,* 851 F.3d 1015 (9th Cir. 2017) .................................. 8

**Statutes and Constitutional Provisions**

Federal Odometer Act, 49 U.S.C. §§ 32701 *et seq.* ........................................ 4

Cal. Veh. Code § 28051 ................................................................ 4

California Business & Professions Code § 17200, *et seq.* ................................. 6

California's Consumers Legal Remedies Act, California Civil Code
    § 1750, *et seq.* ................................................................... 6

Magnuson-Moss Warranty Act, 15 U.S.C. § 2303, *et seq.* .................................. 6

Song-Beverly Consumer Warranty Act, California Civil Code §§
    1791.1, 1792, *et seq.* ............................................................. 6

**Rules**

Rule 56(c) of the Federal Rules of Civil Procedure ....................................... 6

## I. INTRODUCTION

All the claims being pursued by Plaintiffs Carlos Victorino and Adam Tavitian are based on the notion that there is an unspecified "defect" in the clutch system in the manual-transmissions used in model-years 2013 and 2014 Dodge Dart vehicles. But, there is no evidence of any such defect. Nor is there any evidence that a defect caused the need for repairs to the clutch system in Victorino's vehicle (after 34,351 miles), or the need for repairs to the clutch system in Tavitian's vehicle (after 42,075 and 62,043 miles). Indeed, the third-party dealership technicians who examined Plaintiffs' vehicles for clutch problems concluded that (different) parts in the clutch systems had simply ***"worn out"*** from ***"normal wear and tear."*** (UF, Nos. 6-8, 13, 24-25, 28, 33). The mere fact that a vehicle *wear component* needs a repair after tens of thousands of miles of usage (and after the warranty period expired) is ***not*** evidence of any defect, and supports no claim.

Because the evidence does not support the critical defect and causation elements that Plaintiffs must prove, summary judgment should be entered in favor of Defendant FCA US LLC, and against Plaintiffs Carlos Victorino and Adam Tavitian.

## II. BACKGROUND & RELEVANT FACTS

### A. The "Defect" Alleged By Plaintiffs In The Complaint.

In their Complaint, Plaintiffs allege, "on information and belief," that there is a "defect" in their Dodge Dart vehicles which they describe as a "design flaw in the clutch master cylinder wherein the internal and external seals are ineffective in preventing debris from contaminating and prematurely wearing the seals, resulting in the deprivation of hydraulic fluid." *See* Class Action Complaint, Dkt. No. 1 ("Comp."), ¶¶ 4, 51. Plaintiffs further allege "on information and belief" that this "defect" is "exacerbated by Defendant's use of a plastic clutch master cylinder, which is prone to corrosion." *Id.* Plaintiffs also describe a wide variety of clutch-

1

related issues which they claim, "on information and belief," might result from the vaguely identified "defect," including: "collateral damage to the vehicle's clutch slave cylinder and release bearing, clutch disc, pressure plate, and flywheel"; "inability to shift gears or maneuver the clutch pedal"; "difficulty bringing … vehicles to a stop or to park," and in "control[ling] the vehicle's speed, acceleration and deceleration"; "premature wear to the Manual Transmission and its related components"; and "premature clutch system or transmission failure." *Id.* at ¶¶ 4, 11-12, 51, 54. The "defect" purportedly necessitates "expensive repairs, including replacements of the clutch master cylinder and reservoir hose, clutch slave cylinder and release bearing, clutch disc and pressure plate, and flywheel." *Id.*[1]

## B. Victorino's Experience With His 2014 Dodge Dart.

Plaintiff Carlos Victorino purchased a model-year 2014 manual-transmission Dodge Dart vehicle on March 22, 2014. (UF, No. 1). His vehicle was covered by a 12-month/12,000 mile Basic Limited Warranty for "clutch discs or modular

---

[1] As Plaintiffs have acknowledged, this case is a "spin off" from *Hardt v. Chrysler Group LLC*, Case No. 8:14-cv-01375 (C.D. Cal.) ("*Hardt*"). *See* Dkt. No. 18, p. 4 n.1. In *Hardt*, the same attorneys representing Plaintiffs here filed a putative class action making virtually the same allegations as those made here, and then claimed and collected a hefty catalyst attorney fee award when they declared that a voluntary service action implemented by FCA US cured the clutch "defect" in the Dodge Dart vehicles owned by the putative class members, ***including those owned by Plaintiffs Victorino and Tavitian***. The customer service action – which included reimbursements for past repairs and an extended warranty period for free replacements of the reservoir hose and clutch master cylinder – was implemented by FCA US to address an issue involving seal-swelling from the use of a particular kind of leaching plasticizer in a reservoir hose in the clutch system. *See* Comp. ¶¶ 18, 65. Having collected an excessive attorney fee based on an argument that they prompted FCA US to ***fix*** the clutch problems in the vehicles owned by all putative class members (including those owned by Victorino and Tavitian), Plaintiffs' counsel now brings this case based on the notion that the customer service action did not really fix the vehicles (as they contended when they argued for a catalyst fee). These counsel now assert that is a "different" "defect" that will not be addressed by replacing the reservoir hose and master cylinder, *i.e.,* a "defect" that does not involve seal swelling due to leaching plasticizer. *Id.*

2

**FCA US LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON CLAIMS OF PLAINTIFFS CARLOS VICTORINO AND ADAM TAVITIAN**

clutch assembly." (UF, No. 2). A Powertrain Limited Warranty provided for the vehicle specifically indicted that "MANUAL TRANSMISSION CLUTCH PARTS ARE NOT COVERED AT ANY TIME." (UF, No. 3).

After driving his vehicle for almost two years, on or around January 10, 2016, Victorino "noticed that the gears were not properly 'catching' when attempting to shift." (UF, No. 4). Two days later, Victorino took his vehicle to a local dealership, San Diego Chrysler Dodge Jeep Ram, for service. (UF, No. 5). Victorino's vehicle showed 34,351 miles on its odometer when he brought it to the dealership. (UF, No. 6).

Technicians at the dealership examined Victorino's vehicle, and concluded that the clutch was simply ***"worn out,"*** and that the clutch, slave cylinder, and flywheel were all "overheated and warped." (UF, No. 7). The technicians concluded that this resulted from ***"normal wear and tear"***; there was no "defect" noted, nor any "contamination" or degraded "seals." (UF, No. 8). The technicians did not identify any problem with, or damage to, the clutch master cylinder in Victorino's vehicle. (UF, No. 9). Nor did the clutch master cylinder in Victorino's vehicle experience any issue that required a repair or replacement at this (or any other) time. (UF, No. 10; *see also* UF, No. 14-15).

The flywheel in Victorino's vehicle was replaced at no charge. (UF, No. 11). The remaining repairs to the clutch system cost Victorino $1,165.31. (UF, No. 12). Victorino sent a claim to FCA US seeking reimbursement of the costs for the clutch repair, claiming it should be covered by a January 2016 voluntary customer service action, *i.e.,* he claimed that the repair was necessitated due to leaching plasticizer from a reservoir hose. This request was denied because "***[t]he reason for the repair was the clutch was worn out***," and not due to an issue with the seals or reservoir hose. (UF, No. 13).

3

Since Victorino's vehicle was repaired by San Diego Chrysler Dodge Jeep Ram in January 2016, he has made no further complaints about the clutch in it. (UF, No. 16).

In discovery, FCA US issued a request for production to Victorino seeking all component parts removed from his vehicle, *e.g.*, the clutch parts removed in January 2016. (UF, No. 17). Victorino admitted that he does not have the clutch components removed from his vehicle in January 2016, in that he said that "after a diligent search," the only removed vehicle component he can now produce is an "air intake" (a component having nothing to do with this case). (UF, No. 18).

## C. Tavitian's Experience With His 2013 Dodge Dart.

Plaintiff Adam Tavitian purchased a model-year 2013 manual-transmission Dodge Dart vehicle on November 30, 2012. (UF, No. 20). His vehicle was covered by a 12-month/12,000 mile Basic Limited Warranty for "clutch discs or modular clutch assembly." (UF, No. 21). The Powertrain Limited Warranty provided for his vehicle specifically stated that "MANUAL TRANSMISSION CLUTCH PARTS ARE NOT COVERED AT ANY TIME." (UF, No. 22). Per standard practice in the industry, the warranties provided for Tavitian's vehicle stated that "disconnecting, tampering with, or altering the odometer will void your warranties."[2] (UF, No. 23).

On or about July 7, 2014, Tavitian took his vehicle to a local dealership, Rydell Chrysler Dodge Jeep Ram, complaining that his vehicle's clutch was sticking and failing at times to shift gears. (UF, No. 24). The clutch master cylinder – a vehicle component that was covered by FCA US's extended warranty because failure of it could be caused by the "different" "defect" not at issue in this

---

[2] Odometer tampering is a crime. *See, e.g.*, 49 U.S.C. §§ 32701 *et seq.* (Federal Odometer Act prohibiting "tampering with motor vehicle odometers"); Cal. Veh. Code § 28051 ("It is unlawful for any person to disconnect, turn back, advance, or reset the odometer of any motor vehicle with the intent to alter the number of miles indicated on the odometer gauge").

FCA US LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON CLAIMS OF PLAINTIFFS CARLOS VICTORINO AND ADAM TAVITIAN

case, *i.e.,* leaching plasticizer in the reservoir hose – was replaced. (UF, No. 25). While Tavitian's vehicle was at the dealership, it was discovered that he had removed his vehicle's odometer and replaced it with a newer odometer that displayed 28,697 fewer miles than the original odometer displayed. (UF, No. 26). The actual mileage on the vehicle at the time of the repair was 42,075 miles. (UF, No. 27).

Tavitian paid $298.33 for the July 2014 repair, but subsequently applied for reimbursement of that cost claiming the repair was covered by FCA US's January 2016 voluntary customer service action, *i.e.,* he effectively claimed that the repair was needed due to leaching plasticizer from a reservoir hose. (UF, Nos. 28, 29). Tavitian's application for reimbursement was denied **only on the basis of odometer tampering**, not because the repair was outside the extended warranty (without the odometer tampering the repair would have been covered as one possibly needed due to leaching plasticizer from a reservoir hose). (UF, No. 29).

On July 11, 2016, after this case was filed, Tavitian brought his vehicle to another local dealership, Glendale Dodge Chrysler Jeep, complaining of problems with the vehicle's clutch. (UF, No. 30). Tavitian's odometer showed "33,346" miles when brought to the dealership, but the actual mileage was 62,043 miles. (UF, No. 31). FCA US's consulting expert attempted to inspect the vehicle for purposes of this litigation before the repair was done and found that he could not form opinions about the cause of the current issue without replacement of the clutch master cylinder and reservoir hose, and thus these replacements were made at no charge to Tavitian. (UF, No. 32). Once the vehicle was repaired to the extent necessary to complete the inspection, it was determined that the actual problem with Tavitian's vehicle was a throw out bearing, and that the clutch *disc* was simply *"worn out,"* showed signs of overheating, and needed to be replaced. (UF, Nos. 33-34). Tavitian declined repairs at the dealership, but three months later (in October 2016) he had the clutch repaired by J & E Auto Services, Inc. (UF, No.

35).

In discovery, FCA US requested that Tavitian produce all component parts removed from his vehicle, including the clutch parts replaced both before and after he filed this lawsuit. (UF, No. 36). Tavitian admitted that he does not have any clutch components when he stated that, "after a diligent search," the only component he can locate is the "instrument panel" he removed from his vehicle (a component which has nothing to do with the alleged clutch "defect" at issue in this case). (UF, No. 37).

### D. Plaintiffs' Claims In This Case.

Plaintiffs plead five causes of action: (1) violation of California's Consumers Legal Remedies Act, California Civil Code § 1750, *et seq.*; (2) violation of California Business & Professions Code § 17200, *et seq.*; (3) Breach of Implied Warranty under the Song-Beverly Consumer Warranty Act, California Civil Code §§ 1791.1, 1792, *et seq.*; (4) Breach of Implied Warranty under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2303, *et seq.*; and (5) Unjust Enrichment. *See* Comp. ¶¶ 81-139.

## III. ARGUMENT

### A. The Summary Judgment Standard: Plaintiffs Have The Burden To Prove That A Defect Exists; It Is Not FCA US's Burden To Prove That A Defect Does Not Exist.

Under Rule 56(c) of the Federal Rules of Civil Procedure summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which the party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The moving party bears the initial burden of establishing the absence of a genuine issue of material fact. *Id.* at 323-24. "That burden may be met by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Fairbank v.*

**FCA US LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON CLAIMS OF PLAINTIFFS CARLOS VICTORINO AND ADAM TAVITIAN**

*Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000) (citation omitted). In other words, "[a] defendant who moves for summary judgment … need not produce evidence negating elements of a claim" on which the plaintiff bears the burden of proof. *Estate of Tucker ex rel. Tucker v. Interscope Records, Inc.*, 515 F.3d 1019, 1029 (9th Cir. 2008) (citations omitted).

Once the moving party has met its initial burden, the nonmoving party must "produce evidence that sets forth specific facts showing that there is a genuine issue for trial." *Id.* at 1030 (citations omitted). To prevent summary judgment, the "mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Furthermore, "[d]isputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

Applying these established principles, summary judgment is required here.

**B.  There Is No Competent Evidence Of Any "Defect".**

Plaintiffs' claims are all premised on the notion that there is a "design flaw in the clutch master cylinder" which allows "debris" to contaminate "internal and external seals," and they were harmed "as a result of" this purported "defect" due to FCA US's failure to disclose it. *See, e.g.*, Comp. ¶¶ 4, 51, 85, 87-88, 90-91, 99, 102-06, 118-20, 128, 136-37. Thus, a threshold issue is whether the defect alleged even exists. If not, Plaintiffs have no claims. *See, e.g.*, *In re Toyota Motor Corp. Hybrid Brake Mktg., Sales Prac. & Prod. Liab. Litig.*, 2013 WL 4017134 at *5 (C.D. Cal. 2013) ("the critical issue in this case is whether there is a manifest defect in the ABS that caused an actual injury to [plaintiff]"); *Christensen v. Synthes USA*, 2013 WL 1899094 at *4 (C.D.Cal. 2013) (granting summary judgment on fraud, UCL, and unjust enrichment claims where there was no competent evidence of an actual defect); *In re Firearm Cases*, 126 Cal.App.4th

7

**FCA US LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON CLAIMS OF PLAINTIFFS CARLOS VICTORINO AND ADAM TAVITIAN**

959, 982 (2005) (affirming summary judgment on a claim under the UCL where there was no competent evidence that product was defective).

***There simply is no competent evidence that the "defect" described by Plaintiffs actually exists***. All that the available evidence shows is that Victorino and Tavitian drove their vehicles for almost two years (and 34,351 and 42,075 miles, respectively) before experiencing a clutch problem. (UF, Nos. 6, 27). But, it is common knowledge that clutch systems in manual-transmission vehicles can wear out and need repairs even if no defect exists. This is because even the best clutch system can require repairs after relatively few miles for many reasons, among them being driving habits, aggressive use of the clutch, and other misuse. *See, e.g.,* https://www.yourmechanic.com/article/how-long-does-a-clutch-last.

It is beyond dispute that simply because Plaintiffs' vehicles eventually required clutch repairs is ***not*** evidence of the existence of a "design flaw" in the clutch master cylinder which causes "contamination" of "internal and external seals." Indeed, courts have long recognized the simple truth that "[a]ll [automobile] parts will wear out sooner or later." *Daugherty v. Am. Honda Motor Co.*, 144 Cal. App. 4th 824, 830-39 (Cal. App. 2006); *see also Indiana Nat. Bank of Indianapolis v. De Laval Separator Co.*, 389 F.2d 674, 678 (7th Cir. 1968) (a product cannot be assumed to be defective "simply because it [will] wear out").

The failure of a product to last forever is not a defect because to hold otherwise would mean that "a manufacturer would no longer be able to issue limited warranties, and product defect litigation would become as widespread as manufacturing itself." *Williams v. Yamaha Motor Co.,* 851 F.3d 1015 (9th Cir. 2017) (internal quotation omitted); *see also Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1023 (9th Cir. 2008) ("Every manufactured item is defective at the time of sale in the sense that it will not last forever."); *Daugherty*, 144 Cal. App. 4th at 830-39 (affirming dismissal of express warranty, unfair competition, and CLRA claims based on an alleged defect that reduced the life span of the vehicle's

**FCA US LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON CLAIMS OF PLAINTIFFS CARLOS VICTORINO AND ADAM TAVITIAN**

engine, but did not cause the automobile to malfunction during the warranty period).

When asked directly what *facts* and *evidence* they have to support their claim that a "defect" exists, Plaintiffs responded with *no facts* and *no evidence*; instead, they offered a circular *argument* that begged the actual question, claiming a "defect" exists simply because "the clutch needed repeated repairs. Those repairs were premature and caused by a defect in the Manual Transmission." (UF, Nos. 19, 38). This argument cannot substitute for *evidence* of a defect because, under *Daugherty* and *Clemens*, the fact that a vehicle component wore out or that repairs were needed long after the warranty expired is not evidence of any defect.

Simply put, there is no evidence of the existence of a "defect" in the nature of a "design flaw" in the clutch master cylinder which causes "contamination" of "internal and external seals." Accordingly, summary judgment should be entered in FCA US's favor on all claims.

### C. The Evidence Proves That It Was Not A "Defect" That Caused The Clutch Problems In Plaintiffs' Vehicles.

Causation is an essential requirement of all of Plaintiffs' claims. *See, e.g.*, *McVicar v. Goodman Global, Inc.*, 1 F. Supp. 3d 1044, 1051-52 (C.D. Cal. 2014) (UCL); *Binning v. Louisville Ladder, Inc.*, 2014 WL 4249667, at *7 (E.D. Cal. Aug. 27, 2014) (implied warranty claims); *Arevalo v. Bank of Am. Corp.*, 850 F. Supp. 2d 1008, 1021 (N.D. Cal. 2011) (CLRA); *Uzyel v. Kadisha*, 188 Cal. App. 4th 866, 892, 116 Cal. Rptr. 3d 244, 264 (2010) (unjust enrichment).

Here, even if this Court were to accept, as evidence, Plaintiffs' bald allegation of a "design flaw in the clutch master cylinder" which allows "debris" to "contaminate" "internal and external seals," summary judgment should still be entered in favor of FCA US because the evidence proves that this purported "defect" was not what caused Plaintiffs' claimed injury.

Plaintiffs' vehicles were examined by the dealerships at the time they were brought in for repairs. The dealership technicians examining Victorino's vehicle concluded that the clutch in his vehicle was simply ***"worn out,"*** and that the clutch, slave cylinder, and flywheel were ***"all overheated and warped."*** (UF, No. 7). This was found to be ***"normal wear and tear."*** (UF, Nos. 7-8). The dealership did not find any evidence of a failure due to a "defect" of any type, let alone a "design flaw" in the clutch master cylinder which caused "contamination" of "internal and external seals." Indeed, the dealership identified no problems with the clutch master cylinder in Victorino's vehicle during this (or any other) service visit. (UF, Nos. 9-10, 14-16). Furthermore, Victorino effectively asserted that the repair was not necessitated by such a defect (a "design flaw" which caused "contamination" of "internal and external seals") when he took the position that he was entitled to reimbursement under a program that provided coverage only for clutch master cylinder and reservoir hose components that failed due to leaching plasticizer. (UF, No. 13).

Likewise, the dealership technicians examining Tavitian's vehicle did not find any evidence that the issues with his vehicle were caused by a "design flaw" in the clutch master cylinder which caused "contamination" of "internal and external seals." While the first repair to Tavitian's vehicle did involve replacement of the clutch master cylinder, there is no evidence the repair was needed due to ***any*** defect. And, by making a claim that the repair should be covered under FCA US's extended warranty, Tavitian effectively took the position that the repair was due to leaching plasticizer in a reservoir hose, an issue that, as he has made clear, is unrelated to his claims here. (UF, No. 25; Comp., ¶¶ 4, 65). Moreover, the evidence proves that no defect of any type was involved in the second repair, as the diagnosis was that the clutch system had simply ***"worn out,"*** which was likely due to Tavitian's driving habits that had left observable ***"signs of … overheating."*** (UF, Nos. 33, 34).

10

FCA US LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON CLAIMS OF PLAINTIFFS CARLOS VICTORINO AND ADAM TAVITIAN

Plaintiffs cannot possibly disprove the findings of the dealerships which diagnosed the cause of the symptoms displayed in their vehicles because, as they admit, they do not have the components that were diagnosed as having "worn out." (UF, Nos. 18, 37). Because Plaintiffs cannot link the failed components in their vehicles to any defect (versus everyday wear and tear), they certainly cannot show that the repair costs they incurred were caused by a defect. Because Plaintiffs have no evidence that could support the critical causation element of their claims, FCA US's motion for summary judgment should be granted.

## IV. CONCLUSION

For the reasons outlined herein, Defendant FCA US LLC respectfully requests that this Court enter summary judgment in its favor on all of the claims asserted by Plaintiffs Carlos Victorino and Adam Tavitian in their Complaint, and grant it such further relief as may be just and proper.

Dated: April 17, 2017

**HIGGS FLETCHER & MACK LLP**

By: */s/ Edwin M. Boniske*
William M. Low (Bar No. 106669)
Edwin Boniske (Bar No. 265701)

**THOMPSON COBURN LLP**
Kathy A. Wisniewski
Stephen A. D'Aunoy
Thomas L. Azar, Jr.

*Attorneys for FCA US LLC*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was on April 17, 2017, on all counsel of record, who are deemed to have consented to electronic service via the Court's CM/ECF system per Civ.L.R. 5.4(d).

By: */s/ Edwin M. Boniske*
Edwin M. Boniske (Bar No. 265701)

**FCA US LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON CLAIMS OF PLAINTIFFS CARLOS VICTORINO AND ADAM TAVITIAN**