# MINUTE ORDER OF THE UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

Case Name:   **Victorino et al v. FCA US LLC**   Case No.:   **16-cv-01617-GPC-JLB**

Hon. Jill L. Burkhardt   Ct. Deputy Carolina Lopez   Rptr. Tape: n/a

Having considered the papers before the Court, including arguments made at the March 30, 2017 motion hearing and in supplemental briefing filed thereafter (ECF Nos. 36-38, 40, 44-47), for the reasons stated at the hearing and summarized below, the Court enters its tentative ruling and hereby DENIES Defendant's motion to compel (ECF No. 36) and SUSTAINS Plaintiffs' objections on the grounds of privilege and relevance. The Court concludes that California law governs Plaintiffs' claim of privilege under Federal Rule of Evidence 501 because: (1) as pled, there is no federal question jurisdiction for this case under the Magnuson-Moss Warranty Act; (2) this case is in federal court by virtue of diversity jurisdiction only; and (3) state law supplies the rule of decision for each of Plaintiffs' claims (including Plaintiffs' fourth cause of action for alleged breach of implied warranty under the Magnuson-Moss Warranty Act, 15 U.S.C. Section 2303 et seq.). As a result of (1), (2) and (3), this case is more akin to the line of diversity jurisdiction cases holding that state law governs privilege determinations. It is undisputed that, under California privilege law, the retainer agreements are non-discoverable, privileged documents.

In addition, regardless of whether California or federal privilege law applies, the motion is further denied because Defendant fails to demonstrate that the retainer agreements are relevant here. Retainer agreements may be relevant to class certification issues, but Defendant has not: presented any factual basis calling into question the adequacy of these putative class representatives; identified any potential conflict with the putative class members; or given any indication that the named plaintiffs and their counsel do not have the resources to pursue this class action. Plaintiffs' counsel have declared that the retainer agreements do not contain the type of incentive provision that was deemed suspect in *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948 (9th Cir. 2009), and defendant has not provided the Court with any reason to question that representation. Further, Defendant cites case law that retainer agreements may be relevant to attorneys' fees at the end of the case. If so, they can be requested then. Moreover, Plaintiffs' depositions should provide Defendant with an adequate opportunity for it to explore Rule 23 issues.

Date:  April 25, 2017                                                      Initials: lc2