William M. Low (Bar No. 106669)
wlow@higgslaw.com
Edwin Boniske (Bar No. 265701)
boniske@higgslaw.com
HIGGS FLETCHER & MACK LLP
401 West "A" Street, Suite 2600
San Diego, CA 92101-7913
Telephone: (619) 236-1551
Facsimile: (619) 696-1410

Kathy A. Wisniewski (admitted *pro hac vice*)
kwisniewski@thompsoncoburn.com
Stephen A. D'Aunoy (admitted *pro hac vice*)
sdaunoy@thompsoncoburn.com
Thomas L. Azar, Jr. (admitted *pro hac vice*)
tazar@thompsoncoburn.com
THOMPSON COBURN LLP
One US Bank Plaza
St. Louis, Missouri 63101
Telephone: (314) 552-6000
Facsimile: (314) 552-7000

*Attorneys for Defendant FCA US LLC*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS VICTORINO, *et al.*<br><br>Plaintiffs,<br><br>v.<br><br>FCA US LLC,<br><br>Defendant. | Case No. 3:16-cv-01617-GPC-JLB<br><br>**FCA US LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DENY CLASS CERTIFICATION**<br><br>Complaint Filed: June 24, 2016<br><br>Trial Date: None Set<br>Hearing Date: July 28, 2017<br>Time: 1:30 p.m.<br>Courtroom: 2D<br>Judge: Hon. Gonzalo P. Curiel |

# I. INTRODUCTION

A defendant has a right to preemptively seek the denial of class certification where, as here, evidence exists demonstrating that one of the requisites of Rule 23 cannot be proven. *See, e.g.*, *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 939-44 (9th Cir. 2009). The indisputable evidence here proves that the adequacy requisite of Rule 23(a)(4) cannot be satisfied. Accordingly, this Court should grant Defendant FCA US LLC's Motion to Deny Class Certification.

# II. FACTUAL BACKGROUND

## A. The February 13, 2017 Written Settlement Offer.

On February 13, 2017, FCA US sent an email (subject: "Settlement") to Plaintiffs' attorneys Jordan Lurie and Tarek Zohdy. *See* Declaration of Kathy A. Wisniewski ("Wisniewski Decl."), ¶ 2. In that email, Wisniewski extended a settlement offer on behalf of FCA US to Plaintiffs Carlos Victorino and Adam Tavitian. *Id.* Under the terms of the proposed settlement, Victorino and Tavitian would each agree to settle their individual claims in exchange for a settlement payment described in the email.[1] *Id.* at ¶ 3. The email concluded by inviting Plaintiffs' attorneys to contact her to discuss FCA US's settlement proposal. *Id.* at ¶ 5. When no response to this email was received after almost one month, FCA US

---

[1] The settlement offer was made in conjunction with a demand for an individual settlement made by the same Plaintiffs' counsel in another class action. Wisniewski Decl. ¶ 4. FCA US agreed to accept the demand made in the other case, contingent upon both plaintiffs in this case agreeing to accept the same amount demanded for an individual settlement in the other lawsuit. *Id.* In other words, the plaintiffs in the other lawsuit had already agreed to the terms of the settlement being made (it was their demand), so that the only contingency for finalizing the settlement of both cases was that Victorino and Tavitian likewise agree to the terms they were never told about.

emailed attorneys Lurie and Zohdy to inform them that the settlement offer was withdrawn.[2]  *Id.* at ¶ 6.

**B.     Plaintiffs Testify They Were Not Told About The Settlement Offer.**

Plaintiff Tavitian was deposed on April 27, 2017.  During his deposition, he was asked if he knew about any prior settlement discussions, and testified as follows:

> Q:   Are you aware, Mr. Tavitian, that FCA U.S. has offered to pay you personally [redacted] to settle your claims in this case?
> 
> A:   No.
> 
> Q:   You're not aware of that?
> 
> A:   I don't believe so.
> 
> Q:   You didn't know about that before today?
> 
> A:   No.
>
> \* \* \*
>
> Q:   Are you aware of FCA making any offers to settle this case to you?
>
> A:   No.

*See* Wisniewski Decl. at Exhibit A, pp. 289:23 - 290:5, 290:11-16.

Plaintiff Victorino was deposed the next day.  He also admitted that his attorneys failed to communicate FCA US's settlement offer to him when it existed, and only told him about the offer on the morning he was deposed, at a time when the offer had been withdrawn and was no longer valid:

> Q:   Before today were you aware of whether FCA had offered you a settlement?
>
> A:   No.

---

[2] The settlement offer was made to avoid the expense of needless litigations, and was withdrawn only because the parties were on the cusp of engaging in costly discovery, including depositions.  Wisniewski Decl. ¶ 6.

| | | |
|---|---|---|
| 1 | Q: | Okay. So the first time you heard about a settlement being |
| 2 | | offered to you by FCA was today; correct? |
| 3 | A: | Correct. |
| 4 | | * * * |
| 5 | Q: | Is it important for you to know if FCA is offering to settle your |
| 6 | | case? Is that something you want to know and consider to be |
| 7 | | important? |
| 8 | A: | Yeah. |
| 9 | Q: | Okay. Would you expect your attorneys to promptly and timely |
| 10 | | tell you if FCA had offered you money to settle your case? |
| 11 | | Would you expect that? |
| 12 | A: | I would expect them to inform me of anything related to this |
| 13 | | case. |

*See* Wisniewski Decl. at Exhibit B, pp. 165:14-24, 166:11-24 (objections omitted).

### III. ARGUMENT

#### A. A Motion To Deny Class Certification Is Proper At This Time.

Both the Ninth Circuit and this District have expressly recognized that where, as here, the evidence shows that a class should not be certified under Rule 23, a motion to deny class certification is proper even though the deadline for Plaintiffs to file their motion for class certification has not yet arrived. *See, e.g., Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 939-44 (9th Cir. 2009) ("Rule 23 does not preclude a defendant from bringing a 'preemptive' motion to deny certification…. [N]o rule or decisional authority prohibited [the defendant] from filing its motion to deny certification before Plaintiffs filed their motion to certify"); *Banarji v. Wilshire Consumer Capital, LLC*, 2016 WL 595323 (S.D. Cal. 2016) (granting motion to deny certification because evidence demonstrated that plaintiffs could not meet typicality requisite of Rule 23); *Ryan v. Jersey Mike's Franchise Systems*, 2014 WL 1292930, at *6 (S.D.Cal. 2014) (granting motion to

deny class certification where evidence showed that facts underlying named plaintiff's claim made him atypical of putative class members); *see also Johnson v. Q.E.D. Envtl. Sys., Inc.*, 2017 WL 1685099, at *6 (N.D.Cal. 2017) (granting motion to deny class certification before motion to certify was filed where evidence showed that Rule 23 numerosity requirement could not be met); *Lam v. Cathay Bank*, 2015 WL 12712296 (C.D. Cal. 2015) (granting motion to deny class certification because evidence showed a lack of numerosity and court had concerns about adequacy of counsel to represent the interests of the class).

Here, Plaintiffs' sworn testimony proves that they cannot meet the adequacy requisite of Rule 23(a)(4). Accordingly, FCA US's Motion to Deny Class Certification should be granted.

**B.   The Rules And Law Governing Communication Of Settlement Offers.**

This Court has "adopted the standards of professional conduct required of members of the State Bar of California." Local Civil Rule 83.4(b). California Rule of Professional Conduct 3-510 imposes a ***bright-line rule*** that ***all*** written settlements must "promptly" be communicated to the client:

> **Communication of Settlement Offer.**
>
> (A)   A member ***shall promptly communicate*** to the member's client:
>
> > (1)   All terms and conditions of any offer made to the client in a criminal matter; and
> >
> > (2)   ***All amounts, terms, and conditions of any written offer of settlement made to the client in all other matters.***
>
> (B)   As used in this rule, ***"client" includes*** a person who possesses the authority to accept an offer of settlement or plea, or, ***in a class action, all the named representatives of the class.***

Cal. Rule of Prof. Conduct 3-510 (emphasis added).³

This same rule, in slightly different language, is also included in the California Business and Professions Code:

> A member of the State Bar **shall promptly communicate** to the member's client **all amounts, terms, and conditions of any written offer of settlement** made by or on behalf of an opposing party. As used in this section, **"client" includes any person … in a class action, who is a representative of the class.**

Cal. Bus. & Prof. Code § 6103.5(a) (emphasis added).

The California Bar Court has held that the failure to relay a settlement offer to the client is a breach of the attorney's ethical and fiduciary duties, places the attorney's own pecuniary interests over the interests of the client, and usurps the client's fundamental right to make decisions regarding his or her own case. *Matter of Yagman*, 1997 WL 817721, at *3-7 (Cal. Bar Ct. Dec. 31, 1997). According to that court, "[b]ecause the attorney-client relationship is a fiduciary relationship of the very highest character…there can be no question but that an attorney owes his client [a] duty of full and frank disclosure." *Id.* at *5. The communication of settlement offers is recognized by the Bar Court as a particularly important part of an attorney's overall duty of "full and frank disclosure" because the cause of action "belongs to the client, not the attorney," and it "must ultimately be the client's decision whether to settle or accept the risks of continued litigation." *Id.* at *5-6.

**C.    The Evidence Proves The Inadequacy Requisite Cannot Be Satisfied.**

No class may be certified unless the Court affirmatively concludes that the plaintiff will "fairly and adequately represent the interests of the class." Fed.R.Civ.P. 23(a)(4). The adequacy requisite mandates evaluation of the

---

³The commentary to Rule 3-510 further provides that "[a]ny oral offers of settlement made to the client in a civil matter should also be communicated if they are 'significant' for purposes of Rule 3-500." *Id.*

competency of class counsel, and a determination of whether they have carried out the fiduciary duties that they owe to the class in an ethical manner. *See, e.g., Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 626 fn.20 (1997) ("The adequacy heading also factors in competency and conflicts of class counsel"); *Radcliffe v. Experian Information Solutions, Inc.*, 715 F.3d 1157, 1167 (9th Cir. 2013) (holding "[c]lass counsel has a fiduciary duty to the class as a whole" and finding that ethical violations rendered class counsel inadequate).

Where class counsel has engaged in unethical misconduct it creates "serious doubt that counsel will represent the class loyally" and "requires denial of class certification." *Kulig v. Midland Funding, LLC*, 2014 WL 5017817, at *3-6 (S.D.N.Y. Sept. 26, 2014); *see also Radcliffe v. Experian Info. Solutions*, 715 F.3d 1157, 1167-68 (9th Cir. 2013); *Creative Montessori Learning Centers v. Ashford Gear LLC*, 662 F.3d 913, 918 (7th Cir. 2011); *Friedman-Katz v. Lindt & Sprungli (USA), Inc.*, 270 F.R.D. 150, 161 (S.D.N.Y. 2010); 7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 1769.1 (3d ed. 2012). Indeed, in *Radcliffe*, the Ninth Circuit concluded that class counsel had violated the California Rules of Professional Conduct and, thus, "was not adequate and could not settle the case on behalf of the absent class members." 715 F.3d at 1167-68.

While the need to avoid unethical conduct to be deemed class counsel applies in every court, its relevance is heightened here because "The United States District Court for the Southern District of California is committed to the highest standards of professionalism and expects those standards to be observed by lawyers who practice before it." Local Civil Rule 83.4(a). And, this Court has expressly recognized that "[c]ompliance with high standards of professionalism depends primarily upon understanding the value of clients …" *Id.*

Here, Plaintiffs' sworn testimony is unequivocal and proves that counsel for Plaintiffs did not a convey a written settlement offer made by FCA US to Plaintiffs

at any point during the almost one month period that the offer was open and valid. *See* § II.B, *supra*. Not only does this failure demonstrate a complete lack of understanding of the value of a client, it shows Plaintiffs' counsel's willingness to place their own pecuniary interests over those of their client (and the class), and their willingness to usurp each of their client's fundamental right to make decisions regarding his own case. This is the exact conduct that the State Bar condemned in *Yagman*.

Where attorneys have engaged in an ethical violation involving a failure to communicate a settlement offer, courts have consistently found that class certification must be denied due to a lack of adequacy. *See, e.g.*, *Kulig*, 2014 WL 5017817, at *3-6 (class certification denied where evidence showed that plaintiffs' counsel failed to communicate settlement offer); *Krim v. pcOrder.com, Inc.*, 210 F.R.D. 581, 589-91 (W.D. Tex. 2002) (same); *Byes v. Telecheck Recovery Servs., Inc.*, 173 F.R.D. 421, 427-29 (E.D. La. 1997) (same); *see also Abraham v. Volkswagen of Am., Inc.*, 1991 WL 89917, at *5-7 (W.D.N.Y. Mar. 11, 1991) (sanctioning plaintiffs' counsel who failed to communicate offer in order "to protect the integrity of the judicial process and the class action device").

A case of particular note is *Kulig*, where the named plaintiff testified at her deposition that she was "unaware that defendants had made any settlement offers within the past two months," even though two such offers had in fact been made. 2014 WL 5017817 at *4. The plaintiff's attorney in *Kulig* attempted to justify his conduct by arguing that there was "no point" in communicating the settlement offers because the defendant had not yet responded to plaintiff's discovery requests. *Id.* But, the New York Rules of Professional Conduct (just like the California Rules of Professional Conduct) specifically require settlement offers to be communicated to the client "promptly." *Id.* Faced with this clear ethical violation, the *Kulig* court concluded that plaintiff's counsel could not adequately represent the class, and thus no class could be certified:

**FCA US LLC'S MEMORANDUM OF POINTS AND AUTHORITEIS
IN SUPPORT OF ITS MOTION TO DENY CLASS CERTIFICATION**

> Misconduct by class counsel that creates a serious doubt that counsel will represent the class loyally requires the denial of class certification…. It may be that an evaluation of the strength of the case against Midland must await review of document production, but Ms. Kulig…ought to be capable of evaluating an early offer and deciding whether to reject it out of hand or to make a counter offer. ***It is Ms. Kulig's decision to make, not her counsel's***…. [N]othing in the Rules prevents a client, such as Ms. Kulig, from deciding to settle in the face of a satisfactory offer. Ms. Kulig was deprived of the opportunity to make that decision.
>
> * * *
>
> Here, the main provision of the NYRPC at issue—Rule 1.4—goes to the core of whether counsel will adequately represent the class. Counsel's representation in his reply brief reveals a fundamental misunderstanding regarding a bedrock, mandatory professional duty applicable to any attorney-client relationship. ***The discussion and evaluation of settlement offers is perhaps the single most significant point of contact between class counsel and a class representative throughout the pendency of the action*** … For the foregoing reasons, this Court concludes that Kulig has failed to demonstrate that her counsel would serve as an adequate class counsel in this case.

*Id.* at *3-6 (emphasis added). Plaintiff's counsel in *Kulig* then moved for reconsideration of the finding on adequacy, arguing that his failure to communicate the settlement offers was "inadvertent" and had not prejudiced the class. *Kulig v. Midland Funding, LLC*, 2014 WL 6769741, at *4-5 (S.D.N.Y. Nov. 20, 2014). The court rejected that excuse, explaining that ***"even an unintentional failure to convey a settlement offer is not the hallmark of a lawyer who takes seriously his obligation to communicate with his client."*** *Id.* (emphasis added).

The court in *Byes* expressed a similar rationale when it denied class certification due to, *inter alia*, the failure to satisfy the adequacy requisite:

> Breeden admits that the defendants' written settlement offer in the amount of $15,000 was not copied or communicated to Byes … 'The absolute obligation to communicate, effectively and accurately, the terms of any offer of settlement for the client's decision is a duty which a lawyer owes to his adversaries and the court as well as to his clients. ***Breach of this obligation should be viewed as "a blatant disregard of the rules and regulations which permit the judicial machinery to function smoothly."***

173 F.R.D. at 428 (emphasis added) (*quoting Deadwyler v. Volkswagen of Am., Inc.*, 134 F.R.D. 128, 140 (W.D.N.C. 1991)).

The evidence here proves that the adequacy requisite of Rule 23(a)(4) cannot be satisfied. This evidence comes in the form of the sworn testimony of Plaintiffs which proves, beyond all doubt, that Plaintiffs' counsel have breached their ethical obligation to convey settlement offers to their clients. As such they are inadequate. As one court has noted, "[n]o type of misbehavior by an attorney is more universally and categorically condemned, and is therefore more inherently in 'bad faith,' than the failure to communicate offers of settlement." *Deadwyler*, 134 F.R.D. at 139-41. Accordingly, this Court should enter an order denying class certification.[4]

---

[4] These ethical violations by Plaintiffs' counsel are by no means the only evidence of their inadequacy. By way of example only, Plaintiff Tavitian has admitted that his verified discovery responses contain a multitude of inaccuracies, and he struggled to explain why the responses prepared by his attorneys repeatedly misrepresent the issues with regard to his vehicle. *See* Wisniewski Decl., at Exhibit A, pp. 169:3-177:14. Nor is this the first time that Plaintiffs' counsel's settlement tactics have been questioned in a class action. *See Klee v. Nissan N. Am., Inc.*, Case No. CV12-08238 (C.D.Cal.), Docket No. 50, at pp. 2-3 & *passim* (the Honorable Judge Kozinski objecting to proposed class action settlement

## IV. CONCLUSION

For the reasons set forth herein, the Court should find the adequacy requisite of Rule 23(a)(4) cannot be satisfied, and, consequently, grant FCA US LLC's Motion to Deny Class Certification.

Dated: May 19, 2017　　　　　　**HIGGS FLETCHER & MACK LLP**

By:　_/s/ Edwin Boniske_
William M. Low (Bar No. 106669)
Edwin Boniske (Bar No. 265701)

**THOMPSON COBURN LLP**
Kathy A. Wisniewski
Stephen A. D'Aunoy
Thomas L. Azar, Jr.

_Attorneys for FCA US LLC_

---

negotiated by Plaintiffs' counsel, and challenging settlement as "a sham," "bogus," "a betrayal of the class," and "easy money for Plaintiffs' counsel, who have clearly placed their interests above those of the class to whom they owe fiduciary duties").

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served on May 19, 2017 on all counsel of record, who are deemed to have consented to electronic service via the Court's CM/ECF system per Civ.L.R. 5.4(d).

By: */s/ Edwin Boniske*
Edwin Boniske (Bar No. 265701)