| | |
|---|---|
| 1 | William M. Low (Bar No. 106669) |
| | wlow@higgslaw.com |
| 2 | Edwin Boniske (Bar No. 265701) |
| | boniske@higgslaw.com |
| 3 | HIGGS FLETCHER & MACK LLP |
| | 401 West "A" Street, Suite 2600 |
| 4 | San Diego, CA  92101-7913 |
| 5 | Telephone:   (619) 236-1551 |
| | Facsimile:    (619) 696-1410 |
| 6 | |
| 7 | Kathy A. Wisniewski (admitted *pro hac vice*) |
| | kwisniewski@thompsoncoburn.com |
| 8 | Stephen A. D'Aunoy (admitted *pro hac vice*) |
| | sdaunoy@thompsoncoburn.com |
| 9 | Thomas L. Azar, Jr. (admitted *pro hac vice*) |
| | tazar@thompsoncoburn.com |
| 10 | THOMPSON COBURN LLP |
| | One US Bank Plaza |
| 11 | St. Louis, Missouri  63101 |
| 12 | Telephone:   (314) 552-6000 |
| | Facsimile:    (314) 552-7000 |
| 13 | |
| 14 | *Attorneys for Defendant FCA US LLC* |

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CARLOS VICTORINO, *et al.* | Case No.  3:16-cv-01617-GPC-JLB |
| Plaintiffs, | **FCA US LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS *EX PARTE* MOTION TO STRIKE PLAINTIFFS' RESPONSES TO STATEMENT OF UNDISPUTED MATERIAL FACTS AND TAREK H. ZOHDY DECLARATION** |
| v. | |
| FCA US LLC, | |
| Defendant. | |
| | Complaint Filed:   June 24, 2016 |
| | Trial Date:          None Set |
| | Hearing Date:      n/a |
| | Time:                 n/a |
| | Courtroom:         2D |
| | Judge:                Hon. Gonzalo P. Curiel |

## I. INTRODUCTION

During the briefing on FCA US LLC's pending motion for summary judgment, Plaintiffs apparently submitted two documents "under seal" to the Court that were not properly filed, and which were not contemporaneously served on FCA US: (1) Plaintiffs' Responses to Defendant's Statement of Undisputed Material Facts in Support of Summary Judgment ("Plaintiffs' SOF Response"); and (2) the Declaration of Tarek H. Zohdy in Support of Plaintiffs' Opposition to Defendant's Motion for Summary Judgment and in Support of Plaintiffs' Request for Rule 56(d) Relief ("the Zohdy Declaration").[1]

For the reasons set forth below, these documents are procedurally and substantively improper, and thus should be stricken. FCA US brings this motion *ex parte* because the issues raised herein directly affect the Court's consideration of the motion for summary judgment, which is already fully briefed and scheduled for oral argument on June 16, 2017. *See* Dkt. No. 51. The parties met and conferred on this issue on June 6, and FCA US has provided Plaintiffs with notice of its intent to file this *ex parte* motion to strike. *See below*, p. 8.

## II. FACTUAL BACKGROUND

FCA US filed its motion for summary judgment on April 17, 2017. Dkt. No. 50. The Court then entered an order setting a briefing schedule that required any opposition by Plaintiffs to be filed by May 12, 2017, and any reply by FCA US to be filed by May 26, 2017. Dkt. No. 51.

On May 12, 2017, Plaintiffs publicly filed redacted copies of their summary judgment opposition brief, declarations by Karen Wallace and Michael Stapleford (and attached exhibits), and a counter statement of material facts. Dkt. No. 55. That same day, Plaintiffs lodged these documents ***and apparently others*** as well

---

[1] Plaintiffs' SOF Response and the Zohdy Declaration are attached, respectively, as Exhibits D and E to the Declaration of Thomas L. Azar, Jr., filed herewith.

1

with the Court under seal. *See* Dkt. No. 54. The documents lodged with the Court under seal were not viewable by FCA US.

When Plaintiffs made their public redacted filings on May 12, 2017, they failed to serve FCA US with unredacted copies of them. Accordingly, on May 15, 2017, FCA US contacted Plaintiffs to request unredacted copies of the materials. Declaration of Thomas L. Azar, Jr. ("Azar Decl."), ¶ 4. The request was complied with later that day via email service. *Id.* at ¶ 5. However, Plaintiffs did not serve FCA US with the "other" documents they had apparently lodged with the Court under seal, *i.e.,* Plaintiffs' SOF Response and the Zohdy Declaration. *Id.*

FCA US filed its reply brief in support of summary judgment on May 26, 2017, completing the briefing on its summary judgment motion. *See* Dkt. No. 65. Almost a week after this filing, on June 1, 2017, Plaintiffs contacted FCA US, stating that two documents had been lodged with the Court under seal on May 12, 2017, but had never been served on FCA US in any manner.[2] Azar Decl., ¶ 6. Later that day, Plaintiffs sent FCA US an email with Plaintiffs' SOF Response and the Zohdy Declaration. *Id.* at ¶ 7.

### III. ARGUMENT

**A.    The Untimely Documents Should Be Rejected by the Court.**

To survive a motion for summary judgment, Plaintiffs were required to set forth specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). If Plaintiffs wished to dispute any of the facts set forth in FCA US's Statement of Undisputed Material Facts (Dkt. No. 50-2), they needed to file a response, identify the specific facts

---

[2] Plaintiffs have since sought to have the documents unsealed. *See* Plaintiffs' Motion to Withdraw, Dkt. No. 68. In doing so, Plaintiffs represented to the Court that FCA US "would not oppose Plaintiffs' request to unseal the documents." Dkt. No. 68, p. 3. But, what FCA US's counsel actually said was that it would not oppose a motion to unseal (since there is no reason the two documents at issue should be sealed), but that FCA US did not consider the documents to be properly or timely filed or served, and they should not be considered by the Court when deciding FCA US's motion for summary judgment. *See* Azar Decl., ¶ 11.

2

FCA US LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS *EX PARTE* MOTION TO STRIKE
PLAINTIFFS' RESPONSES TO STATEMENT OF UNDISPUTED MATERIAL FACTS AND TAREK H. ZOHDY DECLARATION

being disputed, and proffer "evidence on which the jury could reasonably find for [them]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). If Plaintiffs wished to seek a delay to conduct further discovery, they needed to file an affidavit or declaration setting forth the particular facts they expected to develop from further discovery, and explain how those facts would preclude summary judgment. Fed. R. Civ. P. 56(d); *see also Pac. Coast Metal Trades Dist. Council*, 817 F.2d 1391, 1395 (9th Cir. 1987).

The failure to timely file and serve such materials is a waiver, and untimely filings are properly ignored by the Court. *See, e.g.*, *Rogers v. Grijalva*, 2013 WL 5492530, at *4 (E.D. Cal. Oct. 1, 2013) (accepting defendants' statement of facts as true and granting summary judgment where "Plaintiff failed to file a … statement admitting or denying the facts as set forth by Defendants"); *Cook v. Allstate Ins. Co.*, 337 F. Supp. 2d 1206, 1209 (C.D. Cal. 2004) (denying plaintiff's request for delay to conduct further discovery where the declaration required by Rule 56(d) was not filed); *see also Baker v. Ensign*, 2015 WL 5568044, at **1-2 (S.D. Cal. Sept. 22, 2015) (sustaining defendants' objection to summary judgment opposition that was filed seven days late, refusing to consider arguments raised by plaintiff therein, and granting defendants' motion).[3]

Plaintiffs' SOF Response and the Zohdy Declaration were never properly filed or served. Indeed, they were not provided to FCA US until a week after its reply brief was filed, which was after all briefing on the summary judgment motion had concluded. They should therefore be stricken by the Court.

B. **Plaintiffs' Response To FCA US's Statement of Facts Is Improper.**

Even if this Court were inclined to ignore the improprieties engaged in by Plaintiffs, it should still disregard the response to the Statement of Facts. Disputing

---

[3] The Court's authority to strike untimely or improper documents is beyond dispute. *See, e.g., Sierra Pac. Indus. v. U.S. Dept. of Agriculture*, 2012 WL 245973, at *3 (E.D. Cal. Jan. 25, 2012) (collecting cases).

3

FCA US LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS *EX PARTE* MOTION TO STRIKE
PLAINTIFFS' RESPONSES TO STATEMENT OF UNDISPUTED MATERIAL FACTS AND TAREK H. ZOHDY DECLARATION

a fact on summary judgment requires more than argument or supposition; it requires actual *evidence*. *See, e.g.*, *Cooper v. United Air Lines, Inc.*, 82 F. Supp. 3d 1084, 1104 (N.D. Cal. 2015) ("Plaintiff cannot create a dispute of material fact without any evidence that actually creates a dispute"). Here, Plaintiffs' SOF Response proffers no such evidence. It is nothing more than an attempt by Plaintiffs to manufacture a series of imaginary "disputes" that simply do not exist.

For example, Plaintiffs "dispute" five direct quotes from the warranties applicable to all 2013 and 2014 model-year Dodge vehicles (including, of course, Plaintiffs' vehicles). Azar Decl., ¶ 9, Ex. D, Pls.' SOF Response, ¶¶ 2-3, 21-23. Plaintiffs bizarrely object that each quote "is supported by a document produced by FCA," and then argue that the warranty booklet quoted "has not been properly authenticated." *See id.* at ¶ 3. In actuality, all of the exhibits submitted by FCA US were authenticated in the Declaration of Stephen D'Aunoy, which was submitted by FCA US along with its summary judgment motion. Dkt. No. 50-3, ¶¶ 3, 10. Moreover, Plaintiffs have apparently forgotten that they themselves produced Victorino's own warranty booklet during discovery,[4] and that booklet contains all of the same quoted provisions that Plaintiffs now disingenuously claim are "disputed." Azar Decl., ¶ 13. By challenging the authenticity of a warranty that Plaintiffs themselves produced in discovery, and thus obviously know to be authentic, it is highly questionable whether Plaintiffs have complied with the duty of candor they owe to this Court. *See, e.g.*, Cal. Bus. & Prof. Code, § 6068(d).

Plaintiffs likewise fail to be candid with this Court when they dispute the "authenticity" of a July 2016 repair invoice for Tavitian's vehicle. Azar Decl., ¶ 9, Ex. D, Pls.' SOF Response, ¶ 34. That record was, of course, properly authenticated by declaration. *See* Dkt. No. 50-3, ¶ 14. More importantly, Plaintiffs

---

[4]Tavitian either lost or refused to produce the warranty information booklet that came with his vehicle but, as shown by FCA US's exhibits, the relevant warranty provisions for all model-year 2013 and 2014 Dodge Darts are the same. *See* Dkt. No. 50-2, ¶¶ 2-3, 21-23.

4

FCA US LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS *EX PARTE* MOTION TO STRIKE
PLAINTIFFS' RESPONSES TO STATEMENT OF UNDISPUTED MATERIAL FACTS AND TAREK H. ZOHDY DECLARATION

have repeatedly cited and relied upon that exact same repair record (FCA US's Exhibit M) as part of their own opposition to summary judgment. *See, e.g.*, Dkt. No. 55, pp. 10, 16.

Plaintiffs also, inexplicably "dispute" many of FCA US's stated facts, but then immediately do an about-face and admit the exact fact they just said they are "disputing." For example, FCA US Statement of Fact No. 14 states that "Victorino's clutch master cylinder has never been replaced or repaired." Dkt. No. 50-2, ¶ 14. Plaintiffs' response, in its entirety, is as follows:

> ***Disputed.*** FCA's "fact" is argumentative and assumes facts not in evidence. ***Plaintiff Victorino's clutch master cylinder has not yet been replaced.*** Documents provided to Plaintiff Victorino by authorized FCA personnel do not definitively exclude problems or "repairs" with the clutch master cylinder.

Azar Decl., ¶ 9, Ex. D, Pls.' SOF Response, ¶ 14 (emphasis added). Likewise, Plaintiffs' response to Statement of Fact No. 11 ("Victorino's flywheel was replaced at no charge") purports to "dispute" but then admits the exact fact identified:

> ***Disputed.*** FCA's "fact" is inaccurate to the extent that it is argumentative and assumes facts not in evidence. ***Authorized personnel replaced the flywheel at "no charge" to Plaintiff Victorino.***

*Id.* at ¶ 11 (emphasis added). Plaintiffs' SOF Response is replete with numerous other examples of denials that really deny nothing when closely read. *See, e.g.*, *id.* at ¶¶ 8-9, 13, 15, 18, 25-28, 30, 32, 35.

Plaintiffs know they cannot dispute these or the other facts submitted by FCA US, so they turn to word games in an apparent attempt to confuse the Court. For example, when FCA US summarizes a document, Plaintiffs claim the

underlying fact is "disputed" and "inaccurate to the extent it paraphrases and thus misstates the document." *See, e.g., id.* at ¶ 24.  Yet, they do not identify anything that is actually misstated.  When FCA US quotes from a document, Plaintiffs dispute that too, complaining that the quote "fails to mention" other, irrelevant information. *See, e.g., id.* at ¶ 33.  When FCA US quotes from Plaintiffs' own discovery responses, Plaintiffs claim that these are somehow not "admissions." *See, e.g., id.* at ¶¶ 18, 37.  And, faced with the undeniable fact that Tavitian tampered with (and actually replaced) the odometer in his vehicle, Plaintiffs argue that responding would "violate[] Plaintiff Tavitian's Due Process rights pursuant to the Fourteenth Amendment of the United States Constitution." *Id.* at ¶ 29.  Apparently, Plaintiffs thought that sounded better than just asserting Tavitian's rights under the Fifth Amendment.

What Plaintiffs were required to do, but have failed to do, is provide actual evidence showing there is some genuine issue of fact for trial. *Taylor*, 880 F.2d at 1045; *Cooper*, 82 F. Supp. 3d at 1104.  Accordingly, for this reason too, Plaintiffs' SOF Response is improper and should be stricken.

C. **The Zohdy Declaration Is Also Deficient.**

The Zohdy Declaration is not only untimely, but utterly fails to satisfy the requirements of Rule 56(d).  A party seeking relief under Rule 56(d) must show: (1) "it has set forth in affidavit form the ***specific facts*** it hopes to elicit from further discovery"; (2) "the facts sought exist"; and (3) "the sought-after facts are essential to oppose summary judgment." *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008) (emphasis added); *see also* Fed. R. Civ. P. 56(d).  It must also "demonstrate that allowing additional discovery would … preclude[] summary judgment." *Bank of Am., NT & SA v. PENGWIN*, 175 F.3d 1109, 1118 (9th Cir. 1999).

The Zohdy Declaration comes nowhere close to satisfying these requirements.  It simply argues that Plaintiffs need additional time to "review and

analyze [a] voluminous document production" they received in April, to take various depositions, and to "meet and confer" on a subpoena to a third party. Azar Decl., ¶ 10, Ex. E, Zohdy Decl., ¶ 38. Plaintiffs even complain that (at the time) FCA US had not yet inspected one of Plaintiffs' own vehicles. *Id.* at ¶ 4. Rather than setting forth specific facts that further discovery will elicit, Plaintiffs offer a list of general topics they would like to explore, such as "the history of the alleged defect," "whether [other] customers continued to complain about the alleged defect after FCA's corrective actions," and "what involvement third parties have, if any." *Id.* at ¶ 40. Plaintiffs claim, without any explanation, that additional discovery into these broad topics will "further confirm the existence of the Clutch System defect and its impact on Plaintiffs' vehicles." *Id.* Notably, Plaintiffs do not even explain whether the additional discovery sought relates to the defect actually alleged in the operative Complaint (prematurely wearing seals in the clutch master cylinder), or whether it instead goes to the brand-new defect their "expert" first raised in response to FCA US's summary judgment motion (a "wobbling" slave cylinder).

      This Court has routinely, and correctly, rejected similarly vague Rule 56(d) applications. *See, e.g.*, *Abbit v. ING USA Annuity & Life Ins. Co.*, 2017 WL 2123616, at **22-23 (S.D. Cal. May 16, 2017) (rejecting Rule 56(d) application where the plaintiff simply recited a similar list of "broad and nonspecific" topics, rather than "specific facts" that would require the denial of defendant's summary judgment motion). Furthermore, the summary judgment motion now before the Court is narrowly focused on two specific issues: (1) whether ***there is any evidence of the defect actually alleged in the operative Complaint***; and (2) whether that defect caused the need for Plaintiffs to seek repairs of their own vehicles. *See* Dkt. No. 50-1, pp. 1, 7-11. The evidence on those issues is the vehicles themselves, the records of the repairs they received, and any parts that were repaired or replaced—*i.e.*, evidence that is already available to Plaintiffs, and sitting in their own files or garages. *See Abbit*, 2017 WL 2123616, at *22 (no delay

7

under Rule 56(d) was warranted where evidence and facts on the issue presented were "within Plaintiff's control").

The Zohdy Declaration should be stricken because it is not only untimely, it fails to satisfy the requirements of Rule 56(d).

### III.  FCA GAVE TIMELY NOTICE OF THIS *EX PARTE* MOTION

On June 6, 2017, FCA US's counsel and Plaintiffs' counsel participated in a telephone conference to discuss Plaintiffs' failure to properly file or serve these documents. Azar Decl., ¶ 11. Pursuant to CivLR 83.3(g)(2), on June 7, 2017, at approximately 7:20 a.m. (pacific), FCA US's counsel emailed Plaintiffs' counsel (Jordan Lurie, Tarek Zohdy, Cody Padgett, and Karen Wallace), informed them of FCA US's intent to file this *ex parte* motion before the close of business that day, and explained the basis for the motion. *Id.* at ¶12.

### IV.  CONCLUSION

For the reasons set forth herein, Defendant FCA US LLC respectfully requests that this Court strike Plaintiffs' Responses to Defendant's Statement of Undisputed Material Facts in Support of Summary Judgment; and the Declaration of Tarek H. Zohdy in Support of Plaintiffs' Opposition to Defendant's Motion for Summary Judgment and in Support of Plaintiffs' Request for Rule 56(d) Relief.

Dated:  June 7, 2017       **HIGGS FLETCHER & MACK LLP**

By:  */s/ Edwin Boniske*
William M. Low (Bar No. 106669)
Edwin Boniske (Bar No. 265701)

**THOMPSON COBURN LLP**
Kathy A. Wisniewski
Stephen A. D'Aunoy
Thomas L. Azar, Jr.

*Attorneys for FCA US LLC*

FCA US LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS *EX PARTE* MOTION TO STRIKE
PLAINTIFFS' RESPONSES TO STATEMENT OF UNDISPUTED MATERIAL FACTS AND TAREK H. ZOHDY DECLARATION

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was served on June 7, 2017 on all counsel of record, who are deemed to have consented to electronic service via the Court's CM/ECF system per Civ.L.R. 5.4(d).

By: *\/s/ Edwin Boniske*
Edwin Boniske (Bar No. 265701)