# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS VICTORINO and ADAM TAVITIAN, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br>v.<br><br>FCA US LLC, a Delaware limited liability company,<br><br>Defendant. | CASE NO. 16cv1617-GPC(JLB)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DENY CLASS CERTIFICATION**<br><br>[Dkt. No. 58.] |

Before the Court is Defendant's motion to deny class certification filed on May 19, 2017. (Dkt. No. 58.) Plaintiffs filed an opposition on June 16, 2017. (Dkt. No. 103.) On June 30, 2017, Defendant filed a reply. (Dkt. No. 105.) After a review of the briefs, the applicable law and supporting documentation, the Court DENIES Defendant's motion to deny class certification.[1]

## Background

Plaintiffs Carlos Victorino ("Victorino") and Adam Tavitian ("Tavitian") (collectively "Defendants") bring this purported first amended class action complaint

---

[1] On July 11, 2017, Plaintiffs filed an ex parte motion for leave to file a sur-reply. (Dkt. No. 111.) Defendant filed an opposition to the ex parte motion. (Dkt. No. 114.) The Court DENIES Plaintiffs' ex parte motion as not necessary as the issues have been briefed and Plaintiffs' improperly attempt to raise a new analysis of disqualification that was not raised in any prior brief.

based on defects in the 2013-2016 Dodge Dart vehicles equipped with a Fiat C635 manual transmission that cause the vehicles' clutches to fail and stick to the floor. (Dkt. No. 104, FAC ¶¶ 1, 2.) As a result, the vehicles equipped with the defective manual transmission "exhibit stalling, failure to accelerate, and premature failure of the Clutch System's components, including the clutch master cylinder and reservoir hose, clutch slave cylinder and release bearing, clutch disc, pressure plate, and flywheel . . . ." (Id. ¶ 2.) Defendant FCA US LLC ("Defendant") designs, manufactures, markets, distributes, services, repairs, sells and leases passenger vehicles, including Plaintiffs' vehicles. (Id. ¶ 52.)

On February 13, 2017, defense counsel emailed Plaintiffs' attorneys, Jordan Lurie and Tarek Zohdy, with the subject line "Settlement" where Defendant offered to pay the two plaintiffs in the DeCoteau[2] case and the two plaintiffs in the Victorino case $10,000 each for a total of $40,000 total. The offer was contingent on acceptance by all four plaintiffs in both cases. (Dkt. No. 105-1, Wisniewski Decl., Ex. D.) The settlement offer was made in response to a $10,000 demand for an individual settlement made by Plaintiffs' counsel in the DeCoteau . (Id., Exs. A-C.) Defendant agreed to accept the demand made in DeCoteau contingent upon acceptance of the settlement by all four plaintiffs in DeCoteau and this case.

When Plaintiffs' counsel never responded to the offer, it was withdrawn over a month later on March 10, 2017 due the start of discovery. (Dkt. No. 58-2, Wisniewski Decl. ¶ 7.) When Tavitian and Victorino were deposed in April 2017, they indicated they were not aware of a settlement offer made by Defendant to resolve their claims (Dkt. No. 58-2, Wisniewski Decl., Ex A, Tavitian Depo. at 289:23-290:5; 290:11-16; Ex. B., Victorino Depo. at 165:14-24; 166:11-24.)

/ / / /

---

[2] Plaintiffs' counsel also represents two plaintiffs an unrelated putative class action against FCA for an alleged car defect in DeCoteau v. FCA US LLC, No. 2:15cv0020-MCE(EFB) (E.D. Cal.).

**Discussion**

In the instant motion, Defendant moves to deny class certification arguing that the adequacy requirement for class certification pursuant to Federal Rule of Civil Procedure ("Rule") 23(a)(4) cannot be satisfied because Plaintiffs' counsel violated their ethical obligation under California Rules of Professional Conduct 3-510 by failing to communicate to Plaintiffs the settlement offer made by Defendant. It contends that Plaintiffs' counsel's failure to communicate the settlement offer demonstrates they will act in the same unethical manner throughout the litigation. In response, Plaintiffs argue that their counsel had no obligation to communicate Defendant's settlement offer to them because it was not a valid settlement offer as it was made contingent upon acceptance of the settlement by plaintiffs in a separate, distinct case in DeCoteau.

Rule 23 "does not preclude a defendant from bringing a 'preemptive' motion to deny certification." Vinole v. Countrywide Home Loans, Inc., 571 F.3d 935, 939 (9th Cir. 2009); Fed. R. Civ. P. 23(c)(1)(A) (a court must determine whether to certify a class action "[a]t an early practicable time."). Rule 23(a) establishes four requirements for class certification: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. Fed. R. Civ. P. 23(a). Rule 23(a)(4) requires "that the representative parties will fairly and adequately protect the interests of the class." Id. Although Defendant filed the motion to deny certification, Plaintiffs have the burden to establish that the class certification requirements under Rule 23 have been met. Spagnola v. Chubb Corp., 264 F.R.D. 76, 92 (S.D.N.Y. 2010) ("Even though the issue of class certification [ ] comes before the Court on Defendants' motion, the burden remains on Plaintiffs to prove that each of the required elements for class certification under Rule 23 has been satisfied."); Zulewski v. Hershey Co., No. CV 11-5117-KAW, 2013 WL 1748054, at *1 (N.D. Cal. Apr. 23, 2013) (same).

In analyzing whether Rule 23(a)(4) has been met, the Court must ask two questions: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute

the action vigorously on behalf of the class?" <u>Evon v. Law Offices of Sidney Mickell</u>, 688 F.3d 1015, 1031 (2012) (quoting <u>Hanlon v. Chrysler Corp.</u>, 150 F.3d 1011, 1020 (9th Cir. 1998)). The adequacy of counsel is also considered under Rule 23(g). See Fed. R. Civ. P. 23(g); <u>Baumann v. Chase Inv. Servs. Corp.</u>, 747 F.3d 1117, 1122-23 (9th Cir. 2014) (noting that "named plaintiff's and class counsel's ability to fairly and adequately represent unnamed [plaintiffs]" are "critical requirements in federal class actions under Rules 23(a)(4) and (g)").

In 2003, Congress added Rule 23(g) to guide the court's inquiry in the adequacy of proposed class counsel and does not introduce a new element into the class certification process. Fed. R. Civ. P. 23(g) advisory committee's note (2003) ("Rule 23(a)(4) will continue to call for scrutiny of the proposed class representative, while [subdivision (g) ] will guide the court in assessing proposed class counsel as part of the certification decision.") "Plaintiffs' failure to show adequacy of counsel under Rule 23(g) is effectively a failure to meet the adequate representation requirement of Rule 23(a)(4) for class certification." <u>Varela v. Indus. Prof'l and Techical Workers</u>, 2009 WL 10670788, at *3 (C.D. Cal. Oct. 29, 2009).

> Under Rule 23(g)(1), the court
> (A) must consider:
> (i) the work counsel has done in identifying or investigating potential claims in the action;
> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
> (iii) counsel's knowledge of the applicable law; and
> (iv) the resources that counsel will commit to representing the class;
>
> (B) may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class; . . .

Fed. R. Civ. P. 23(g)(1)(A) & (B).

Defendant does not address or challenge whether Plaintiffs can demonstrate the factors under Rule 23(g)(1)(A) or (B). Its analysis relies solely on Rule 23(a)(4) analysis addressing whether plaintiffs' counsel will "fairly and adequately represent the interests of the class." (Dkt. No. 58-1 at 6.) In opposition, Plaintiffs argue that their

counsel are adequate under the factors listed in Rule 23(g)(1)(A).

**A. Work Counsel Has Done in Identifying or Investigating Potential Claims and Resources that Counsel Will Commit to Representing the Class**

Plaintiffs' counsel assert that they have been consistently prosecuting the case since the beginning. They have investigated Plaintiffs' claims by propounding and responding to discovery and defending Plaintiffs' deposition. They have also retained highly regarded engineering and automotive industry experts to conduct testing to determine the nature and cause of the hydraulic clutch system failures, to investigate the sourcing and production of the components at issue and to investigate and test comparable clutch components designed by competitors of Defendant. They have also sought discovery from Defendant and from third party manufacturer Valeo. They also successfully opposed Defendant's motion to dismiss and motion for summary judgment. They continue to investigate the claims and have consulted with and retained additional experts.

Plaintiffs have demonstrated that their counsel have conducted substantial work in investigating the claims in this case. The complaint was filed on June 24, 2016. (Dkt. No. 1.) On November 1, 2016, the Court denied Defendant's motion to dismiss. (Dkt. No. 18.) A scheduling order was issued on January 10, 2017. (Dkt. No. 26.) Discovery disputes have been raised with the Magistrate Judge. (See e.g. Dkt. Nos. 33-47.) On June 14, 2017, the Court denied Defendant's motion for summary judgment with leave to file an amended complaint (Dkt. No. 96.) A first amended complaint was filed on June 19, 2017. (Dkt. No. 104.) The parties then sought to amend the dates in the scheduling order. (Dkt. No. 109.) Currently, discovery of class certification is ongoing with a deadline of October 18, 2017 to file a motion for class certification. (Dkt. No. 110.) The history of the case reveals that Plaintiffs' counsel have been diligently prosecuting the case with vigor and expended substantial resources in doing so. Accordingly, the factors under Rule 23(g)(1)(A)(i) and (iv) have been met. Although not addressed by the parties, counsel for Plaintiffs have knowledge of the applicable law as demonstrated by their prosecution of the case; therefore, Rule

23(g)(1)(A)(iii) has also been met.

### B. Counsel's Experience in Handling Class Action, Other Complex Litigation and the Types of Claims Asserted in the Action

Plaintiffs assert that their counsel are highly qualified and competent with significant experience litigating class actions. Since the firm's creation in 2012, it has obtained final approval of sixty class actions valued at over $100 million dollars. Specifically, they have substantial experience in automotive defect litigation, litigating about forty automotive defect class actions since 2012. The firm's resume states that the firm is a large labor and consumer law firm prosecuting complex employment and consumer actions with attorneys experienced in class actions cases. (Dkt. No. 103-1, Zohdy Decl., Ex. C.) The Court concludes that Plaintiffs' counsel has extensive experience in class actions, including in the areas of automotive defect class actions, and Rule 23(g)(1)(A)(ii) has been satisfied.

Since the factors under Rule 23(g)(1)(A) have been met, the Court next considers any other matters relevant to counsel's ability to represent the class fairly and adequately. See Rule 23(g)(1)(B).

### C. Rule 23(g)(1)(B) and Rule 23(a)(4)

Under Rule 23(g)(1)(B), the Court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Rule 23(g)(1)(B). Neither party has invoked this provision. Instead, Defendant cites to Rule 23(a)(4) that addresses whether the representative parties, including their counsel "will fairly and adequately protect the interests of the class." Both provisions use similar language; therefore, either provision may be used to address Defendant's argument concerning unethical conduct by Plaintiffs' counsel.

In this district, the Civil Local Rules provide that an attorney permitted to practice in this Court must "comply with the standards of professional conduct required of members of the State Bar of California, which are now adopted as standards of professional conduct of this court." Civ. Local R. 83.4(b).

> California Rules of Professional Conduct 3-510 provides that,
>
> (A) A member *shall* promptly communicate to the members' client:
> (1) All terms and conditions of any offer made to the client in a criminal matter; and
> (2) *All* amounts, terms, and conditions of *any* written offer of settlement made to the client in all other matters.

Cal. Rule of Prof. Conduct 3-510 (emphasis added); see also Cal. Bus. & Prof. Code § 6103.5(a) ("A member of the State Bar shall promptly communicate to the member's client all amounts, terms, and conditions of any written offer of settlement made by or on behalf of an opposing party.").

Defendant argues that Plaintiffs' counsel violated the California Rules of Professional Conduct 3-510 by failing to communicate its offer to Plaintiffs. In response, Plaintiffs contends that their counsel did not have to communicate Defendant's offer because the offer was not a valid one because contingent settlement offers are not valid under the state law's offers of judgment pursuant to California Code of Civil Procedure 998. Moreover, they contend that Plaintiffs testified that they would have rejected the offer. Lastly, Plaintiffs assert that the offer was invalid as a matter of law and did not have to be communicated because the offer was a litigation tactic that created an adverse, concurrent representation conflict.

First, there is no indication that Defendant's offer was an offer of judgment under section 998. Second, Defendant has not provided any legal authority that an attorney's duty to communicate a settlement offer to a client is contingent on the validity of an offer. Third, the validity of a settlement offer is distinct from communicating an offer. The Rules of Professional Conduct 3-510 states that "all" settlement offers must be communicated without providing a qualifier that the offer must be a valid or conflict free one. Even if the offer was invalid or created a conflict, it is the client's decision to determine whether to accept or reject such an offer. See Nehad v. Mukasey, 535 F.3d 962, 970 (9th Cir. 2008) ("Only the client, therefore, may decide whether to make or accept an offer of settlement."); Kulig v. Midland Funding, LLC, No. 13cv4715(PKC), 2014 WL 5017817, at *4 (S.D.N.Y. Sept. 26, 2014) (whether to accept or reject an early settlement offer was a decision for the class

representative to make, not her counsel's).  It is well established that an attorney in California has an obligation to communicate *all* settlement offers to his or her clients. See Cal. Rule of Prof. Conduct 3-510.  Moreover, in class action settlements class counsel "must discuss with the class representatives the terms of any settlement offered to the class." Manual for Complex Litigation, § 21.641 (4th ed. 2004).

The Court must determine whether Plaintiffs' counsel's failure to communicate a settlement offer justifies the denial of class certification based on counsel's inability to fairly and adequately protect the interests of the class.

Counsels' "unethical conduct, both before and during the litigation in question, is relevant to determining whether counsel is adequate under Rule 23." White v. Experian Information Solutions, 993 F. Supp. 2d 1154, 1170 (C.D. Cal. 2014) (citing Creative Montessori Learning Ctrs. v. Ashford Gear LLC, 662 F.3d 913, 918 (7th Cir. 2011). However, not every ethical violation constitutes inadequacy under Rule 23. Id. at 1171; see Kulig, 2014 WL 5017817, at *6 ("not every misstep by counsel warrants denial of class certification."). The "degree of unethical conduct justifying a finding of inadequacy is high, and often turns on counsel's integrity and candor." White, 993 F. Supp. 2d at 1171 (citations omitted).  There must be "serious doubt" on counsel's trustworthiness and no basis of confidence that they would prosecute the case in the interest of the class . . . rather than just in their interest as lawyers." Creative Montessorri, 662 F.3d at 917-18 ("Misconduct by class counsel that creates a serious doubt that counsel will represent the class loyally requires denial of class certification."). A court must evaluate the "seriousness of the conduct and the possibility of prejudice to the class. Kulig, 2014 WL 7017817, at *6. However, a court may deny class certification when serious doubts about the adequacy of counsel exist "when the misconduct jeopardizes the court's ability to reach a just and proper outcome in the case." White, 993 F. Supp. 2d at 1171 (harming the class is not necessarily a requisite to denying class certification).

In Creative Montessori, the Seventh Circuit vacated class certification and remanded the case for the district court to apply the proper legal standard. 662 F.3d at

918. The district court improperly applied the "only the most egregious misconduct" of class counsel in granting class certification and concluded that counsels' acts of misconduct should be brought before the bar authorities and their conduct did not affect their adequacy to represent the class. Id. at 917. Counsel improperly obtained materials from a third party "on the basis of a promise of confidentiality that concealed the purpose of obtaining the material, a purpose inconsistent with maintaining confidentiality and likely to destroy [the fax broadcaster's] business" and made a misrepresentation to the representative plaintiff that "there already was a certified class to which the school belonged." Id. at 917. The Seventh Circuit noted that this conduct casts serious doubt on counsel's trustworthiness as representatives of the class. Id. The court remanded to the district court to apply the misconduct that creates a "serious doubt" standard instead. Id. at 918 (citing Culver v. City of Milwaukee, 277 F.3d 908, 913 (7th Cir. 2002)).

Based on a review of the cases that have denied class certification, failure of counsel to communicate a settlement offer, itself, does not demonstrate inadequacy of counsel under Rule 23(a)(4) and Rule 23(g).

In Kulig, the district court denied the plaintiff's motion to certify the class concluding that class counsel would not adequately represent the interests of the class under Rule 26(g)(1)(B) as there were significant questions whether plaintiff's counsel understood his professional responsibilities to the plaintiff. Kulig, 2014 WL 5017817, at *3. Similar to this case, the plaintiff testified she was not aware that defendants had made any settlement offers or that her counsel made settlements offers on her behalf to the defendant. Id. at 4. Plaintiff's counsel conceded he did not communicate any offers to Kulig arguing that there was no point in mentioning the settlement offer when Defendant had not yet provided responses to discovery requests that counsel needed in order to evaluate the offer and advise Kulig about it. Id. Relying on the provisions of the New York Rules of Professional Conduct ("NYRPC Rule") requiring that a "lawyer shall . . . promptly inform the client of . . . material developments in the case including settlement or plea offers", the court explained that the NYRPC Rule "goes

to the core of whether counsel will adequately represent the class." Id. at *4, 6. "The discussion and evaluation of settlement offers is perhaps the single most significant point of contact between class counsel and a class representative throughout the pendency of the action. Moreover, in a civil matter the receipt of a settlement offer is the sole enumerated 'material development' of which an attorney is affirmatively required to promptly communicate something to a client." Id.

In addition to counsel's failure to communicate a settlement offer, the court also noted that a provision in Plaintiff's retainer agreement implying that a class representative accepting an individual settlement instead of a classwide settlement is a wrongful act was wrong. Id. at *5. Furthermore, the court noted that another court had noted counsel's troubling conduct in another class action case where in order to prevent the defendant from making a settlement offer of complete relief to the individual plaintiff, he filed an early motion to certify class and stay briefing pending discovery as to class issues before the defendant had answered. Id. at *6. In assessing counsel's conduct as a whole, the district court concluded that counsel would not be adequate class counsel in the case and denied the plaintiff's motion for class certification. Id.

In Byes, the district court denied class certification based on lack of typicality and also lack of adequacy as to the representative plaintiff because she did not have any familiarity with the case and also as to class counsel for their failure to communicate a settlement offer to the plaintiff. Byes v. Telecheck Recovery Servs., Inc., 173 F.R.D. 421, 427-28 (E.D. La. 1997). As to class counsel's failure to communicate a settlement offer, Plaintiff's attorney argued that he had no obligation to relay the settlement offer because it was a *de minimus* offer. Id. at 428. "This court finds that class counsel undertakes a responsibility to give the class representative sufficient information to participate intelligently in settlements and/or settlement negotiations, regardless of whether counsel believes the offer is *de minimis*, and to attempt to secure her authority to make settlement proposals on behalf of the class." Id. The court also found that the representative plaintiff was inadequate as she had a

substantial lack of knowledge about the case. Id. at 426-27.

Defendant also cites to Deadwyler v. Volkswagen of America, Inc., 134 F.R.D. 128, 139 (W.D. N.C. 1991) where the defendant moved to impose sanctions under Rule 11 for class counsel's admitted failure to communicate settlement offers and misrepresentations made to induce plaintiffs to participate in the action. In applying the Rule 11 sanctions standard, the Court noted that "[n]o type of misbehavior by an attorney is more universally and categorically condemned, and is therefore more inherently in 'bad faith,' than the failure to communicate offers of settlement." Id. at 140. This case highlights the importance an attorney's duty to communicate settlement offers.

In a footnote, Defendant points to other conduct by Plaintiffs' counsel to demonstrate their inadequacy to represent the class. (Dkt. No. 58-1 at 10.) First, they argue that Tavitian's deposition testimony reveals that his verified discovery responses contain a multitude of inaccuracies and he had difficulty explaining why the responses prepared by his attorneys repeatedly misrepresented the issues concerning his vehicle. (Dkt. No. 58-2, Wisniewski Decl., Ex. A at 169:3:177:14.) A review of the deposition transcript does not clearly indicate that class counsel misrepresented issues concerning Tavitian's vehicle. As to inaccuracies that the service repairs occurred in 2014 as opposed to 2012 as indicated in his responses, Tavitian noted it to be a typo or mistake. (See id.) Tavitian provided an explanation for the incorrect year in his discovery responses.

Second, Defendant claims that Plaintiffs' counsel's settlement tactics have been questioned in another automotive defect class action, Klee v. Nissan N. America., Inc., No. CV12-8238 (C.D. Cal.), by an objector, Ninth Circuit Judge Alex Kozinski and his wife, to a proposed class action settlement. (Id., Dkt. No. 50 at 33-36.) Judge Kozinski challenged Plaintiff's counsel's appointment as class counsel challenging the excessive $1.9 million attorney's fees in the proposed class action settlement. (Id.) However, after mediation, the Judge Kozinski and his wife withdrew their objections, (id., Dkt.

No. 139), and the district court approved the class action settlement including the $1.9 million in attorney's fees. (Id., Dkt. No. 170 at 30.) In Klee, despite the objection, the district court did not address or question Plaintiffs' counsel's conduct in the case. Therefore, these other acts of "misconduct" do not support Defendant's position.[3]

Here, Plaintiffs' counsel's failure to communicate Defendant's settlement offer was contrary to California Rule of Professional Conduct 3-510 which raises a question as to counsels' integrity and trustworthiness to represent the interests of the class. However, there were reasons, albeit incorrect, why Plaintiffs' counsel did not believe they needed to communicate the settlement offer. Based on the record to date, the Court cannot conclude that Plaintiffs' counsel's conduct creates a "serious doubt" on their integrity and trustworthiness as representatives for the class.

As noted by the new evidence of a potential new conflict of interest and solicitation issue raised in the reply, discovery on class certification is still ongoing. Therefore, at this early stage, the Court DENIES Defendant's motion to deny class certification subject to the adequacy of counsel being raised again in conjunction with Plaintiffs' motion for class certification where the Court will consider all Rule 23 factors.

/ / / /
/ / / /
/ / / /
/ / / /
/ / / /

---

[3] In reply, based on a deposition testimony taken on June 20, 2107, (Dkt. No. 105-1, Wisniewski Decl., Ex. G), Defendant raises another alleged unethical conduct of a potential conflict of interest and solicitation issue in a footnote of representing a witness in the case, Emad Salama, who is the mechanic who performed repairs on Tavitian's vehicle in 2016 and discarded the allegedly defective slave cylinder in Tavitian's vehicle that is essential to his new defect theory. (Dkt. No. 105 at 10 n.10.) The Court declines to address the new evidence raised in a reply since Plaintiffs were not given the opportunity to respond and this argument was not directly addressed in their *ex parte* request to file a sur-reply. See El Pollo Loco, Inc. v. Hashim, 316 F.3d 1032, 1040-41 (9th Cir. 2003) (indicating that the court may consider new issues raised on reply if it gives the opposition an opportunity to respond).

## Conclusion

Based on the reasoning above, the Court DENIES Defendant's motion to deny class certification.  The hearing date of July 28, 2017 shall be **vacated.**

IT IS SO ORDERED.

DATED:  July 25, 2017

HON. GONZALO P. CURIEL
United States District Judge