UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| CARLOS VICTORINO and ADAM TAVITIAN, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FCA US LLC, a Delaware limited liability company, ,<br><br>Defendant. | Case No.: 16cv1617-GPC(JLB)<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE A THIRD PARTY COMPLAINT**<br><br>**[Dkt. No. 121.]** |
|---|---|

Before the Court is Defendant FCA US LLC's motion for leave to file a third party complaint. (Dkt. No. 121.) Plaintiffs Carlos Victorino and Adam Tavitian filed an opposition on September 22, 2017. (Dkt. No. 125.) A reply was filed on September 29, 2017. (Dkt. No. 128.) Based on the reasoning below, the Court DENIES Defendant's motion for leave to file a third party complaint against J&E Auto Services, Inc.

## BACKGROUND

Plaintiffs Carlos Victorino ("Victorino") and Adam Tavitian ("Tavitian") (collectively "Defendants") bring this purported class action complaint based on defects in the 2013-2016 Dodge Dart vehicles equipped with a Fiat C635 manual transmission

1

that cause their vehicles' clutches to fail and stick to the floor. (Dkt. No. 104, FAC ¶¶ 1, 2.) Defendant FCA US LLC ("Defendant") designs, manufactures, markets, distributes, services, repairs, sells and leases passenger vehicles, including Plaintiffs' vehicles. (Id. ¶ 52.) Plaintiffs assert that the clutch pedal defect causes their vehicles to stall, fail to accelerate, and results in "premature failure of the transmission's components, including, but not limited to, the clutch master cylinder and reservoir hose, clutch slave cylinder and release bearing, clutch disc, pressure plate, and flywheel." (Id. ¶ 2.) Plaintiffs' causes of action are based on Defendant's failure to disclose and/or intentionally concealed the defect in the Clutch System. (Id. ¶¶ 99, 117.)

Tavitian purchased a 2013 manual-transmission Dodge Dart in late November 2012. (Dkt. No. 74, Ps' Response to SUMF, No. 20.[1]) He testified that within six months of purchasing the car, he noted something off about the clutch. (Dkt. No. 55-2, Wallace Decl., Ex. K, Tavitian Depo. at 103:6-14.) Every once in a while when he put his foot on the clutch, "it would either feel like it was a heavy clutch or when I took my foot off it would take a second to catch up, like hit my foot on the way up . . . ." (Id.)

In July 2014, when he was driving on the start of a steep incline on Interstate 5 called the "Grapevine", Tavitian's clutch stuck to the floor and he was forced to pull it up after each shift for over 50 miles. (Id., Ex. L at 72.) On July 7, 2014, Tavitian took his vehicle to Rydell Chrysler Dodge Jeep Ram . (Id.; Dkt. No. 50-13, D'Aunoy Decl., Ex. J at 3-6.) The service advisor described Tavitian's complaints as follows:

> CUSTOMER STATES CLUTCH KEEPS GETTING STUCK
> WILL NOT ALLOW CUSTOMER TO SHIFT BETWEEN GEARS AT TIMES
> CK AND ADVISE VEHICLE HAS MAX CARE COVERAGE
> CLUTCH MASTER CYLINDER LEAKING

(Dkt. No. 55-2, Wallace Decl., Ex. M at 78.) On July 8, 2014, the same service advisor wrote,

---

[1] The facts are taken from the Court's order on Defendant's summary judgment motion. (Dkt. No. 91.)

CUSTOMER STATES CLUTCH KEEPS GETTING STUCK.
SOP MASTER CYLINDER IS IN
MASTER CYLINDER LEAKING
REPLACED CLUTCH MASTER CYLINDER

(Dkt. No. 55-2, Wallace Decl., Ex. HH at 122.) Tavitian paid $298.33 for the repair. (Id.) Tavitian applied for reimbursement of the $298.33 pursuant to the January 2016 voluntary customer service action which provided an extended warranty for free repairs of the clutch master cylinder. (Dkt. No. 50-14, D'Aunoy Decl., Ex. L at 2.) His request for reimbursement was denied.

On March 4, 2015, the check engine light was on and the car was jerking so Tavitian took his car to Van Nuys Chrysler Dodge Jeep Ram and the clutch pedal switch was replaced. (Dkt. No. 125-1, Wallace Decl. ¶ 6.)

Over a year later, around July 9, 2016, Tavitian's vehicle clutch failed while driving to Palm Springs; it stuck to the floor and he wasn't able to pull it back up. (Dkt. No. 55-2, Wallace Decl., Ex. L at 72-73.) The car was towed to Glendale Dodge Chrysler Jeep indicating the issue as "clutch pedal stays on the floor and will not come (sic) back up." (Id. at 73; Dkt. No. 50-16, D'Aunoy Decl., Ex. M at 3-4.)

On July 11, 2016, Plaintiffs' counsel notified FCA about the failure and offered an inspection of the vehicle at the dealership. (Dkt. No. 125-1, Wallace Decl. ¶ 9.) On August 16, 2016, FCA performed an inspection and in order to determine the issue, authorized the dealer to replace the clutch master cylinder without a charge. (Id. ¶ 10.) Even after the dealer replaced the clutch master cylinder and the reservoir hose, and after bleeding the clutch lines, the clutch pedal was still stuck down. (Dkt. No. 50-16, D'Aunoy Decl., Ex. M at 3-4.) Then, after removing the transmission, it found the throw-out bearing coming apart and leaking, and after removing the clutch disc for inspection, it found the clutch worn out and there were signs of overheating. (Id.) Tavitian was told the whole clutch system had to be replaced for about $1,700.00. (Dkt. No. 55-2, Wallace Decl., Ex. L at 73; Dkt. No. 50-16, D'Aunoy Decl., Ex. M at 3-4.)

Tavitian declined repairs at the dealership. (Dkt. No. 55-2, Wallace Decl., Ex. L at 73.) Instead, on October 3, 2016, he brought his vehicle to J&E Auto Services, Inc. ("J&E") where Tavitian repeated what the dealership told him, that it needed a new pressure plate and throw-out bearing (slave cylinder). (Dkt. No. 125-1, Wallace Decl. ¶ 13.) J&E installed a new clutch set and new slave cylinder for $950.70. (Dkt. No. 55-2, Wallace Decl., Ex. N at 2.)

Emad Salama, the owner of J&E and a mechanic, testified that he could see brake fluid dripping from the transmission, which implicated the clutch slave cylinder. (Dkt. No. 125-1, Wallace Decl. ¶ 14.) He pulled out the transmission, replaced the clutch, and added brake fluid. (Id. ¶ 15.) Over the course of two weeks, J&E replaced multiple parts and also had to bleed the air out of the clutch system. (Id. ¶ 16.) A replacement part, an OEM slave cylinder, was purchased by J&E from Glendale Chrysler Dodge Jeep which J&E later reported as defective. (Id. ¶ 17.) Then the dealership refused to sell J&E another slave cylinder claiming that Tavitian's vehicle had been "red-flagged." (Id. ¶ 18.) J&E was unable to resolve the clutch issue and refunded Tavitian his money. (Id. ¶ 19.)

Tavitian continued to experience symptoms of a stuck clutch pedal and his car was towed to Russell Westbrook Chrysler Dodge Jeep Ram on January 24, 2017. (Dkt. No. 55-2, Wallace Decl., Ex. O.) The technician reconnected the hydraulic clutch master hose that was disconnected and bled the hydraulic clutch system. (Id.)

On February 20, 2017, Tavitian's car was towed back to Russell Westbrook Chrysler Dodge Jeep Ram because the clutch was "non-operational." (Dkt. No. 125-1, Wallace Decl. ¶ 22.) Tavitian's complaint was verified and the "clutch pressure hose", a "union-clutch tube" and a "clip-clutch tube" were replaced on March 15, 2017. (Id. ¶ 25.) The $315.88 Tavitian had previously paid for the January 2017 repair was credited to this repair. (Dkt. No. 125-1, Wallace Decl., Ex. I.)

Defendant seeks to file a third party complaint against J&E for equitable indemnity, comparative indemnity, contribution and declaratory judgment based on

J&E's failure to "properly reconnect a hydraulic hose or damaged the hose, causing some or all of Tavitian's subsequent clutch-related issues and caused Tavitian to incur damages which Tavitian seeks to recover from FCA US in the lawsuit." (Dkt. No. 121-4, Proposed Third Party Complaint ¶ 8.)

## Discussion

Federal Rule of Civil Procedure 14 provides,

> A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer.

Fed. R. Civ. P. 14. The purpose of Rule 14 is to "promote judicial efficiency by eliminating the necessity for the defendant to bring a separate action against a third individual who may be secondarily or derivatively liable to the defendant for all or part of the plaintiff's original claim." Southwest Adm'r, Inc. v. Rozay's Transfer, 791 F.2d 769, 777 (9th Cir. 1986) (citation omitted). The district court has discretion in determining whether a defendant should be granted leave to file a third party complaint. Id. "[A] third-party claim may be asserted only when the third party's liability is in some way dependent on the outcome of the main claim and the third party's liability is secondary or derivative." United States v. One 1977 Mercedes Benz, 708 F.2d 444, 452 (9th Cir. 1983). Factors that courts look to determine whether to allow a third party complaint are "(1) prejudice to the original plaintiff; (2) complication of issues at trial; (3) likelihood of trial delay; and (4) timeliness of the motion to implead." Irwin v. Mascott, 94 F. Supp. 2d 1052, 1056 (N.D. Cal. 2000); see also Zero Tolerance Entm't, Inc. v. Ferguson, 254 F.R.D. 123, 127 (C.D. Cal. 2008).

"It need not be shown that the third party defendant is automatically liable if the defendant loses the underlying lawsuit. It is sufficient if there is some possible scenario under which the third party defendant may be liable for some or all of the defendant's

5

16cv1617-GPC(JLB)

liability to plaintiff." F.D.I.C. v. Loube, 134 F.R.D. 270, 272 (N.D. Cal. 1991). "The crucial characteristic of a Rule 14 claim is that [a] defendant is attempting to transfer to the third-party defendant the liability asserted against [it] by the original plaintiff." Stewart v. Am. Int'l Oil & Gas Co., 845 F.2d 196, 200 (9th Cir. 1988) (quoting 6 Charles A. Wright et al., Federal Practice & Procedure § 1446 at 157 (1971)) (the third-party plaintiff's claim must be dependent upon the outcome of the main claim). "The mere fact that the alleged third-party claim arises from the same transaction or set of facts as the original claim is not enough." Id.; One 1977 Mercedes Benz, 708 F.2d at 452 ("It is not sufficient that the third-party claim is a related claim; the claim must be derivatively based on the original plaintiff's claim.") Facts that are "inextricably intertwined" does not satisfy the standard under Rule14; "impleader is narrower, requiring an attempt to pass on to the third party all or part of the liability asserted against the defendant." Uldricks v. Kapaa, Civil No 07-117 JMS/KSC, 382 LLC, 2007 WL 2694409, at *4 (D. Haw. Sept. 11, 2007). A third-party claim "presupposes liability on the part of the original defendant which he is attempting to pass on to the third-party defendant." Homem v. Intek Corp., No. C-05-0792, 2006 WL 3388623, at *1 (N.D. Cal. Nov. 22, 2006) (quoting Parr v. Great Lakes Express Co., 484 F.2d 767, 769 (7th Cir. 1973) (affirming dismissal of third-party complaint, where original defendant sought to join third-party on theory third-party was sole cause of plaintiff's claimed injuries)).

Defendant argues that it seeks to file a third party complaint against J&E because some or all of the damages sought by Plaintiff were caused by J&E. FCA maintains that the filing of a third party complaint will result in no prejudice to Plaintiffs and will not further complicate the issues or delay trial. Since J&E is already involved in the case, the evidence and testimony against J&E will also be necessary to resolve Tavitian's underlying claims against FCA. If additional discovery is needed, it may be conducted prior to the December 22, 2017 discovery deadline. (Dkt. No. 110 at 2.)

Plaintiffs oppose arguing that Defendant has failed to establish its right to either indemnification or contribution by J&E under any of the three legal theories in the

proposed third party complaint. Second, Plaintiffs argue that adding J&E will result in delay, complicate issues and cause prejudice by requiring additional motion practice and discovery.

In the FAC, Plaintiffs seek to impose liability on FCA for its failure to disclose and intentionally concealing a defect in the design of the 2013-2016 Dodge Dart vehicles' hydraulic clutch system under California's Consumer Legal Remedies Act ("CLRA"), California's Unfair Competition Law ("UCL"), breach of the implied warranty pursuant to California's Song-Beverly Consumer Warranty Act and breach of the implied warranty under the federal Magnuson-Moss Warranty Act. (Dkt. No. 104.)

The proposed third party complaint seeks equitable indemnity, comparative indemnity, contribution and declaratory relief based on the fact that J&E performed or attempted to perform repairs on Tavitian's vehicle and after such repairs, Tavitian experienced further clutch-related issues and further repair costs. (Dkt. No. 121-4, D'Aunoy Decl., Ex. B.) The third party complaint alleges that J&E either failed to properly reconnect a hydraulic hose or damaged the hose, causing some or all of Tavitian's subsequent clutch-related issues. (Id.)

In Clarke, the district court found that the defendant met the derivative liability requirement that the "substantive basis for Plaintiff's complaint is that Defendant breached his employment contract, and the allegations in the third-party complaint would transfer liability for any such breach onto Nguyen from Defendant on the grounds that by entering the same contracts Nguyen breached his fiduciary duty to Defendant." Clarke v. Pub. Employees Union Local 1, Case No. 16cv4954-JSC, 2017 WL 550231, at *2 (Feb. 10, 2017).

The proposed third party complaint seeks to impose liability on J&E for some or all of the damages sought by Plaintiffs. However, the allegations in the proposed third party complaint are not based on liability based on the causes of action asserted in the FAC. Under Rule 14, the Court must look at whether the third party defendant "may be secondarily or derivatively liable to the defendant for all or part of the plaintiff's *original*

7

*claim.*"  See Southwest Adm'r, Inc., 791 F.2d at 777 (emphasis added).  Therefore, the Court looks at whether the proposed third party complaint is seeking to impose all or part of Defendant's liability on J&E based on Plaintiffs' claim of a failure to disclose a design defect in Defendant's vehicles.  The proposed third party complaint does not allege that J&E is partially or fully liable for a design defect alleged in the FAC.  Thus, Defendant has not demonstrated that J&E may be "secondarily or derivatively liable" to FCA for "all or part of the plaintiff's original claim", see Stewart, 845 F.2d at 200, or in other words, that J&E may be liable to Plaintiffs on their causes of action.  See Alfaville LCC v. L.A. Signal, Inc., Case No. CV 08–08180 GAF (PJWx), 2009 WL 10674386, at *2 (C.D. Cal. Oct. 26, 2009) (granting motion for leave to file a third party complaint because "the applicable law in Plaintiff's First Amended Complaint also applies to the proposed Third Party Complaint."); Design Collection, Inc. v. Misyd Corp., CV 14-09735-AB(JCx), 2015 WL 126555553, at *2 (N.D. Cal. Oct. 7, 2015) ("Defendants' proposed TPC falls squarely within this traditional purpose and raises only claims dependent on the outcome of Plaintiff's claims.").  While there are similar underlying facts, Defendant has not demonstrated that J&E is secondarily or derivatively responsible for the alleged failure to warn or intentional concealment of a design defect in vehicles manufactured by FCA.  It does not seek to transfer the design defect liability from it to J&E.  Since there is no allegation that J&E is partially or fully liable for FCA's failure to warn or its intentional concealment of the design defect, the Court DENIES Defendant's motion for leave to file a third party complaint.

## Conclusion

Based on the above, the Court DENIES Defendant's motion for leave to file a third party complaint.  The hearing set for October 13, 2017 shall be **vacated.**

IT IS SO ORDERED.

Dated:  October 11, 2017

Hon. Gonzalo P. Curiel
United States District Judge