# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Carlos Victorino, et al., <br><br> Plaintiffs, <br><br> v. <br><br> FCA US LLC, <br><br> Defendant. | Case No.: 16-cv-01617-GPC-JLB <br><br> **ORDER DENYING MOTION FOR RECONSIDERATION** <br><br> **[ECF No. 119]** |

On April 25, 2017, this Court entered its previously tentative ruling[1] denying Defendant FCA US's motion to compel the production of Plaintiffs' retainer agreements. (ECF No. 52.) The Court sustained Plaintiffs' objections that the agreements are: (1) privileged under California law; and (2) irrelevant. (*Id*.) The Court's denial was based on the record then before the Court, including arguments made by the parties in their initial round of briefing, at oral argument held on March 30, 2017, and in supplemental briefing filed thereafter. (*Id*.; ECF Nos. 36-38, 40, 44-47.) Defendant now moves for reconsideration of that denial. (ECF No. 119.) For the reasons set forth below, the motion for reconsideration is DENIED.

### I. Legal Standard and Background

Magistrate Judge Jill L. Burkhardt issued a written order denying Defendant FCA US's motion to compel the production of Plaintiffs' retainer agreements on April 25, 2017.

---

[1] The Court issued its tentative ruling on the record at the oral argument hearing held on March 30, 2017. (ECF No. 46 (CD# 3/30/2017 JLB17-11:10-11:37).) This tentative ruling is incorporated by reference into the Court's April 25, 2017 Order. (ECF No. 52.)

1

(ECF No. 52.) Pursuant to Local Civil Rule 26.1, "motions to compel discovery are referred to the magistrate judge assigned to the case." CivLR 26.1.e. When a magistrate judge issues a written order on a motion to compel, "[a] party may serve and file objections to the order within 14 days . . . . A party may not assign as error a defect in the order not timely objected to." Fed. R. Civ. P. 72(a). No party objected to Judge Burkhardt's April 25, 2017 Order.

Approximately four months later, on August 22, 2017, the parties contacted Judge Burkhardt's chambers to resolve their renewed discovery dispute over whether Plaintiffs' retainer agreements are privileged. (*See* ECF No. 118.) The Court issued a briefing schedule to resolve this dispute. (*Id.*) On August 29, 2017, Defendant filed a motion for reconsideration of Judge Burkhardt's April 25, 2017 Order. (ECF No. 119.) On September 1, 2017, Plaintiffs filed their opposition. (ECF No. 120.) On September 5, 2017, Defendant filed its reply. (ECF No. 122.)

"The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration." *Soares v. Paramo*, No. 13cv2971-BTM, 2016 WL 3997594, at *1 (S.D. Cal. July 25, 2016). However, courts permit motions for reconsideration to be brought under Federal Rule of Civil Procedure 59(e) or 60(b). Such a motion is treated as a motion to alter or amend judgment under Rule 59(e) if it is filed within twenty-eight days of entry of judgment; otherwise, it is treated as a Rule 60(b) motion for relief from a judgment or order. *Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001) (referring to a previous version of Rule 59(e) requiring the motion to be filed within ten days of judgment instead of twenty-eight); Fed. R. Civ. P. 59(e) (requiring a motion to alter or amend a judgment to be filed within twenty-eight days after entry of judgment); *see also* Fed. R. Civ. P. 59 advisory committee's note to 2009 amendment. Here, because Defendant's motion seeks reconsideration of a court order entered more than twenty-eight days prior to the motion's filing date, the motion is treated as a Rule 60(b) motion.

Rule 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" based on (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). In making a motion under 60(b), the Federal Rules requires that a motion under Rule 60(b) be brought "within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."[2] Fed. R. Civ. P. 60(c)(1).

In its motion, Defendant argues that "new facts" warrant reconsideration of the Court's order denying Defendant's motion to compel the production of Plaintiffs' retainer agreements. (ECF No. 119-1 at 5.) The Court construes Defendant's motion to be brought under subsection (b)(2).

A court's denial of a Rule 60(b) motion is reviewed for abuse of discretion. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258 (9th Cir. 2010). Motions to reconsider are appropriate only in rare circumstances to correct manifest errors of law or fact or to present newly discovered evidence. *See School Dist. No. 1J, Multnomah Cnty., Oregon v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993). "A motion for reconsideration should not be used to ask a court to rethink what the court had already thought through-rightly or wrongly." *Hupp v. San Diego Cnty.*, No. 12cv0492, 2014 WL 2865729, at *1 (S.D. Cal. June 24, 2014) (internal quotation omitted).

**II. Analysis**

Here, Defendant is not arguing that this Court's April 25, 2017 Order denying Defendant's motion to compel Plaintiffs' retainer agreements was clearly erroneous or

---

[2] *See also* CivLR 7.1.i.2 ("Except as may be allowed under Rules 59 and 60 of the Federal Rules of Civil Procedure, any motion or application for reconsideration must be filed within twenty-eight (28) days after the entry of the ruling, order or judgment sought to be reconsidered.").

contrary to law.³ If that were Defendant's position, Defendant could have, and would have needed to, object to the district court within 14 days of this Court's Order. Fed. R. Civ. P. 72(a). Rather, Defendant argues "there has been a change in highly relevant facts" that warrants reconsideration of this Court's April 25, 2017 Order denying Defendant's motion to compel Plaintiffs' retainer agreements and sustaining Plaintiffs' privilege and relevancy objections. (ECF No. 119-1 at 2.) Thus, Defendant's motion for reconsideration is properly analyzed under Rule 60(b)(2), which allows courts to revisit a prior court order based on newly discovered evidence.

The April 25, 2017 Order sustained Plaintiffs' objections to production of their retainer agreements based on: (1) privilege under California law; and (2) lack of relevance. (ECF No. 52.) Defendant presents two main arguments to undo that Order. First, Defendant argues that the Court should reconsider its privilege determination because "Plaintiffs' counsel . . . has publicly taken the position in another case that retainer agreements entered into by clients they represent are not privileged." (ECF No. 119-1 at 2.) Second, Defendant argues that the Court should also reconsider its relevancy determination because the assigned district judge "has entered an Order in which it is acknowledged that the provisions in Plaintiffs' retainer agreements are relevant to the determination of the adequacy requirement for class certification." (*Id.*) If either of Defendant's arguments fail, then Plaintiffs' retainer agreements remain undiscoverable in this action.

Defendant's first argument fails. Reconsideration under Rule 60(b)(2) is appropriate only "in the face of the existence of new evidence, an intervening change in the law, or as necessary to prevent manifest injustice."⁴ *Navajo Nation v. Confederated Tribes of*

---

³ At the time of the Court's April 25, 2017 Order, the parties disputed whether federal or state privilege law controlled the discoverability of retainer agreements. However, as briefed by the parties at the time, it was "undisputed [by the parties] that, under California privilege law, the retainer agreements are non-discoverable, privileged documents." (ECF No. 52.)

⁴ The same standard applies to deciding motions for reconsideration on the ground of newly discovered evidence filed under either Rule 59 or Rule 60(b)(2). *Jones v. Aero/Chem Corp.*, 921 F.2d 875, 878 (9th

*Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003). To constitute "new" evidence for purposes of Rule 60(b)(2), the evidence must have been in existence at the time of the judgment or order at issue. *See Fantasyland Video, Inc. v. Cty. of San Diego*, 505 F.3d 996, 1005 (9th Cir. 2007) ("The declaration is not 'newly discovered evidence' under Rule 60(b)(2) because it discusses evidence that was not in existence at the time of the judgment").

Defendant puts forth evidence that, according to Defendant, shows that Plaintiffs' counsel "never categorized the retainer agreements it operates under as privileged and confidential communications, and that it has given its clients no reason to believe that they are privileged." (ECF No. 122 at 2; *see also* ECF No. 119-1 at 8.) This argument is not supported by the record.

On June 9, 2017, in a brief filed by Plaintiffs' law firm in an unrelated class action referred to as *Dittmar*,[5] plaintiffs pointed to federal privilege law as governing its co-counsel's retainer agreements despite the fact that the underlying claims all arose under California state law. (*See* ECF No. 119-1 at 8.) Plaintiffs' counsel also filed excerpts of co-counsel's retainer agreements on the public docket. Relying on a faulty premise – that the contents of this one filing in *Dittmar* may be imputed to Plaintiffs and their counsel in this case – Defendant speculates that Plaintiffs' counsel here "never categorized the retainer agreements it operates under as privileged and confidential communications, and that it has given its clients no reason to believe that they are privileged."[6] (*See* ECF No. 122 at 2; *see also* ECF No. 119-1 at 8.) Defendant's argument is unpersuasive. At best, the record shows that the same law firm retained by Plaintiffs in this case took an inconsistent legal position in this district court with respect to its co-counsel's retainer

---

Cir. 1990); *Thompson v. JPMorgan Chase Bank, N.A.*, No. 16cv06134, 2017 WL 3059390, at *1 n.1 (N.D. Cal. July 19, 2017).

[5] *See Dittmar v. Costco Wholesale Corp.*, Case No. 14cv1156 (S.D. Cal.).

[6] Defendant states in no uncertain terms in its reply brief that it is not making, or relying on, a waiver argument. (ECF No. 122 at 2 ("FCA US does not contend that reconsideration is warranted because of any type of "waiver."").)

agreements with other clients in a different and unrelated class action. (*See* ECF No. 119-1 at 3-4, 6-8.) An inconsistent legal position taken by opposing counsel in an unrelated case is not an appropriate basis for reconsideration under Rule 60(b)(2).

Therefore, the Court concludes that Defendant's motion is denied for failure to demonstrate that reconsideration of the Court's privilege determination is appropriate. And because the privilege determination was an independent basis of the Court's April 25, 2017 Order that the retainer agreements are not discoverable, the Court declines to address whether Defendant's argument on the issue of relevancy also fails on the merits.

Furthermore, the motion is also denied as untimely. Pursuant to Judge Burkhardt's Civil Chambers Rules, "counsel shall comply with their meet and confer requirement within **14 calendar days** of the event giving rise to the dispute." (Civ. Chambers R. § IV.A (emphasis in original).) "**Any discovery disputes must be brought to the attention of the Court no later than 30 calendar days** after the date upon which the event giving rise to the dispute occurred." (*Id.* §§ IV.A, B, & F (emphasis in original).)

The purportedly changed facts addressed in Defendant's motion, and which renewed the parties' discovery dispute over Plaintiffs' retainer agreements, arise from Plaintiff Carlos Victorino's deposition testimony on April 28, 2017, and a brief filed by Plaintiffs' law firm on behalf of other clients on June 9, 2017, in *Dittmar*.[7] (*See* ECF No. 119-2.) Pursuant to Judge Burkhardt's Civil Chambers Rules, the parties had 14 calendar days to meet and confer and 30 calendar days to bring their renewed dispute to the Court's attention. (Civ. Chambers R. §§ IV.A & B.) For purposes of calculating the time limits imposed by Chambers Rules, the date of the *Dittmar* filing at issue, June 9, 2017, is the date giving rise to the parties' renewed dispute over the privileged nature of Plaintiffs'

---

[7] With respect to this Court's relevancy determination, Defendant also argues that District Judge Gonzalo P. Curiel's July 25, 2017 Order Denying Defendant's Motion to Deny Class Certification somehow changed the underlying facts on which the April 25, 2017 Order issued. (ECF Nos. 115; 119-2.) This Court disagrees. No new facts arose from that July 25, 2017 Order. And, contrary to Defendant's argument otherwise, the July 25, 2017 Order did ***not*** "acknowledge[] that the provisions in Plaintiffs' retainer agreements are relevant to the determination of the adequacy requirement for class certification." (*See* ECF No. 119-1 at 2.)

retainer agreements.[8]  Thus, pursuant to Chambers Rules, Defendant was required to meet and confer with Plaintiffs by June 23, 2017, and if unsuccessful, bring the bases for its motion for reconsideration to the Court's attention by July 9, 2017.

Defendant waited until August 22, 2017 to ***both*** meet and confer and contact the Court regarding its motion for reconsideration.  (*See* ECF Nos. 118; 119-2 at ¶15.)  Therefore, the Court denies the motion for reconsideration as untimely pursuant to Chambers Rules.

### III. Conclusion

For the reasons stated above, FCA US LLC's Motion for Reconsideration (ECF No. 119) is DENIED.

Dated:  October 12, 2017

*[signature]*
Hon. Jill L. Burkhardt
United States Magistrate Judge

---

[8] Because Defendant does not assert otherwise, the Court presumes that Defendant was monitoring the case in which this brief was filed and learned of it on June 9, 2017.  (*See* ECF No. 119-2.)