UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Carlos Victorino, et al.,<br><br>                           Plaintiffs,<br><br>v.<br><br>FCA US LLC,<br><br>                           Defendant. | Case No.: 16-cv-01617-GPC-JLB<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO QUASH OR, ALTERNATIVELY, FOR A PROTECTIVE ORDER**<br><br>**[ECF No. 168]** |

The Court hereby **DENIES** Plaintiffs' Motion to Quash Non-Party Document Subpoenas or, Alternatively, for a Protective Order (ECF No. 168) for failure to demonstrate Plaintiffs' standing and the Court's jurisdiction to quash the subpoenas under Federal Rule of Civil Procedure 45 and for failure to demonstrate good cause for a protective order under Federal Rule of Civil Procedure 26.

First, Plaintiffs fail to demonstrate standing for their motion under Federal Rule of Civil Procedure 45. Plaintiffs move to quash three Rule 45 subpoenas *duces tecum* that Defendant FCA US served on non-parties to this litigation or, alternatively, seek a protective order concerning those subpoenas. The non-parties served with a subpoena are JCB Forensic Engineering Consultants Inc. ("JCB"), Saurwein Automotive Services, Inc. ("SAS"), and 4x Forensic Engineering Laboratories, Inc. ("4x"). Plaintiffs' counsel does not represent these non-parties, and does not identify any privileged information sought by the subpoenas. Thus, Plaintiffs lack standing to move to quash the subpoenas. *In re REMEC, Inc. Sec. Litig.*, No. 04cv1948-JLS-AJB, 2008 WL 2282647, at *1 (S.D. Cal. May 30, 2008) ("a party lacks standing under Federal Rules of Civil Procedure Rule 45(c)(3) to

challenge a subpoena issued to a non-party unless the party claims a personal right or privilege with respect to the documents requested in the subpoena").

Second, Plaintiffs also fail to demonstrate the Court's jurisdiction to quash the Rule 45 subpoenas at issue. Rule 45 was substantially amended in 2013. "As amended, a subpoena must be issued by the court where the underlying action is pending, but challenges to the subpoena are to be heard by the district court encompassing the place where compliance with the subpoena is required." *E4 Strategic Sols., Inc. v. Pebble Ltd. P'ship*, No. 15mc22, 2015 WL 12746706, at *2 (C.D. Cal. Oct. 23, 2015) (quoting *Woods ex rel. U.S. v. SouthernCare, Inc.*, 303 F.R.D. 405, 406 (N.D. Ala. 2014)). Absent a transfer,[1] only a court in the district of the place of compliance has jurisdiction to compel compliance, or modify or quash a subpoena. *See Montgomery v. Risen*, No. 15cv02035-AJB-JLB, 2015 WL 12672825, at *1 (S.D. Cal. Nov. 5, 2015) ("The Court lacks the jurisdiction under the Federal Rules of Civil Procedure to enforce the subpoena because it is not the court where compliance is required."); *Sandifer v. Hoyt Archery, Inc.*, No. 12cv322, 2014 WL 3540812, at *4 (M.D. La. July 17, 2014) ("Any motion . . . to compel Mr. Ragsdale's compliance with a Rule 45 subpoena should have first been filed in the district where the discovery is or will be taken or where compliance is required."); *Agincourt Gaming, LLC*, No. 14cv0708, 2014 WL 4079555, at *4 (D. Nev. Aug. 15, 2014) (court did not have jurisdiction of subpoena-related motions when place of compliance was outside of court's district).

Here, the subpoena to JCB calls for compliance in Seattle, Washington, and the subpoenas to SAS and 4x call for compliance in the California cities of Burbank and Irvine, respectively. (*See* ECF No. 168-1 (Ex. D).) None of the subpoenas call for compliance

---

[1] The 2013 amendment also added subdivision (f) to the rule. *Id*. Rule 45(f) provides that "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances."

within the boundaries of this district. Accordingly, this Court lacks jurisdiction to quash the subpoenas under Rule 45.

Third, and finally, while Plaintiffs could have standing under Rule 26(c) to move for a protective order, Plaintiffs fail to demonstrate good cause for the protective order they seek. "A party can move for a protective order in regard to a subpoena issued to a nonparty if it believes its own interests are jeopardized by discovery sought from a third party and has standing under Rule 26(c)." *In re REMEC, Inc. Sec. Litig.*, 2008 WL 2282647, at *1; *Clair v. Schlachter*, No. 13cv804, 2016 WL 2984107, at *5 (E.D. Cal. May 23, 2016). Under Rule 26(c), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "The party opposing disclosure has the burden of proving 'good cause,' which requires a showing 'that specific prejudice or harm will result' if the protective order is not granted." *In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011).

Plaintiffs argue that the Rule 45 document requests seek the same information that Defendant already requested and received from Plaintiffs' expert, and thus object that the requests are cumulative and duplicative. (ECF No. 168 at 3.) Plaintiffs do not argue that the discovery sought is irrelevant. Further, Plaintiffs fail to articulate how their own interests would be jeopardized by compliance with the subpoenas. Plaintiffs have not carried their burden of persuasion that good cause exists to issue a protective order, and thus, their request for relief under Rule 26(c) is denied.

Accordingly, Plaintiffs' motion is **DENIED**, and the Court hereby lifts its prior stay of the December 11, 2017 deadline for JCB, SAS, and 4x to respond the subpoenas in dispute.

**IT IS SO ORDERED.**

Dated: January 25, 2018

_____
Hon. Jill L. Burkhardt
United States Magistrate Judge