William M. Low (Bar No. 106669)
wlow@higgslaw.com
Edwin Boniske (Bar No. 265701)
boniske@higgslaw.com
HIGGS FLETCHER & MACK LLP
401 West "A" Street, Suite 2600
San Diego, CA 92101-7913
Telephone: (619) 236-1551
Facsimile: (619) 696-1410

Kathy A. Wisniewski (admitted *pro hac vice*)
kwisniewski@thompsoncoburn.com
Stephen A. D'Aunoy (admitted *pro hac vice*)
sdaunoy@thompsoncoburn.com
Thomas L. Azar, Jr. (admitted *pro hac vice*)
tazar@thompsoncoburn.com
Scott H. Morgan (admitted *pro hac vice*)
smorgan@thompsoncoburn.com
THOMPSON COBURN LLP
One US Bank Plaza
St. Louis, Missouri 63101
Telephone: (314) 552-6000
Facsimile: (314) 552-7000

*Attorneys for Defendant FCA US LLC*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS VICTORINO, *et al.* | Case No. 3:16-cv-01617-GPC-JLB |
| Plaintiffs, | **FCA US LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RENEWED MOTION TO EXCLUDE TESTIMONY AND REPORT OF PLAINTIFFS' EXPERT STEVEN B. BOYLES** |
| v. | |
| FCA US LLC, | |
| Defendant. | |
| | Complaint Filed: June 24, 2016 |
| | Trial Date: None Set<br>Hearing Date: May 25, 2018<br>Time: 1:30 p.m.<br>Courtroom: 2D<br>Judge: Hon. Gonzalo P. Curiel |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF FCA US LLC'S RENEWED MOTION TO EXCLUDE TESTIMONY AND REPORT OF PLANTIFFS' EXPERT STEVEN B. BOYLES**

## **TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................1

II. FACTUAL BACKGROUND................................................................................1

    A.    Boyles' Background. ..................................................................................1

    B.    Boyles' Opinions. .......................................................................................2

    C.    Boyles' Work & Methodology. ..................................................................3

ARGUMENT .....................................................................................................................4

    A.    The Applicable Legal Standards.................................................................4

    B.    Boyles' Opinions Are Not Relevant...........................................................5

    C.    Boyles' Opinions Are Not Reliable............................................................9

CONCLUSION ..................................................................................................................9

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF FCA US LLC'S RENEWED MOTION TO EXCLUDE TESTIMONY AND REPORT OF PLANTIFFS' EXPERT STEVEN B. BOYLES**

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bakst v. Cmty Mem'l Health Sys., Inc.*, 2011 WL 13214315 (C.D.Cal. 2011) ..................................................................................................................9

*Beech Aircraft Corp. v. U.S.*, 51 F.3d 834 (9th Cir. 1995) .........................................8

*Daubert v. Merrell Dow Pharm., Inc.*, 43 F.3d 1311 (9th Cir. 1995) .......................8

*Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993) ............................5, 7, 9

*Ellis v. Costco Wholesale Corp.*, 657 F.3d 970 (9th Cir. 2011) ................................5

*Estate of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457 (9th Cir. 2014) ...................5

*Grodzitsky v. Am. Honda Motor Co.*, 2014 WL 718431 (C.D.Cal. 2014) ..................................................................................................................5

*In re Novatel Wireless Sec. Litig.*, 846 F.Supp.2d 1104 (S.D.Cal. 2012) ..................................................................................................................5

*Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999) ...............................................5

*LSQ Funding Grp., LC v. EDS Field Servs.*, 879 F.Supp.2d 1320 (M.D.Fla. 2012) ..........................................................................................................7

*Nguyen v. Nissan N.Am., Inc.*, 2018 WL 1831857 (N.D.Cal. 2018) .........................6

*Otis v. Doctor's Assocs., Inc.*, 1998 WL 673595 (N.D.Ill. 1998) .............................7

*Perfect 10, Inc. v. Giganews, Inc.*, 2014 WL 12597433 (C.D.Cal. 2014) ..................................................................................................................8

*Waymo LLC v. Uber Tech., Inc.*, 2017 WL 5148390 (N.D.Cal. 2017) .....................7

**Rules**

Federal Rules of Evidence Rule 702 ....................................................................4, 5

# I. INTRODUCTION

In connection with their Amended Motion for Class Certification, Plaintiffs proffer a declaration and a report by Steven B. Boyles, a CPA.[1] Boyles, who does not even know the make-up of Plaintiffs' proposed class, proffers opinions about calculating classwide damages. His primary opinion is nothing more than a generic statement that a formula (hours x labor rate + part cost) ***could*** be used to calculate the average cost of replacing certain clutch components, which Boyles then baldly declares is a measure of "benefit of the bargain" damages.

Boyles' proposed methodology – using a "component replacement cost" formula to calculate "benefit of the bargain" damages – was flatly rejected by Judge Koh in the Northern District of California earlier this month as "problematic" and legally "flaw[ed]." His opinions should be rejected on that basis alone. But, even if that were not enough, Boyles' opinions here suffer from a host of other problems including that he outright admits he does not know whether his formula actually makes sense for the proposed class, and he admits that he lacks sufficient foundational information to know any of the values that should be used in the formula.

Boyles' opinions fall extraordinarily short of the relevance and reliability requirements for admitting expert testimony, and they are entirely unhelpful in deciding any issue in this case. Boyles' declaration and report should be excluded, and he should be precluded from offering any testimony in this case.

# II. FACTUAL BACKGROUND

## A. Boyles' Background.

Boyles is a CPA and professional litigation consultant. Declaration of Thomas L. Azar, Jr. ("Azar Decl."), filed herewith, ¶ 2, Exhibit A ("Boyles

---

[1] *See* Declaration of Tarek H. Zohdy in Support of Plaintiffs' Amended Motion for Class Certification (ECF #216), Exhibits K and L.

Report"), p. 3. He has no particular training, experience, or expertise regarding the market for automobiles, automobile repairs, labor rates for repairs, or prices for replacement components. Azar Decl., ¶ 3, Exhibit B ("Boyles Depo."), pp. 29-33, 35-40. Other than possibly attending continuing education classes (he cannot remember), he has no training in calculating damages in a class action. *Id.* at pp. 34-35. He has worked on three other class action cases, but this was the first to reach the point where he was required to give a deposition or testify. *Id.* at pp. 45-49. He generally performs business valuations, either for purposes of determining a sale price, or for litigation. *Id.* at pp. 35-36; *see also* Boyles Report, at Exh. A.

B. **Boyles' Opinions.**

Boyles' opinions in this case consist of two alternative methods which, he says, will measure "benefit of the bargain" damages and "quantify the value that the Class Members have overpaid for the Class Vehicles." *See* Boyles Report, pp. 8-10; *see also* Azar Decl., ¶ 4, Exhibit C ("Boyles Declaration"), ¶¶ 6-7, 10-11.

*Method #1 ("the Formula")* – First, Boyles presents a formula to calculate the cost of replacing the clutch master cylinder, slave cylinder, and clutch hydraulic line in a vehicle – *i.e.*, multiplying an estimated repair time by an average labor rate, and then adding the average cost of each replaced component. *See* Boyles Report, p. 8; *see also* Boyles Depo., pp. 58-62.

*Method #2 ("the Receipts Method")* – Boyles' alternative proposal is to calculate damages by having each class member who has actually paid for a repair "present receipts" to the Court for clutch repairs after they are performed. *See* Boyles Report, p. 10; *see also* Boyles Depo., p. 62.

While both of Boyles' proposed methods for calculating damages would award class members the full cost of replacing various clutch components with brand-new components, neither of his methods accounts for any value or benefit they received from the original components (*e.g.*, years of uninterrupted use). *See*,

2

*generally*, Boyles Report, pp. 6-11. Boyles does ***not*** opine that those original clutch components provided no value, and, indeed, his opinions and formula do not address their value at all. *Id.* Instead, he has simply assumed that anything after the date of a vehicle purchase – *e.g.*, "[w]hether [a defect] ever manifests or not," or any use or benefit that class members received from the original clutch components in their vehicles – is irrelevant to the calculation of "benefit of the bargain" damages. *See* Boyles Depo., pp. 73, 78-79.

C. **Boyles' Work & Methodology.**

Boyles admits that he developed his opinions and wrote his report without knowing who is included in the proposed class. To this day, he still does not know whether purchasers of ***used*** Dart vehicles (over 40% of the purchasers at issue[2]) are included in Plaintiffs' proposed class definition:

> Q: To your understanding, does the class definition include purchasers of used vehicles?
>
> A: I'm not certain. …
>
> Q: Are you offering any opinion in this case about purchasers of used vehicles and their damages? …
>
> A: I'm not certain.

Boyles Depo., pp. 6-7. He has not contemplated whether purchasers of used vehicles have been harmed, because he believes that is up to someone else to decide. *Id.* at pp. 78-79. Similarly, Boyles is "not certain" whether lessees whose leases have already expired are included in the proposed class, but believes it is "possible" he is offering an opinion regarding their damages as well. *Id.* at pp. 7-8.

Boyles was unable to determine what numbers should be used for any of the variables in his proposed damages formula. He does not know, and is not opining

---

[2] *See* Declaration of Robert Benson, filed with FCA US's Opposition to Plaintiffs' Amended Motion for Class Certification, ¶ 36 (almost 40% of the vehicles at issue have been resold at least once, and 7% have been resold two or more times).

3

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF FCA US LLC'S RENEWED MOTION TO EXCLUDE TESTIMONY AND REPORT OF PLANTIFFS' EXPERT STEVEN B. BOYLES**

on, the average repair times, hourly labor rates, or component prices in California. *Id.* at pp. 40-43, 54-58. To the extent he tried to investigate these issues, he was either unable to come up with an answer, or was impeded by Plaintiffs' counsel, who, he says, gave him "incomplete" data or never provided requested information at all. *Id.* at pp. 40-41, 52; *see also* Boyles Report, p. 9 ("The preceding price amounts are variables. I was not provided with sufficient pricing data from which I could develop average prices").

Boyles includes in his report an "example" of how his formula would work with various numbers plugged in. Boyles Report, p. 7. But, he does not claim those numbers are an accurate reflection of what a repair would cost in California. Boyles Depo., pp. 40-41, 54-55. Instead, he simply chose them for illustrative purposes, picking from assorted records, internet sources, and the proposed technical service bulletin ("TSB") written by Plaintiffs' other expert, Michael Stapleford. *Id.* at p. 57; *see also* Boyles Report, pp. 7-9. Boyles has never communicated with Stapleford. Boyles Depo., p. 20. So, presumably, he is unaware that Stapleford now concedes the figures used in his TSB are inaccurate, because actual repair times vary significantly ("up to four hours"), and dealerships can charge "any retail price they want" for replacement components. Azar Decl., ¶ 5, Exhibit D ("Stapleford Depo."), pp. 219-21.

## ARGUMENT

### A. The Applicable Legal Standards.

Rule 702 of the Federal Rules of Evidence governs the admission of expert testimony, providing that:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

4

Fed.R.Evid. 702.

Thus, in order to be admissible, expert testimony must be both "relevant" and "reliable." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993). Relevance requires that testimony "logically advance a material aspect of the proposing party's case"; have a "valid scientific connection to the pertinent inquiry"; "fit" the underlying facts and issues; and be "helpful" to the fact-finder in deciding the case. *Id.* at 591-92. Reliability requires a "scientifically valid" methodology supported by "appropriate validation – *i.e.*, 'good grounds,' based on what is known." *Id.* at 592-95; *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141, 147-48, 152 (1999) (courts must "make certain" that every testifying expert "employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field").

This Court is required to "act as a gatekeeper" and exclude purported expert testimony that fails to satisfy these requirements. *Estate of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457, 463-64 (9th Cir. 2014). This "gatekeeping" function must be exercised prior to deciding class certification. *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 982 (9th Cir. 2011); *Grodzitsky v. Am. Honda Motor Co.*, 2014 WL 718431, *6 (C.D.Cal. 2014). Plaintiffs, as the proponents of Boyles' opinions here, bear the burden to establish admissibility by "a preponderance of proof." *Daubert*, 509 U.S. at 592, fn.10; *In re Novatel Wireless Sec. Litig.*, 846 F.Supp.2d 1104, 1107 (S.D.Cal. 2012).

**B.     Boyles' Opinions Are Not Relevant.**

At the outset, Boyles' opinions fail the most basic test under *Daubert* – *i.e.*, they must be relevant and "fit" the issues in this case. Boyles opines that "benefit of the bargain" damages can be calculated simply by totalling up the cost of replacing the clutch master cylinder, slave cylinder, and clutch hydraulic line in a vehicle. Boyles Report, p. 8. But, as Judge Koh concluded in a case where Boyles

5

proffered an almost identical opinion, the underlying premise of his opinion is wrong. *See Nguyen v. Nissan N.Am., Inc.*, 2018 WL 1831857, **5-7 (N.D.Cal. 2018).

In *Nguyen*, the plaintiff alleged that clutch components (slave cylinders) in certain manual-transmission Nissan vehicles were defective, and, in moving for class certification, offered a report by Boyles concluding that each purchaser's "benefit of the bargain" damages were "equal to the cost to replace the defective CSC [clutch slave cylinder] with a working CSC." *Id.* at *5. There, as here, Boyles' proposed a formula that failed to account for any value that purchasers received from the original, allegedly defective slave cylinder components – *e.g.*, the fact that "Plaintiff's vehicle was driven for approximately 26,629 miles before the original CSC malfunctioned." *Id.* at *6. Accordingly, Judge Koh rejected Boyles' proposed damages calculation and denied class certification, explaining:

> "This approach is problematic.... [T]he difference between value represented and value received only equals the cost to replace the defective CSC *if* consumers would have deemed the defective part valueless.... However, Boyles nowhere states that this is his premise, or justifies making such an assumption—the issue is simply not addressed.... ***The extended use of the defective CSCs indicates that they hold at least some value****.... Although Boyles characterizes the damages model as 'benefit of the bargain' rather than 'full refund' or 'expected utility,' **the model exhibits the same underlying flaw**: it presumes purchasers would deem the defective CSC valueless. Absent any justification for this assumption, the benefit of the bargain damages model **fails** to 'measure only those damages attributable to' Plaintiffs' theory of liability because it awards damages equal to the value of a non-defective CSC (the benefit of the bargain) without deducting the value of the defective CSC."

*Id.* at **5-7 (first emphasis in original).

Boyles' opinions here fail to satisfy *Daubert*'s relevance requirement for the exact same reason: his supposed "benefit of the bargain" damages model does not address or account for the undisputed fact that class members received a benefit from their vehicles' original clutch components. The requisite "fit" to the issues in

6

this case is therefore completely lacking, and Boyles' proffered opinions should be excluded.

Furthermore, Boyles' proposed formula is not actually expert testimony. He is not opining on what any repair will actually cost, or offering testimony about average repair times, labor rates, or component costs in California. Indeed, he freely admits that he has not done the work necessary to render such opinions. The formula he presents is just the simple mathematical expression for calculating the cost of any repair (*i.e.*, hours x labor rate + part cost). It is no more complicated than what an elementary school student might face on a weekly math quiz. *See, e.g.*, www.mathgoodies.com/lessons/vol7/order_operations ("Mr. Smith charged Jill $32 for parts and $15 per hour for labor to repair her bicycle. If he spent 3 hours repairing her bike, how much does Jill owe him?").[3]

Even if Boyles' formula were an accurate expression of "benefit of the bargain damages" (and it is not), courts in this Circuit and others agree that such "grade-school arithmetic" cannot satisfy *Daubert*'s relevance requirement, and cannot be admitted as "expert" testimony. *See, e.g.*, *Waymo LLC v. Uber Tech., Inc.*, 2017 WL 5148390, **5-6 (N.D.Cal. 2017) (testimony by expert who "simply adopted the opinions of others and performed grade-school arithmetic counsel can do on an easel" was irrelevant and inadmissible under *Daubert*, and would do nothing more than "pile on a misleading façade of expertise"); *LSQ Funding Grp., LC v. EDS Field Servs.*, 879 F.Supp.2d 1320, 1336 (M.D.Fla. 2012) (damages expert's "simple arithmetic calculation" was "not beyond the understanding of the average lay person," and thus barred by *Daubert*); *Otis v. Doctor's Assocs., Inc.*,

---

[3] Boyles' formula is *less* complicated than this problem for fifth-graders: "A painter charges $225 for materials and $35 per hour of labor. The total cost of painting an office is $330. How many hours did it take the painter to paint the office?" See www.analyzemath.com/primary_math/grade_5/problems_sol.html.

1998 WL 673595, *5 (N.D.Ill. 1998) (rejecting damages opinion as nothing more than "an exercise in arithmetic based on inherently unreliable values").

Compounding this problem is the fact that Boyles developed his opinions without even knowing that purchasers of *used* vehicles are a part of Plaintiffs' proposed class. Boyles Depo., pp. 6-7. He concedes that his "average cost of repair" formula, if applied to used-vehicle sales, would result in the original owner and every successive purchaser receiving the same damages award, and FCA US paying the same damages twice, or more, for a single alleged wrongful act. *Id.* at p. 90. Instead of tailoring his opinion to the actual issues presented, Boyles leaves it to the Court or the jury to fix his glaring oversight, and decide what circumstances, if any, his formula actually applies to. *Id.* at pp. 78-79. But, again, an opinion is not relevant, and not admissible, unless it "speaks clearly and directly" to the issues at hand. *Daubert v. Merrell Dow Pharm., Inc.*, 43 F.3d 1311, 1321 (9th Cir. 1995). That is obviously not the case here.

Boyles' alternative opinion, that damages can be determined by having each individual class member submit receipts for the costs of repairs they have incurred, also fails the relevance test. Plaintiffs' proposed class includes countless vehicle purchasers whose vehicles have required no repair, making this opinion completely irrelevant to their circumstances. Furthermore, it takes no special knowledge, training, or expertise to say that the cost of repairing a vehicle can be determined by looking at a receipt for an actual repair. This is not the proper subject of expert testimony, and the "receipts" opinion should be excluded. *Beech Aircraft Corp. v. U.S.*, 51 F.3d 834, 842 (9th Cir. 1995); *see also Perfect 10, Inc. v. Giganews, Inc.*, 2014 WL 12597433, *3 (C.D.Cal. 2014) ("[E]xpert testimony is inadmissible if it concerns factual issues within the knowledge and experience of ordinary lay people" (quotation omitted)).

8

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF FCA US LLC'S RENEWED MOTION TO EXCLUDE TESTIMONY AND REPORT OF PLAINTIFFS' EXPERT STEVEN B. BOYLES**

## C. Boyles' Opinions Are Not Reliable.

Boyles concedes that his "example" calculation and the time/rate/price figures used therein are based upon insufficient data, and that he has not done the work necessary to render any reliable opinion. *See* Boyles Report, p. 9; Boyles Depo., pp. 40-43, 52-58. The estimates that Stapleford contributed to the example are, also, now admitted to be unreliable. *See* Stapleford Depo., pp. 219-21. It is thus beyond dispute that his proposed damage figure is devoid of reliability, and thus inadmissible under *Daubert*. *See, e.g., Bakst v. Cmty Mem'l Health Sys., Inc.*, 2011 WL 13214315, *20 (C.D.Cal. 2011) (excluding opinions of damage expert that were "based on factual assumptions that are entirely unsupported in the record").

## CONCLUSION

For the reasons stated herein, Defendant FCA US LLC respectfully requests that the Court enter an order excluding the Declaration and Expert Report of Steven B. Boyles and precluding him from offering expert testimony in this case.

Dated: April 27, 2018     **HIGGS FLETCHER & MACK LLP**

By: */s/ Edwin Boniske*
William M. Low (Bar No. 106669)
Edwin Boniske (Bar No. 265701)

**THOMPSON COBURN LLP**
Kathy A. Wisniewski
Stephen A. D'Aunoy
Thomas L. Azar, Jr.
Scott H. Morgan

*Attorneys for FCA US LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on April 27, 2018, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the Court's CM/ECF system, which sent notification to all counsel of record, who are deemed to have consented to electronic service via the CM/ECF system per CivLR 5.4(d).

By: */s/ Edwin Boniske*
Edwin Boniske (Bar No. 265701)