UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS VICTORINO and ADAM TAVITIAN, individually, and on behalf of other members of the general public similarly situated,<br><br>                              Plaintiffs,<br><br>v.<br><br>FCA US LLC, a Delaware limited liability company,<br><br>                              Defendant. | Case No.: 16cv1617-GPC(JLB)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO EXCLUDE EXPERT TESTIMONY AND REPORT OF STEVEN BOYLES**<br><br>**[Dkt. Nos. 231.]** |

      Before the Court is Defendant's renewed motion to exclude the testimony and report of Plaintiffs' damages expert, Steven B. Boyles ("Boyles"). (Dkt. No. 231.) Plaintiffs filed an opposition on May 11, 2018. (Dkt. No. 242.) Defendant filed their reply on May 18, 2018. (Dkt. No. 251.) The Court finds that the matter is appropriate for decision without oral argument pursuant to Local Civ. R. 7.1(d)(1). Based on the reasoning below, the Court DENIES Defendant's motion to exclude Plaintiffs' expert testimony and report of Steven Boyles.

/ / / /

1

16cv1617-GPC(JLB)

## I. Background

In their amended motion for class certification, Plaintiffs Carlos Victorino ("Victorino") and Adam Tavitian ("Tavitian") (collectively "Plaintiffs") specifically claim a design defect in the 2013-2015 Dodge Dart vehicles equipped with a Fiat C635 manual transmission built on or before November 12, 2014 ("Class Vehicles") by Defendant FCA US LLC ("Defendant" or "FCA"). (Dkt. No. 215-1 at 6.) Plaintiffs assert that their vehicles' clutches fail and stick to the floor which cause their vehicles to stall, to not accelerate, and result in "premature failure of the transmission's components, including, but not limited to, the clutch master cylinder and reservoir hose, clutch slave cylinder and release bearing, clutch disc, pressure plate, and flywheel." (Dkt. No. 104, FAC ¶ 2.)

## II. Analysis

### A. <u>Daubert</u> Legal Standard

The trial judge must act as the gatekeeper for expert testimony by carefully applying Federal Rule of Evidence ("Rule") 702 to ensure specialized and technical evidence is "not only relevant, but reliable." <u>Daubert v. Merrell Dow Pharms. Inc.</u>, 509 U.S. 579, 589 & n.7 (1993); <u>accord</u> <u>Kumho Tire Co. Ltd. v. Carmichael</u>, 526 U.S. 137, 147 (1999) (<u>Daubert</u> imposed a special "gatekeeping obligation" on trial judges).

Under Rule 702, a witness, "qualified as an expert by knowledge, skill, experience, training, or education, may testify" . . . if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702. The proponent of the evidence bears the burden of proving the expert's testimony satisfies Rule 702. <u>Lust By & Through Lust v. Merrell Dow Pharm., Inc.</u>, 89 F.3d 594, 598 (9th Cir. 1996).

2

16cv1617-GPC(JLB)

In applying Rule 702, the Ninth Circuit "contemplates a broad conception of expert qualifications." Hangarter v. Provident Life & Accident Ins. Co., 373 F.3d 998, 1015 (9th Cir. 2004) (quoting Thomas v. Newton Int'l Enters., 42 F.3d 1266, 1269 (9th Cir. 1994)). "Shaky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion." Primiano v. Cook, 598 F.3d 558, 564 (9th Cir. 2010) (citing Daubert, 509 U.S. at 596).

On the other hand, the district court must act as a gatekeeper to exclude "junk science." Messick v. Novartis Pharms. Corp., 747 F.3d 1193, 1199 (9th Cir. 2014); Ellis v. Costco Wholesale Corp., 657 F.3d 970, 982 (9th Cir. 2011) ("Under Daubert, the trial court must act as a "gatekeeper" to exclude junk science that does not meet Federal Rule of Evidence 702's reliability standards by making a preliminary determination that the expert's testimony is reliable.").

Under Daubert, scientific evidence must be both reliable and relevant. Daubert, 509 U.S. at 590-91. Scientific evidence is reliable "if the principles and methodology used by an expert are grounded in the methods of science." Clausen v. M/V New Carissa, 339 F.3d 1049, 1056 (9th Cir. 2003). The focus of the district court's analysis "must be solely on principles and methodology, not on the conclusions that they generate." Daubert, 509 U.S. at 595. "[T]he test under Daubert is not the correctness of the expert's conclusions but the soundness of his methodology." Daubert v. Merrell Dow Pharms., Inc., 43 F.3d 1311, 1318 (9th Cir. 1995) ("Daubert II"). Second, the proposed expert testimony must be "relevant to the task at hand," meaning that it "logically advances a material aspect of the proposing party's case." Daubert, 509 U.S. at 597.

As one Ninth Circuit court simply stated, the test is "whether or not the reasoning is scientific and will assist the jury. If it satisfies these two requirements, then it is a matter for the finder of fact to decide what weight to accord the expert's testimony." Kennedy v. Collagen Corp., 161 F.3d 1226, 1231 (9th Cir. 1998). "Disputes as to the strength of [an

3

expert's] credentials, faults in his use of [a particular] methodology, or lack of textual authority for his opinion, go to the weight, not the admissibility, of his testimony.'" Id. (quoting McCullock v. H.B. Fuller Co., 61 F.3d 1038, 1044 (2d Cir. 1995)).

## B. Motion to Exclude Steven Boyles

Defendant seek to exclude the testimony and report of Stephen Boyles, Plaintiffs' damages expert. Plaintiffs respond that Defendant merely challenges the underlying conclusions of Boyles' opinion which is subject to cross-examination at trial, not exclusion.

Boyles is a Certified Public Accountant ("CPA") and has been in public accounting for more than 17 years. (Dkt. No. 216-1, Zohdy Decl., Ex. L. at 91.) He was retained to provide a methodology to determine damages on a class wide basis for Plaintiffs' claims. (Id. at 92.) He provides two approaches to quantify the damage value to class members as a result of the clutch defect. One is the benefit of the bargain damages model in which Boyles provides a formula to calculate the difference in the value represented against the value actually received that can be applied using the appropriate variable inputs. (Dkt. No. 216-1, Zohdy Decl., Ex. L at 94-99.) The second method, the out of pocket reimbursement approach, provides restitution to class members for amounts they actually paid to correct the defect by a receipt for the same components referenced in the formula. (Id.)

First, FCA argues that Boyles' opinions are not relevant because his "benefit of the bargain" damages model does not take into consideration that class members received some benefit from their vehicles' original clutch system as Judge Koh held in Nguyen v. Nissan N. America, Inc., Case No. 16cv5591-LHK, 2018 WL 1831857, (N.D. Cal. Apr. 9, 2018). In Nguyen, the district court rejected Boyles' proposed damages calculations and denied certification for the plaintiffs' failure to satisfy Comcast, because Boyles' damages model failed to take into consideration that the "extended use of the defective CSCs indicates that they hold at least some value . . . ." Id. at 5-7. In response, Plaintiffs disagree with Judge Koh's ruling arguing the benefit of the bargain approach places the consumer

in the position he or she would have been in if the vehicles were merchantable at the time of sale.

Here, Defendant challenges the conclusions of Boyles' benefit of the bargain theory because it fails to account for the value or benefit the class members received from the use of the original components prior to the manifestation of the defect. As stated above, any challenges to an expert's conclusion is not proper under Daubert and is to be reserved for trial. See Daubert, 43 F.3d at 1318.

Next, FCA contends that Boyles' proposed formula is not expert testimony because he merely presents a simple mathematical formula for calculating the cost of any repair (hours x labor rate + part cost), and does not constitute "expert" testimony. Boyles, in fact, agreed that it was a straightforward formula. (Dkt. No. 231-4, Azar Decl., Ex. B, Boyles Depo. at 60:5-6.) Plaintiffs oppose.

While the mathematical formula eventually developed by Boyles is a simple formula, it was created after careful review of the facts of the case, the theories alleged and consideration of different variables. Therefore, the Court concludes that the Boyles' development of the formula is not simply grade-school arithmetic as FCA alleges and involves an analysis of information and theories sufficient to constitute expert testimony.

Finally, Defendant argues that Boyles' opinions are not reliable because his calculations are based on insufficient data as he testified during his deposition. Plaintiffs question Defendant's argument because Boyles' calculations are based on evidence produced by FCA.

"Under Rule 702 and Daubert, the proper analysis is not whether some of the inputs can be questioned, but whether [the expert's] testimony is relevant and reliable, and whether the methods and principles upon which [he] has relied in forming [his] opinion have a sound basis in science." People v. Kinder Morgan Energy Partners, L.P., 159 F. Supp. 3d 1182, 1190 (S.D. Cal. 2016) (quoting Abarca v. Franklin Cty. Water Dist., 761

5

F. Supp. 2d 1007, 1033 (E.D. Cal. 2011)) (rejecting defendant's challenge to expert's opinion that relied on data and information as unreliable).

Boyles acknowledges in his report that he was not provided with sufficient pricing data to develop average prices for each component within California but instead uses costs analyses prepared by FCA and other price sheets to operate the formula. (Dkt. No. 216-1, Zohdy Decl., Ex. L at 97.) He states that if actual prices are obtained and applied, the formula would accurately quantify the reasonable recovery amount for each class member. (Id. at 98.) Boyles also stated that he was not aware of labor rates for automotive repairs in California, and relied on documents produced to him about the labor pricing for automotive repairs. (Dkt. No. 231-4, Azar Decl., Ex. B, Boyles Depo. at 40:3-43:2.)

Defendant's challenge to the data or input underlying Boyles' formula calculations is subject to cross-examination at trial, and not exclusion. See Kinder Morgan Energy Partners, L.P., 159 F. Supp. 3d at 1190. Accordingly, in sum, Defendant's arguments are without merit and the Court DENIES Defendant's motion.

## Conclusion

Based on the above, the Court DENIES Defendant's motion to exclude the expert opinion testimony and report of Steven Boyles.

IT IS SO ORDERED.

Dated: June 7, 2018

Hon. Gonzalo P. Curiel
United States District Judge