# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS VICTORINO, *et al.* <br><br> Plaintiffs, <br><br> v. <br><br> FCA US LLC, <br><br> Defendant. | Case No. 3:16-cv-01617-GPC-JLB <br><br> **ORDER DENYING FCA US LLC'S *EX PARTE* MOTION FOR LEAVE TO FILE SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT** <br><br> Judge: Hon. Gonzalo P. Curiel |

On June 25, 2018, Defendant FCA US LLC ("Defendant") filed an *Ex Parte* Motion for Leave to File a Supplemental Motion for Summary Judgment. (Dkt. No. 269.) Plaintiff filed an opposition on June 27, 2018. (Dkt. No. 272.)

Defendant acknowledges that the Court's deadline for filing dispositive motions expired on January 5, 2018. It argues the supplemental motion is based on events that occurred after the deadline expired, and particularly the Court's order granting Defendant's motion for reconsideration filed on May 10, 2018. At that point, FCA concluded that it would be "wholly consistent for this Court to enter summary judgment in its favor on all remaining claims." (Dkt. No. 269-3, D'Aunoy Decl. ¶ 3.) However, for purposes of efficiency it waited for the Court's ruling on class certification filed on June 13, 2017 because of the possibility of an individual settlement if class certification was denied. (Id.) Then on June 18, 2018, Plaintiff's counsel informed Defendant that Victorino will seek permission to file an interlocutory appeal of the order denying class certification. (Id. ¶ 4.) On June 25, 2018, FCA filed the instant ex parte motion.

The deadline to file dispositive motion was on January 5, 2018. (Dkt. No. 110.) Rule 16(b) requires that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b). "Good cause" considers the diligence of the party seeking relief. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, (9th Cir. 1992). "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Id. (citing Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)). If the moving party was not diligent, then "the inquiry should end." Id.

Here, Defendant's reasons for waiting until June 25, 2018 to file a supplemental motion for summary judgment is not supported by good cause. As noted by Plaintiff, the Court has already considered and ruled on two motion for

summary judgment by FCA, a motion for reconsideration of the second motion for summary judgment and a motion for class certification.[1]  FCA claims on May 10, 2018, when the Court ruled on its motion for reconsideration, it realized the remaining claims against Victorino could be resolved on summary judgment. However, it is not clear why it did not seek to raise the remaining breach of implied warranty claims in its motion for reconsideration.  No new facts were discovered after May 10, 2018.  Moreover, the Court questions FCA's reason for waiting until the Court's ruling on class certification and Plaintiff's decision to seek permission to appeal the court's class certification order to seek leave of Court.  FCA has not demonstrated diligence in filing its proposed supplemental motion for summary judgment.

Thus, the Court DENIES Defendant's ex parte motion for leave of Court to file a supplemental motion for summary judgment.

IT IS SO ORDERED.

Dated:  June 28, 2018

Hon. Gonzalo P. Curiel
United States District Judge

---

[1] The Court notes that Defendant has litigated this case with vigor and filed a number of substantive motions in this case.  It has filed a motion to dismiss (Dkt. No. 12), an early motion for summary judgment, (Dkt. No. 50), motion to deny class certification, (Dkt. No. 58), motion for spoliation sanctions (Dkt. No. 116), motion for leave to file a third party complaint against J&E Auto Services, Inc., (Dkt. No. 121), second motion for summary judgment (Dkt. No. 151), motion for reconsideration of second motion for summary judgment, (Dkt. No. 212), and two motions to exclude expert testimony, (Dkt. Nos. 231, 232).

3