UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS VICTORINO and ADAM TAVITIAN, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FCA US LLC, a Delaware limited liability company, ,<br><br>Defendant. | Case No.: 16cv1617-GPC(JLB)<br><br>**ORDER GRANTING IN PART PLAINTIFF'S EX PARTE MOTION TO VACATE THE AMENDED SCHEDULING ORDER OR CONTINUE DATES PENDING RULING ON PLAINTIFF'S RULE 23(F) PETITION**<br><br>**[Dkt. Nos. 276, 279.]** |

On July 11, 2018, Plaintiff Carlos Victorino ("Plaintiff") filed an ex parte motion to vacate the current amended scheduling order, or to continue the pre-trial dates for sixty (60) days pending a ruling on Plaintiff's petition for permission to appeal order denying motion for class certification pursuant to Federal Rule of Civil Procedure ("Rule") 23(f).[1]

---

[1] Initially, Plaintiff filed a "Notice of Request for Status Conference and/or Order Staying This Matter or Continuing the Pretrial Dates Pending a Ruling on Plaintiff's Rule 23(f) Petition. (Dkt. No. 276.) On July 10, 2018, Defendant filed an opposition. (Dkt. No. 277.) Based on the arguments in Defendant's opposition, Plaintiff filed the instant ex parte motion. (Dkt. No. 279 at 3.)

1

(Dkt. No. 279.) Defendant filed an opposition on July 13, 2018. (Dkt. No. 283.) On the same day, Plaintiff filed a motion for leave to file a reply to his ex parte motion and attached a proposed reply. (Dkt. No. 284.) On July 16, 2018, Defendant filed an opposition to Plaintiff's motion for leave to file a reply. (Dkt. No. 285.) The Court exercises its discretion, and GRANTS Plaintiff's motion for leave to file a reply. Plaintiff shall file his reply as soon it receives this Court's ruling but the Court deems the Reply filed as of July 16, 2018. Based on the reasoning below, the Court GRANTS in part Plaintiff's ex parte motion to continue dates pending ruling on Plaintiff's Rule 23(f) petition.

## Discussion

On June 13, 2018, the Court denied Plaintiff's amended motion for class certification. (Dkt. No. 265.) On June 28, 2018, Plaintiff filed a notice of appeal of the Court's order on class certification pursuant to Rule 23(f). (Dkt. No. 274.) In the instant ex parte motion, Plaintiff seeks a stay of the pretrial proceedings until a ruling by the Ninth Circuit on his Rule 23(f) petition. Defendant disagrees.

According to the amended scheduling order, (Dkt. No. 209), the remaining deadlines that currently remain are the preparing of the pretrial order by July 20, 2018, the lodging of the proposed final pretrial conference order by July 27, 2018, and the final pretrial conference set with the Court on August 3, 2018. See id. The parties acknowledge and the Court notes that the Magistrate Judge, after the scheduling order had been amended several times, cautioned the parties that "the Court anticipates granting no further extensions absent extraordinary circumstances." (Dkt. No. 110.)

Federal Rule of Civil Procedure 23(f) provides that a petition to appeal an order denying class certification does not stay the proceedings of the district court "unless the district judge or the court of appeals so orders." Fed. R. Civ. P. 23(f). The district court

has discretion to order a stay. Lambert v. Nutraceutical Corp., 870 F.3d 1170, 1180 (9th Cir. 2017).

In determining whether to grant a stay pending the resolution of a Rule 23(f) petition to appeal, district courts balance the four factors used to decide whether to stay an action which are: "(1) likelihood of success on the merits of the appeal; (2) harm to the defendant in the absence of a stay; (3) harm to the plaintiff if the action is stayed; and (4) the public interest." Altamura v. L'Oreal, USA, Inc., Nos. CV 11-5465 CAS(JCx), CV 11-1067 CAS(JCx), 2013 WL 4537175, at *1 (C.D. Cal. Aug. 26, 2013) (citing Leiva–Perez v. Holder, 640 F.3d 962, 964-70 (9th Cir. 2011)); Garvey v. Kmart Corp., No. C 11-2575 WHA, 2012 WL 12919626, at *1 (N.D. Cal. Aug. 22, 2012) (same). These factors are to be "evaluated on a flexible continuum, but the serious legal question and the irreparable injury prongs are the most critical." Mauss v. NuVasive, Inc., Case No. 13cv2005 JM (JLB), 2017 WL 4838826, at *1 (S.D. Cal. Apr. 27, 2017) (citations omitted). Both parties only address the two key factors, whether the Petition raises a serious legal question and whether Plaintiff would be irreparably harmed without a stay.

Plaintiff contends that his petition raises serious and substantial legal questions which include whether the Court's denial of class certification based on rejecting the benefit-of-the bargain damages model was manifest error, whether statutory damages can satisfy Rule 23(b)(3) on a claim for implied warranty of merchantability; and whether the Act's[2] implied warranties provision apply to used vehicles covered by the manufacturer's new car warranty. Defendant disagrees arguing that the Court correctly applied Ninth Circuit authority and Plaintiff has admittedly stated that the clutch master cylinder and clutch slave cylinder components in his car had value; therefore the Court's ruling on the benefit of the bargain damages was proper. While Plaintiff raises a plausible argument

---

[2] Plaintiff does not specify which Act he is referring to.

3

concerning his damages theories, the Court disagrees that they are serious and substantial legal questions. See e.g., Philips v. Ford Motor Co., 726 Fed. App'x 608 (9th Cir. 2018) (affirming the district court's exclusion of the plaintiffs' damages expert for failing to apply the "expected utility" theory of damages, and instead applied the full refund theory, assuming that the EPAS systems had no value).

Next, Plaintiff argues that he and the Class will suffer irreparable harm because he will incur significant costs in preparing to try the case as an individual action when there are still outstanding issues as to whether the case will be certified. In response, Defendant argues that Plaintiff has not shown any irreparable injury that would be rendered "unnecessary" even if the Ninth Circuit grants his Rule 23(f) petition and reverses the certification ruling. In reply, Plaintiff disagrees contending that preparing a class trial and an individual trial are "fundamentally different" and preparing for an individual trial now would be a fruitless exercise that will need to be redone if the court's ruling was revered. (Dkt. No. 284 at 5-6.)

The cost of pretrial litigation may amount to irreparable harm if it is substantial, unrecoverable and wasteful but also may not be irreparable harm if pretrial litigation costs are inevitable regardless of the results of the appeal, manageable or "avoidable by tailored procedures." Pena v. Taylor Farms Pacific, Inc., No. 13cv1282-KJM-AC, 2015 WL 5103157, at *4 (E.D. Cal. Aug. 31, 2015). In Reyes, the district court did not find irreparable harm that would warrant a stay while a Rule 23(f) petition was pending because the costs related to trying the case as a class action will not be rendered unnecessary. Reyes v. Educational Credit Mgmt. Corp., Case No., 15cv628-BAS-AGS, 2017 WL 4640418, at *4 (S.D. Cal. Oct. 17, 2017).

In this case, all that remains are two dates related to pre-trial preparations. Discovery and dispositive motions as well as class certification motions have been ruled on. There is one cause of action for breach of the implied warranty under state and

4

federal law. Any pre-trial work for Victorino, as an individual, would necessarily be conducted even if the Ninth Circuit reversed the court's ruling on class certification. If the Ninth Circuit disagrees with the Court's ruling on certification, the case would shift from an individual claim of breach of implied warranty to a class action. In such a case, the Court would grant the parties' leave to conduct any supplemental pretrial proceedings to include a class action. The Court concludes that Plaintiff has not demonstrated irreparable harm. Because Plaintiff has failed to demonstrate the two key factors to support a stay, the Court concludes a stay is not justified. Moreover, Plaintiff has not demonstrated extraordinary circumstances justifying vacating the amended scheduling order. (See Dkt. No. 110.)

Because the parties and the Court agree that a trial should not be scheduled until a ruling by the Ninth Circuit, the Court GRANTS in part Plaintiff's ex parte motion and continues the final pretrial conference date from August 3, 2018 to **August 31, 2018.**

**Conclusion**

Based on the above, the Court GRANTS in part Plaintiff's ex parte motion and continues the final pretrial conference set August 3, 2018 to **August 31, 2018**. All other dates in the amended scheduling order will remain.

IT IS SO ORDERED.

Dated: July 17, 2018

Hon. Gonzalo P. Curiel
United States District Judge