Steven R. Weinmann (SBN 190956)
Steven.Weinmann@capstonelawyers.com
Tarek H. Zohdy (SBN 247775)
Tarek.Zohdy@capstonelawyers.com
Cody R. Padgett (SBN 275553)
Cody.Padgett@capstonelawyers.com
Trisha K. Monesi (SBN 303512)
Trisha.Monesi@capstonelawyers.com
Capstone Law APC
1875 Century Park East, Suite 1000
Los Angeles, California 90067
Telephone:   (310) 556-4811
Facsimile:    (310) 943-0396

*Attorneys for Plaintiff and the Class*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS VICTORINO, individually, and on behalf of a class of similarly situated individuals,<br><br>             Plaintiffs,<br><br>       v.<br><br>FCA US LLC, a Delaware limited liability company,<br><br>             Defendant. | Case No.: 16-cv-1617-GPC-JLB<br><br>Hon. Gonzalo P. Curiel<br><br>**PLAINTIFF'S RESPONSE TO FCA US LLC'S SUBMISSION OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS MOTION TO DECERTIFY OR TO MODIFY CLASS DEFINITION**<br><br>Complaint Filed: June 24, 2016<br>Courtroom:        2D<br>Trial Date:         None Set<br><br>Date:     May 15, 2020<br>Time:    1:30 p.m.<br>Dept:     2D |

1   Plaintiff Carlos Victorino respectfully responds to Defendant FCA US LLC's

2   submission of supplemental authority, ECF No. 345, which alerts the Court to an

3   unpublished and distinguishable district court order, *Sloan v. Gen. Motors LLC*,

4   2020 WL 1955643 (N.D. Cal. Apr. 23, 2020).

5   While *Sloan* is a class action based on an alleged vehicle defect, it has no

6   bearing in this suit. One critical difference between the cases are the classes at issue.

7   The class properly certified by this Court consists of "[a]ll persons who purchased or

8   leased in California, from an authorized dealership, a new Class Vehicle primarily

9   for personal, family, or household purposes." (ECF No. 318, at 24:6-8.) The *Sloan*

10   classes included "[a]ll current and former owners or lessees of a Class Vehicle that

11   was purchased or leased" in various states. *Id.* at *2-3. Thus, unlike here, the Sloan

12   class definition included prior owners as well as purchasers of used class vehicles,

13   along with current owners and purchasers of new vehicles. The inclusion of both

14   prior owners ***and*** used purchasers of a class vehicle created potential damages

15   calculations problems because the prior owner of a class vehicle would have to split

16   the damages with the subsequent used purchaser. Nonetheless, the *Sloan* plaintiffs

17   argued that their "'cost of repair' damages model" can adequately addressed any

18   problems, as "it would also be possible 'to allocate damages among multiple owners

19   of a single vehicle' based on mileage." *Id.* at *47.

20   While the district court in *Sloan* agreed that, consistent with *Nguyen v. Nissan*

21   *North America, Inc.*, 932 F.3d 811 (2019), the plaintiff's benefit-of-the-bargain

22   theory is tied to their theory of liability, the district court found that the plaintiff's

23   damages model could not be reconciled with a class definition comprising both prior

24   owners and current purchasers of *used* class vehicles. The district court concluded

25   that "requiring [the defendant] to pay a current owner of a used vehicle the full cost

26   of repair in addition to paying some pro-rata benefit to prior owners would subject

27   GM to multiple recovery." *Sloan*, 2020 WL 1955643, at *48. Because allocating

28   "cost of repair" damages to both a prior owner and a current purchaser of the used

class vehicle proved too problematic, the district court limited the class to solely current owners.

Here, as in *Nguyen*, there are no such circumstances because the class definition specifically excludes used purchasers. The class vehicle must have been new when purchased or leased in order for the purchaser or lessee to fit within the class definition certified by this Court. *Nguyen* similarly excludes purchasers or lessees of used class vehicles and includes individuals who purchased or leased a new class vehicle from an authorized dealer. *See Nguyen*, 932 F.3d at 815. (Plaintiff sought to certify "a class of '[a]ll individuals in California who purchased or leased, from an authorized Nissan dealer, a new Nissan vehicle equipped with a FS6R31A manual transmission.'"). Unlike in *Sloan*, there is no need to make a distinction between former or current owners and lessees when the class is defined by the purchase or lease of a *new* class vehicle. Indeed, the Ninth Circuit in *Nguyen* makes no such distinction. Pursuant to *Nguyen*, Plaintiff's damages model is consistent with his theory of liability, which is based on the point of sale, where the benefit-of-the-bargain model limits recovery to the difference in value at the point of sale between a class vehicle with a defective clutch system and on with a defect-free clutch system. As there can only be one point of sale for a new vehicle, the "cost of repair" damages would not extend to purchasers of used vehicles. Thus, the certified class here correctly excludes individuals purchasing used class vehicles.  To the extent that *Sloan* turns on the double recovery given to a group of individuals excluded from the class definition—purchasers of used vehicles—it has no application here. In other respects, *Sloan* provides further support for this Court's certification order by confirming, yet again, that the "cost of repair" damages model satisfies predominance for a class of purchasers and lessees of new vehicles.

1   Dated:  May 5, 2020                    Respectfully submitted,

2

3                                          **CAPSTONE LAW APC**

4

5                                 By:   */s/* Tarek H. Zohdy
                                        Steven R. Weinmann
6                                       Tarek H. Zohdy
                                        Cody R. Padgett
7                                       Trisha K. Monesi

8
                                        *Attorneys for Plaintiff and the Class*
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28