William M. Low (Bar No. 106669)
wlow@higgslaw.com
Edwin Boniske (Bar No. 265701)
boniske@higgslaw.com
HIGGS FLETCHER & MACK LLP
401 West "A" Street, Suite 2600
San Diego, CA  92101-7913
Telephone:  (619) 236-1551
Facsimile:   (619) 696-1410

Kathy A. Wisniewski (admitted *pro hac vice*)
kwisniewski@thompsoncoburn.com
Stephen A. D'Aunoy (admitted *pro hac vice*)
sdaunoy@thompsoncoburn.com
Thomas L. Azar, Jr. (admitted *pro hac vice*)
tazar@thompsoncoburn.com
Jan Paul Miller (admitted *pro hac vice*)
jmiller@thompsoncoburn.com
THOMPSON COBURN LLP
One US Bank Plaza
St. Louis, Missouri  63101
Telephone:  (314) 552-6000
Facsimile:   (314) 552-7000

*Attorneys for Defendant FCA US LLC*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS VICTORINO,<br><br>          Plaintiff,<br><br>v.<br><br>FCA US LLC,<br><br>          Defendant. | Case No.  3:16-cv-01617-GPC-JLB<br><br>**FCA US LLC'S REPLY REGARDING ITS SUBMISSION OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS MOTION TO DECERTIFY OR TO MODIFY CLASS DEFINITION**<br><br>Complaint Filed: June 24, 2016<br><br>Trial Date:       None Set<br>Hearing Date:  May 15, 2020<br>Time:              1:30 p.m.<br>Courtroom:     2D<br>Judge:             Hon. Gonzalo P. Curiel |

In support of its Motion to Decertify or to Modify Class Definition, Defendant FCA US LLC has submitted the recent opinion in *Sloan v. Gen. Motors LLC*, 2020 WL 1955643 (N.D.Cal. 2020), as support for its argument that the class must be decertified or modified to exclude former owners of vehicles. Plaintiffs now argue that *Sloan* "has no bearing in this suit," but they proffer only one explanation for this contention. ECF #346, p. 1. Specifically, Plaintiffs argue that because the certified class here does not include "used" vehicle purchasers there "can only be one point of sale for a new vehicle." *Id.* at pp. 1-2.[1] But, this is a distinction without a difference and had absolutely nothing to do with the analysis in *Sloan*.

The court in *Sloan* excluded former vehicle owners from the class because it found that benefit-of-the-bargain damages based on a "cost of repair" can only make a current owner whole, ***not*** a past owner. 2020 WL 1955643 at *48. Of particular import here is the *Sloan* court's express recognition that ***both*** "prior owners or lessees may have been harmed by paying more for their vehicles than they would have had they been aware of" an alleged defect, but, yet, there can be only one cost-of-repair damage award. *Id.* Based on this, the *Sloan* court concluded that since Plaintiff's damage theory was that "by repairing the defect, Plaintiffs will receive the benefit of their bargain and be restored to the position they would have occupied but for the defect," these damages must go to the current owner so he can get that repair. *Id.* In other words, the *Sloan* court found (correctly) that those who no longer owned their vehicles would not be "made whole" by a cost of repair damage award as was the goal of the damage theory, even if they had purchased their vehicles new. *Id.*

This logical finding fully supports FCA US's argument as to why the class here needs to be decertified or at least limited to current owners. As FCA US explains in its motion, it is improper to include in the class those vehicle owners who have resold their vehicles because there is only a ***single*** "cost of repair" damage award available ***per***

---

[1] Plaintiff wrongly suggests throughout his Response that the class at issue in *Sloan* included only "used" vehicle purchasers. The class under consideration actually included current owners of both new and used vehicles. *See* 2020 WL 1955643 at *39.

*vehicle* (regardless of how many "points of sale" there may have been), and determining whether that single award belongs to the original owner or a subsequent owner(s), or partially to each of them, raises a significant individual issue which defeats predominance. *See* ECF #337-1, pp. 5-8.

Plaintiffs do ***not*** dispute that they proffer the ***exact same*** classwide "cost of repair" damage model here as did the plaintiff in *Sloan*. And, their own expert's stated basis for his conclusion that this damage model is appropriate is exactly the same as the expert concluded in *Sloan*, *i.e.,* "[p]ayment in the amount of the cost necessary to cure the Clutch Defect would make Class Members whole and provide them with the benefit of their bargain." ECF 311-3, PageID.10863 at ¶ 11. As the court found in *Sloan*, even former owners who purchased their vehicles new are not the ones who will be made whole by a cost-of-repair damage award (they will, in fact, be made more than whole); such an award belongs to the current owners of the vehicles even if they purchased their vehicles used. Thus, the class should be decertified or redefined to include only current owners.

Dated:  May 6, 2020

**HIGGS FLETCHER & MACK LLP**

By:  */s/ Edwin Boniske*
William M. Low (Bar No. 106669)
Edwin Boniske (Bar No. 265701)

**THOMPSON COBURN LLP**
Kathy A. Wisniewski
Stephen A. D'Aunoy
Thomas L. Azar, Jr.
Jan Paul Miller

*Attorneys for FCA US LLC*