UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS VICTORINO and ADAM TAVITIAN, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FCA US LLC, a Delaware limited liability company, ,<br><br>Defendant. | Case No.: 16cv1617-GPC(JLB)<br><br>**ORDER GRANTING IN PART PLAINTIFF'S RENEWED MOTION FOR ORDER FOR APPROVAL OF PROPOSED CLASS NOTICE AND NOTICE PLAN**<br><br>**[Dkt. No. 350.]** |

Before the Court is Plaintiff's renewed motion for order for approval of proposed class notice and notice plan filed on May 29, 2020. (Dkt. No. 350.) Defendant filed an opposition on June 5, 2020. (Dkt. No. 351.) Plaintiff filed a reply on June 12, 2020. (Dkt. No. 352.) The Court finds that the matter is appropriate for decision without oral argument pursuant to Local Civ. R. 7.1(d)(1). Based on the reasoning below, the Court GRANTS in part Plaintiff's renewed motion for approval of proposed class notice and notice plan.

/ / /

**Background**

Plaintiff Carlos Victorino[1] ("Victorino" or "Plaintiff") filed a putative first amended class action complaint ("FAC") against Defendant FCA US LLC ("FCA" or "Defendant") based on defects in the 2013-2016 Dodge Dart vehicles equipped with a Fiat C635 manual transmission that cause his vehicle's clutch to fail and stick to the floor. (Dkt. No. 104, FAC ¶¶ 1, 2, 52.) The FAC alleged five causes of action for violations of California's Consumer Legal Remedies Act ("CLRA"), California's unfair competition law ("UCL"), breach of implied warranty pursuant to the California's Song-Beverly Consumer Warranty Act ("Song-Beverly Act"), breach of implied warranty pursuant to the federal Magnuson-Moss Warranty Act ("MMWA"), and unjust enrichment. (Dkt. No. 104, FAC.) After the Court's ruling on Defendant's motion for summary judgment and subsequent motion for reconsideration, (Dkt. Nos. 206, 240), the remaining causes of action in the case are the breach of implied warranty of merchantability under the Song-Beverly Act and the MMWA, and a UCL claim premised on the breach of implied warranty claims.

On June 13, 2018, the Court denied class certification and relied on the reasoning in *Nguyen v. Nissan North Am.,* Case No. 16cv5591-LHK, 2018 WL 1831857 (N.D. Cal. Apr. 9, 2019), to deny class certification on the issue of whether Plaintiff's damages model satisfied predominance. (Dkt. No. 265.) On July 26, 2019, the Ninth Circuit reversed the district court's denial of class certification in *Nguyen* and remanded the case for further proceedings. *See Nguyen v. Nissan North Am., Inc.*, 932 F.3d 811 (9th Cir. 2019). On October 17, 2019, the Court granted Plaintiff's renewed motion for class certification relying on the Ninth Circuit's reasoning in *Nguyen*. (Dkt. No. 318.) The

---

[1] Plaintiff Adam Tavitian was also a named Plaintiff in the FAC but, due to a settlement, the Court granted the parties' joint motion to dismiss him on June 22, 2018. (Dkt. Nos. 259, 260, 266, 267.)

Court certified a Class consisting of "[a]ll persons who purchased or leased in California, from an authorized dealership, a new Class Vehicle primarily for personal, family, or household purposes." (*Id.* at 24.)

On February 12, 2020, Plaintiff filed a motion for order for approval of proposed class notice and notice plan which Defendant opposed. (Dkt. Nos. 332, 333, 336, 339.) On March 24, 2020, Defendant filed a motion to decertify class which was fully briefed. (Dkt. Nos. 337, 342, 344.) On May 8, 2020, the Court denied FCA's motion to decertify and, in light of its ruling, directed the parties to meet and confer about the Plaintiff's motion for order for approval of proposed class notice and notice plan and set a new briefing schedule in the event the parties were unable to agree. (Dkt. No. 348.) Plaintiff filed the instant renewed motion for order for approval of proposed class notice and notice plan which is now fully briefed. (Dkt. Nos. 350, 351, 352.)

## Discussion

Under Rule 23, a court must "direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B); *Eisen v. Carlisle and Jacquelin*, 417 U.S. 156, 173 (1974) ("Individual notice must be sent to all class members whose names and addresses may be ascertained through reasonable effort.").

> The notice must clearly and concisely state in plain, easily understood language:
>
> (i) the nature of the action;
> (ii) the definition of the class certified;
> (iii) the class claims, issues, or defenses;
> (iv) that a class member may enter an appearance through an attorney if the member so desires;
> (v) that the court will exclude from the class any member who requests exclusion;
> (vi) the time and manner for requesting exclusion; and
> (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).  FCA presents six objections to Plaintiff's renewed motion.

## A.  Overbroad Notice

FCA generally objects to the notice plan of using Vehicle Identification Numbers ("VINs") to identify class members because while VINs can identify vehicles sold new from an authorized dealership, it cannot identify who purchased the vehicle "primarily for personal, family, or household purposes."  (Dkt. No. 351 at 3-4.)  FCA claims that Plaintiff's notice procedure will produce an overbroad number of purchasers who have no rights in the case.  (*Id.*)  Plaintiff responds that there is no evidence in the record that a significant number of the purchasers would buy or lease the Class Vehicles primarily for business use; therefore, dissemination of notice to a small number of non-class members does not contravene Rule 23(c)(2).

Notice to a broader group than the class definition is acceptable as long as there is some link or connection between the method of class notice and the class definition.  *See Bowerman v. Field Asset Servs., Inc.*, Case No. 13-cv-00057-WHO, 2015 WL 5569061, at *4 (N.D. Cal. Sept. 21, 2015) ("[T]he best notice practicable under the circumstances was notice to a group that was broader than the class definition but included the complete universe of class members. This was an acceptable and unremarkable method of delivering notice to the class.") (citing *Alberton v. Commonwealth Land Title Ins. Co.*, No. 06-cv-03755, 2010 WL 1049581, at *3-4 (E.D. Pa. Mar. 17, 2010) (rejecting argument that proposed mailing list for class notice was improper because it "does not track the contours of the class certified by the Court;" noting that "the notice proposed by plaintiffs is merely a notice of the pendency of the class action and does not guarantee that an individual receiving a . . . notice is entitled to participate"); and *Macarz v. Transworld Sys. Inc.*, 201 F.R.D. 54, 59-61 (D. Conn. 2001) (requiring notice to each person on list in defendant's possession where list was approximately 25 percent overinclusive but "approximately three-quarters of the notices sent to the names on the

proposed list would result in notice to all class members"")); *see also Yeoman v. Ikea U.S. W., Inc.,* No. 11CV701 WQH BGS, 2013 WL 5944245, at *6 (S.D. Cal. Nov. 5, 2013) ("Notice to individuals is improper and not required by Rule 23 when it is overly broad or over-inclusive").  In *Yeoman*, the plaintiff alleged that defendant Ikea requested and recorded zip codes from customers during credit card transactions in violation of California's Song-Beverly Credit Card Act of 1971. *Id.* at *1.  Because the names and addresses of class members were not easily discernable, the plaintiff proposed using Ikea's general email list to notify potential class members. *Id.*  The defendant argued, and the court agreed, using Ikea's email list containing 1.6 million addresses obtained from a variety of sources, including "Ikea sign up forms, the Ikea Family Program, Ikea's website registration pages, [ ] and Ikea's partnerships with other media channels" was "overbroad, overinclusive, and not the best method 'practicable under the circumstances'" because Ikea's email list "bears no reasonable relationship to the membership in the class." *Id.* at *4, 6.

Similarly, no link was found between customers who shared their email addresses with a retail provider and class member customers who were denied a price match. *Jermyn v. Best Buy Stores, L.P.*, No. 08 CIV. 00214 CM, 2010 WL 5187746, at *7 (S.D.N.Y. Dec. 6, 2010).  In *Jermyn,* plaintiff alleged that defendant Best Buy failed to honor a program it promoted to price match goods sold by its competitors in certain circumstances. *Id.* at *1-2.  The plaintiff proposed using the defendant's general email list because individual notice was impossible due to neither party having any way of identifying such class member customers. *Id.* at *4.  Ultimately, the Jermyn court held there was no link between Best Buy's general email list and those class-member-customers who were denied a price match by defendant. *Id.* at *7.  The court reasoned that not only was the email list used for various purposes, but it also might not necessarily correspond to customers who were denied a price match. *Id.*

5

Here, FCA does not challenge that VINs of the Class Vehicles can identify purchasers of new vehicles sold by an authorized dealership in California and this establishe a connection between the notice and the class definition.  The issue is whether the purchases were made "primarily for personal, family, or household purposes."  To date, there has been no showing that there has been a significant amount of sales of the Class Vehicles for commercial reasons; therefore, an overinclusive group that would encompass a small number of commercial purchasers, who may not be class members, is not a bar to the notice procedure and satisfies Rule 23(c)(2).

**B.    Short Form Summary Notice**

FCA objects to Plaintiff's proposal to mail a short-form "postcard" notice as legally inadequate and insufficient to comply with the best notice practicable.  (Dkt. No. 351 at 5.)  While the short-form notice directs the purchaser to a website in order to access the long-form notice, FCA argues it is not proper to put the burden on the class member to affirmatively seek out information in order to make an informed decision about whether to opt out.  (*Id.*)  Instead, FCA proposes that Plaintiff should mail out the long-form notice.  Plaintiff replies that there is no authority to support FCA's contention and its short form notice includes all requirements under Rule 23.  (Dkt. No. 352 at 6-7.)

In this case, the notice plan includes direct mailing of a Summary Notice that includes all information listed under Rule 23(c)(2)(B) and will be combined with publication of the long-form notice to a case website where the website will also include copies of the operative complaint and the class certification order.  (Dkt. No. 352 at 5-6.)  Plaintiff claims it is not burdensome for class members to go to a website for more details on a case; in fact, many class members prefer to use the website and those without internet access may request a long-form notice by calling the phone number listed on the Summary Notice.

1    In the case of *In re Volkswagen "Clean Diesel" Mktg., Sales Practices & Prod.
2    Liab. Litig.*, 746 Fed. App'x 655, 658 (9th Cir. 2018), the Ninth Circuit rejected an
3    objector's challenge to the short-form notice sent to 2.0 liter class members that failed to
4    include information about 3.0-liter class members' compensation.  The Ninth Circuit
5    noted that the short-form notice was one part of a broader notice program and that
6    because the short-form notice directed 2.0-liter class members to the settlement website
7    and included the long-form notice that contained the information that the objector argued
8    was lacking, it was sufficient and adequate.  *Id.* at 658.
9    Here, FCA has not provided any legal authority to support its argument.
10   Accordingly, the Court approves the short-form notice that directs purchasers to a
11   website that will contain the long-form notice, the operative complaint as well as the
12   Court's order granting class certification as sufficient.  However, the Court notes two
13   deficiencies.  First, contrary to Plaintiff's claim that the short-form notice complies with
14   Rule 23(c)(2)(B), the short form does not inform that "a class member may enter an
15   appearance through an attorney if the member so desires", *see* Rule 23(c)(2)(B).  Second,
16   Plaintiff states that the website will include posting of the operative complaint and class
17   certification order.  (Dkt. No. 352 at 6; Dkt. No. 350-4 at 5.)  However, the Court notes
18   that the Third-Party Administrator states that the class website will only include "links to
19   the Order, Class Notice and Request for Exclusion Form." (Dkt. No. 350-7, Green Decl.
20   ¶ 12.)  There is no mention of the operative complaint.  Accordingly, Plaintiff must cure
21   these deficiencies noted by the Court.

## C.  Facts about Plaintiff

Third, FCA objects because Plaintiff refuses to provide specific facts concerning his vehicle, the vehicle's experience, the admission he has made that affect the remaining claims and what has occurred with the various claims he originally filed. (Dkt. No. 351 at 7-8.)  This information is material for class members to decide the risk of staying in the

1  class or not.  Plaintiff responds that the long and short form notice provide information
2  about the risks, benefits and options as required by Rule 23(c)(2)(B) and personal
3  information about Victorino is not appropriate and not necessary.  (Dkt. No. 352 at 7.)
4  Class members will have access to the operative complaint and he does not have to
5  provide details about his car.  Moreover, they can read the operative complaint in order to
6  obtain additional information about Plaintiff's vehicle.

7        The Court agrees with Plaintiff that the long and short form notices inform the
8  class members of material information in order to make an informed decision about
9  whether to remain a class member.  FCA's citation to *Krzesniak v. Cendant Corp.*, No. C
10 05-5156 MEJ, 2007 WL 4468678, at *1 (N.D. Cal. Dec. 17, 2007) only asserts a legal
11 proposition that the class notice only have "information that a reasonable person would
12 consider to be material in making an informed, intelligent decision of whether to opt-out
13 or remain a member of the class."  Moreover, FCA's reference to Manual of Complex
14 Litigation, Fourth, § 21.311 only provides that class members should "describe succinctly
15 the positions of the parties; identifies the opposing parties, class representatives, and
16 counsel; describe the relief sought; and explain any risks and benefits of retaining class
17 membership and opting out, while emphasizing that the court has not ruled on the merits
18 of any claims or defenses."  *Id.*   The citations do not support FCA's argument that the
19 details of the litigation concerning Plaintiff need to be provided in the class notice.

20       The Long Form Notice explains the defect in the Class Vehicles, Plaintiff's
21 allegations and FCA's position, that the Court has not made a decision as to who is right
22 and Plaintiff will still need to prove his claims at trial and that there is no guarantee that
23 money will be recovered. (Dkt. No. 350-4 at 5.)   The class notice is sufficient to provide
24 the class members with information to make a decision whether to opt out or remain a
25 class member.
26 / / /
27
28

### D.      FCA's Defenses

Fourth, Defendant claims that Plaintiff refuses to incorporate the FCA's defenses to the certified claims.  (Dkt. No. 351 at 8.)  Plaintiff objects because FCA seeks to include fabricated findings of the court.  (Dkt. No. 352 at 9.)

FCA seeks to incorporate the following into the Class Notice:

**How has FCA US responded to the lawsuit?**

> The Court has determined that in order for the class to prevail, Mr. Victorino will have to prove that all Class Vehicles contained a defective reservoir hose at the time of sale.  FCA US contends that Mr. Victorino has no evidence to prove this.  The Court already found, earlier in this case, that Mr. Victorino has presented no evidence that "there is a defect in the [clutch master cylinder] and reservoir hose caused by leaching plasticizer in [his] vehicle," which findings would apply to the class claim to be tried.  In addition, the expert hired by Mr. Victorino to opine on whether a defect exists, has not looked at Mr. Victorino's vehicle and has conducted no testing on any clutch components in any vehicle.  FCA US also contends that Mr. Victorino has not been injured.  His vehicle has never undergone any reservoir hose repair. The only repairs to clutch system components in his vehicle were to wear items, and the result of normal wear and tear.  An inspection of his vehicle showed signs that it had not been properly maintained and that the vehicle had been driven hard and aggressively.

Dkt. No. 339-1, Ex. A.)  Currently, Plaintiff's notice states that FCA "is contesting this case,", "denies all the claims in the lawsuit and that it has done nothing wrong," and "contends that Mr. Victorino has no evidence to prove [a classwide defect]."  (Dkt. No. 350-4 at 2, 5.)

Under Rule 23, the notice must provide "the class claims, issues, or defenses." Fed. R. Civ. P. 23(c)(2)(B).  FCA cites to *Roberts v. Heim,* 130 F.R.D. 416, 422 (N.D. Cal. 1988) where the court concluded that the notice should "provide for a more balanced and detailed description of the action . . . The parties should draft additional language to inform potential class members of applicable defenses and cross-claims; the notice

9

should also distinguish between the state and federal classes." *Id.* at 422. However, in *Roberts*, the court did not provide what the original notice language included and provides no guidance on what amount of detail is necessary for presenting defenses in a class notice except that the class notice must be "balanced." *Id.*

A summary of FCA's proposed paragraph concerning its defenses essentially comes down to Victorino's lack of evidence to demonstrate that the Class Vehicles contain a defective clutch system at the time of sale which is already included in the long form notice. FCA's proposed paragraph is one-sided and seeks to discourage membership in the class, and if included, will not provide a balanced presentation of the parties' positions to inform class members whether to opt out or not. Accordingly, the Court overrules FCA's objection concerning its defenses.

### E.   Contemplated Post-Trial Claims Process

Fifth, FCA asserts that the notice is devoid of any information about a post-trial claims process to determine whether they are class members and that they may have to offer their own individual evidence in order to obtain the benefit from a jury verdict as the court noted in its order denying motion. (Dkt. No. 351 at 9.) Plaintiff disputes the objection arguing there is no requirement to detail all possible post-trial claims process under Rule 23. (Dkt. No. 352 at 10.)

Courts bar the inclusion of language in a class notice that class members may be asked to respond to discovery requests as unnecessary as it likely discourages them from remaining in the class and are unlikely to arise. *In re Wal-Mart Stores, Inc. Wage and Hour Litig.*, No. 06-2069 SBA, 2008 WL 1990806, at *6 (N.D. Cal. May 5, 2008) ("Given the rarity of seeking discovery from class members, inclusion of language warning that they may be asked to respond to discovery requests is unnecessary, [ ] inappropriate, [ ] and likely to discourage them from remaining a part of the class"); *Roberts v. Heim,* 130 F.R.D. 416, 423 (N.D. Cal. 1988) ("It is not necessary to insert a

paragraph informing potential class members of future discovery obligations. Discovery of non-named plaintiffs is both rare and usually inappropriate."). The Court overrules FCA's objections about including post-trial claims process in the Class Notice.

**F.      Description of Class Members as "Plaintiffs"**

Finally, FCA objects to Plaintiff's description of class members as "Plaintiffs" in the long form notice as legally and factually improper, confusing and misleading.[2] Plaintiff responds that the notice merely provides a description to assist class members in discussing what a class action is and Defendant's objection is frivolous and "nitpicking semantics over substance." (Dkt. No. 352 at 11.)

The long-form notice states,

> In a class action lawsuit, a person called a "Class Representative" (in this case Carlos Victorino is the Class Representative) sues on behalf of other people who have similar claims. The people together are a "Class" or "Class Members." *The person who sued—and all the Class Members like him—are called the Plaintiffs.* The company sued (in this case FCA US) is called the Defendant. One court resolves the issues for everyone in the Class—except for those people who choose to exclude themselves from the Class.

(Dkt. No. 350-4, Zohdy Decl., Ex 2 at 4 (emphasis added).) Despite Plaintiff's response that FCA's objection is frivolous, he has not provided any legal authority that together, the Class Members and the Class Representative, are considered "Plaintiffs." In fact, a class action is "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348 (2011) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700-01 (1979)). In a class action,

---

[2] The one case FCA relies on is not supportive. The case of *McPhail v. First Command Fin. Planning, Inc.,* 251 F.R.D. 514, 517 (S.D. Cal. 2008) dealt with whether a defendant could seek discovery from absent class members because "[i]t is not intended that members of the class should be treated as if they were parties plaintiff, subject to the normal discovery procedures, because if that were permitted, then the reason [behind Rule 23(a)(1) of the Federal Rules of Civil Procedure] would fail.

the named Plaintiff or class representative sues on behalf of the class members. As such, class members cannot be considered "Plaintiffs." Therefore, Plaintiff shall remove the italicized sentence in the long-form notice defining "Plaintiffs."

## Conclusion

Based on the above, the Court GRANTS in part Plaintiff's motion for renewed notice plan and class notice. The Parties shall file a Joint Report on class notice fourteen (14) days after the class notice period has closed.

IT IS SO ORDERED.

Dated: August 27, 2020

Hon. Gonzalo P. Curiel
United States District Judge