1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

CARLOS VICTORINO, individually and on behalf of other members of the general public similarly situated,

Plaintiff,

v.

FCA US LLC, a Delaware limited liability company,

Defendant.

Case No.:  16cv1617-GPC(JLB)

**ORDER:**

**1) DENYING PLAINTIFF'S MOTION TO ASSOCIATE KIESEL LAW LLP AS CO-TRIAL COUNSEL;**

**2) GRANTING PLAINTIFF'S MOTION TO APPOINT KIESEL LAW LLP AS CO-CLASS COUNSEL; AND**

**3) GRANTING DEFENDANT'S MOTION FOR ORDER REQUIRING CORRECTIVE CLASS NOTICE**

**[Dkt. Nos. 388, 390.]**

Before the Court is Plaintiff and the Class' motion to associate Kiesel Law LLP as co-trial counsel, or in the alternative, to appoint Kiesel Law LLP as co-class counsel. (Dkt. No. 390.)  Defendant filed an opposition.  (Dkt. No. 395.)  Plaintiff filed a reply.

1

16cv1617-GPC(JLB)

1    (Dkt. No. 398.)  Also before the Court is Defendant's motion for order requiring

2    corrective class notice.  (Dkt. No. 388.)  Plaintiff filed an opposition.  (Dkt. No. 396.)

3    Defendant filed a reply.  (Dkt. No. 397.)

4         Based on the reasoning below, the Court DENIES Plaintiff's motion to associate

5    Kielsel Law LLP as co-trial counsel, GRANTS Plaintiff's motion to appoint Kiesel Law

6    LLP as co-class counsel, and GRANTS Defendant's motion for corrective class notice.

7    **Background**

8         On October 17, 2019, the Court granted Plaintiff Carlos Victorino's renewed

9    motion for class certification and certified a Class consisting of "[a]ll persons who

10   purchased or leased in California, from an authorized dealership, a new Class Vehicle

11   primarily for personal, family, or household purposes."  (Dkt. No. 318 at 24.)  The Court

12   appointed Plaintiff Carlos Victorino as the class representative and Capstone Law APC as

13   class counsel.  (Dkt. No. 318.)

14        After full briefing regarding disputes over the class notice and notice plan, (Dkt.

15   Nos. 350, 351, 352), on August 27, 2020, the Court granted in part Plaintiff's renewed

16   motion for approval of proposed class notice and notice plan.  (Dkt. No. 353.)   The

17   proposed long form notice asks "Do I have a lawyer in this case?" and provides the

18   following response:

19        The Court decided that the law firm Capstone Law APC is qualified to

20        represent the class, and appointed it as "Class Counsel." Capstone Law is
          experienced in handling similar class action cases. More information about

21        these law firms, their practices and their lawyers' experience is available at

22        www.capstonelawyers.com.

23   (Dkt. No. 350-4. Zhody Decl., Ex. 2 at 7.[1])  On the question, "How will the Lawyers be

24   paid?", the long form notice provides,

25

26   _____

27   [1] Page numbers are based on the CM/ECF pagination.

28
     16cv1617-GPC(JLB)

   If Class Counsel is successful in getting money or other benefits for the class, they will ask the Court to recover their fees and expenses associated with this case. You won't have to pay these fees and expenses out of your own pocket. If the Court grants Class Counsel's request, the fees and expenses would be either deducted from any money obtained for the class or paid separately by FCA US.

(*Id.*)

## Discussion

### A.   Motion to Associate Kiesel Law LLP as Co-Trial Counsel

Plaintiff asks that the Court allow Kiesel Law LLP ("Kiesel Law") to associate in as co-trial counsel because it will benefit the class due to Kiesel Law's extensive trial experience and success. (Dkt. No. 390-1 at 3.) Defendant opposes arguing that Plaintiff cannot circumvent Rule 23 by seeking to associate in another law firm. (Dkt. No. 305 at 4-5.)

Plaintiff does not provide any on point legal authority to support an association of counsel after a class has been certified and notice disseminated. Unlike a non-class action civil case, Federal Rule of Civil Procedure 23 governs this case. *See Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 400 (2010). While Rule 23(g) provides for the appointment of class counsel, it does not provide for an association of counsel. In fact, Plaintiff relies on cases addressing the appointment of additional class counsel and not an association of additional counsel. (*See* Dkt. No 390-1 at 3.) Accordingly, the Court DENIES Plaintiff's motion to associate Kiesel Law as co-trial counsel as legally unsupported.

### B.   Motion to Appoint Kiesel Law as Co-Class Counsel

Plaintiff, alternatively, moves to appoint Kiesel Law as co-class counsel under Rule 23(g). (Dkt. No. 390-1 at 4.) Defendant responds that Plaintiff has failed to satisfy three of the four factors to support the appointment of Kiesel Law as class counsel and

adding class counsel will render the notice stating who is class counsel false.  (Dkt. No. 395 at 6.)  In reply, Plaintiff argues he has addressed the four factors and the notice is not false because Capstone Law still remains class counsel.  (Dkt. No. 398 at 5-6.)

Rule 23(g)(1)(A) requires that courts consider the following factors in appointing class counsel: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A).  Rule 23(g)(4) also requires that class counsel "must fairly and adequately represent the interests of the class."  Fed. R. Civ. P. 23(g)(4).  In appointing class counsel, the Court "may make further orders in connection with the appointment."  Fed. R. Civ. P. 23(g)(1)(E).

The Court concludes that the four factors have been satisfied.  On the first factor, because Kiesel Law is coming in to try the case and not to investigate or identify potential claims, this factor is not relevant.  Kiesel Law also has sufficient experience in not only class actions but has handled vehicle warranty class actions and is knowledgeable about the applicable law.  (Dkt. No. 390-3, Kiesel Decl. ¶¶ 4, 6; Dkt. No. 390-1 at 6, 8.)  Finally, on the fourth factor, Kiesel Law has stated it is willing and able to serve and has the means and willingness to assist class counsel.  (Dkt. No. 390-3, Kiesel Decl. ¶¶ 9-10.)

In opposition, Defendant argues that having two law firms will lead to inefficiencies, and duplication of work; however, because Kiesel Law is being brought in to conduct trial, this argument is not well taken as the discovery and motion practice have been completed.  However, in the event that Plaintiff prevails and attorneys' fees are at issue, the Court will carefully review the attorney fee records to ensure there is no unnecessary duplication of work with the appointment of Kiesel Law as co-class counsel.

16cv1617-GPC(JLB)

Defendant also contends the Court should consider that the class notice, which informed class members that Capstone Law APC is "Class Counsel", would be rendered false by appointing Kiesel Law as co-class counsel.  (Dkt. No. 395 at 7.)  Defendant explains that class members relied on counsel's information in the notice in deciding whether to opt out or stay in the class and they have a due process right to receive accurate information.  (*Id.*)  It further maintains that it has a due process right in making sure the information in the notice remains accurate.  (*Id.*)  Plaintiff summarily responds that the notice is accurate since Capstone Law APC will remain as class counsel.  (Dkt. No. 398 at 6.)

Neither party has provided any caselaw in support of their position whether the notice should be updated to reflect the appointment of Kiesel Law as co-class counsel. The Court is also unable to locate any authority on this issue.  Typically, district courts have granted motions to appoint additional class counsel but they have been unopposed and granted prior to the class notice being disseminated.  *See e.g., Krommenhock v. Post Foods, LLC*, Case No. 16-cv-04958-WHO, 2020 WL 2322993, at *3 (N.D. Cal. May 11, 2020) (granting motion to appoint additional class counsel as unopposed because the expert work and trial in this case will be extensive and complex but prior to class notice being issued); *Dawson v. Great Lakes Educational Loan Servs., Inc*. 15-cv-475-jdp, 2019 WL 6619325, at 1 (W.D. Wisc. Dec. 15, 2019) (granting unopposed motion to appoint additional class counsel appointment as appropriate under Federal Rule of Civil Procedure 23(g)(1) before second round of class notice); *Jermyn v. Best Buy Stores, L.P.*, No. 08 Civ. 214(CM), 2011 WL 280798, at *1 (S.D.N.Y. Jan. 18, 2011) (granting unopposed motion to appoint additional counsel after class was certified but before class

notice[2]); *but see Kaplan v. S.A.C. Capital Advisors, L.P.,* Case NO. 12 Civ. 9350 (NRB), Dkt. 283 (S.D.N.Y. July 5, 2016) (granting unopposed motion for appointment of additional class counsel after class certification and after class notice).

To ensure that class members are informed of the appointment of co-class counsel, Plaintiff shall issue an amended notice.  The Court DIRECTS to parties to engage in a meaningful meet and confer on the language for the amended class notice.  To the extent they disagree, either party may seek leave of court seeking its guidance.

**C.     Defendant's Motion for Order Requiting Corrective Class Notice**

Defendant moves for an order requiring Plaintiff to "provide an explanation for how the recipients of the 4,908 class notices were identified, including whether Plaintiff limited the recipients to only those persons who were original purchasers or lessees of new vehicles" and "provide a corrective notice to those recipients who were not original purchasers or lessees of new vehicles, and thus not members of the certified class."  (Dkt. No. 388-1 at 9.)  Plaintiff does not directly address why notices were sent to 4,908 addresses but it appears that CPT Group Inc. ("CPT"), the class administrator, received contact information extracted from VINs provided by counsel and sent notices to the mailing list that contained 4,908 records.  (Dkt. No. 396 at 8.)   Plaintiff further argues that the class notice need not be perfect and may be overinclusive.  Moreover, recipients of the short and long notice should not be confused because the notices define that only those who acquired a new vehicle are class members.  (*Id.* at 5-6.)

According to the notice procedure, on April 9, 2021, Defendant provided VINs of 1,978 Dodge Dart vehicles originally sold or leased in California to Plaintiff.  (Dkt. No. 388-1 at 4.)  Then IHS Markit, a third-party vendor, used the VINs to obtain class

---

[2] *Jermyn v. Best Buy Stores, L.P*, Case No. 08cv214(CM), Dkt. Nos. 150, 151 (S.D.N.Y. Jan. 18 & 20, 2011).

16cv1617-GPC(JLB)

1   members' names and mailing addresses from the California DMV.  (Dkt. No. 368.)

2   Subsequently, CPT used the information and sent out the class notice.  (Dkt. No. 388-1 at

3   4; (Dkt. No. 396-1, Zohdy Decl. ¶ 6.)  CPT received a mailing list of 4,908 records, and

4   on October 19, 2021, class notices were mailed to the 4,908 names on the list.  (Dkt. No.

5   379-1, Dancy Decl. ¶¶ 5, 7.)

6         The Court agrees with Defendant and questions why 4,908 notices were sent out

7   when there are only 1,978 class vehicles.  While the Court was not provided the DMV

8   records, in prior briefing, the parties did not disagree that the DMV records would have

9   identified purchasers of new vehicles and those should have been the ones that should

10   have received a notice.  Moreover, in the Court's order re: DMV release of class member

11   information, the DMV was ordered to release the "names and addresses of original

12   owners and lessees of the vehicles associates with the titles of the VINS at issue . . . ."

13   (Dkt. No. 368 at 2.)  It appears that DMV may have provided the names and address of

14   all owners and lessees of the class vehicles.

15         In light of the fact that an amended class notice will be provided to appoint Kiesel

16   Law as co-class counsel, the Court GRANTS Defendant's motion for corrective class

17   notice.  The Court again DIRECTS to parties to engage in a meaningful meet and confer

18   on the language for the amended class notice.  To the extent they disagree, either party

19   may seek leave of court seeking its guidance.

20         Accordingly, the Court GRANTS Defendant's motion for an order requiring

21   corrective class notice and DENIES Defendant's motion requiring Plaintiff to provide an

22   explanation for how the recipients of the 4,908 class notices were identified as

23   unnecessary.

24                        **Conclusion**

25         Based on the above, the Court DENIES Plaintiff's motion to associate Kiesel Law

26   LLC as co-trial counsel, GRANTS Plaintiff's motion to appoint Kiesel Law as co-class

27

28

1  counsel and GRANTS in part Defendant's motion for order requiring corrective class

2  notice.  Plaintiff shall issue an amended notice as soon as practicable.  The hearing set on

3  April 22, 2022 shall be vacated.

4       IT IS SO ORDERED.

5  Dated:  April 14, 2022

6               Hon. Gonzalo P. Curiel

7               United States District Judge

8

16cv1617-GPC(JLB)