1  Tarek H. Zohdy (SBN 247775)
   Tarek.Zohdy@capstonelawyers.com
2  Cody R. Padgett (SBN 275553)
   Cody.Padgett@capstonelawyers.com
3  Laura E. Goolsby (SBN 321721)
   Laura E. Goolsby@capstonelawyers.com
4  Capstone Law APC
   1875 Century Park East, Suite 1000
5  Los Angeles, California 90067
   Telephone:  (310) 556-4811
6  Facsimile:   (310) 943-0396

7  Paul R. Kiesel (119854)
   kiesel@kiesel.law
8  Jeffrey A. Koncius (SBN 189803)
   koncius@kiesel.law
9  Kevin D. Zipser (SBN 334023)
   zipser@kiesel.law
10 Kiesel Law LLP
   8648 Wilshire Boulevard
11 Beverly Hills, California 90211
   Telephone: (310) 854-4444
12 Facsimile: (310) 854-0812

13 *Attorneys for Plaintiff and the Class*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS VICTORINO, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> FCA US LLC, a Delaware limited liability company, <br><br> Defendant. | Case No.: 3:16-CV-01617-GPC(JLB) <br> Judge:     Hon. Gonzalo P. Curiel <br><br> **PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE TO EXCLUDE ARGUMENT OR EVIDENCE REFERENCING IMPROPER LEGAL STANDARDS [NO. 3 of 5]** <br><br> Complaint Filed: June 24, 2016 <br> Trial Date:     October 11, 2022 <br><br> Date:  August 19, 2022 <br> Time:  1:30 pm <br> Dept:  2D |

| | |
|---|---|
| 1 | **TO THE HONORABLE COURT AND TO ALL PARTIES AND THEIR** |
| 2 | **ATTORNEYS OF RECORD:** |
| 3 | PLEASE TAKE NOTICE that on August 19, 2022, at 1:30 p.m., or as soon |
| 4 | thereafter as the matter may be heard, in Courtroom 2D of the above-entitled Court, |
| 5 | located at the Edward J. Schwartz U.S. Courthouse, 221 W. Broadway, San Diego, |
| 6 | California 92101, Plaintiff will move this Court for an Order granting Plaintiff's |
| 7 | Motion in Limine No. 3 regarding Defendant's proffered defenses to Plaintiff's |
| 8 | claim for breach of implied warranty. |
| 9 | This Motion is based on this Notice of Motion, the supporting Memorandum |
| 10 | of Points and Authorities, all pleadings and records on file in this action, and any |
| 11 | other arguments and evidence presented to the Court. |

Dated:  August 5, 2022               Respectfully submitted,

**CAPSTONE LAW APC**

By:   */s/* Laura E. Goolsby
      Tarek H. Zohdy
      Cody R. Padgett
      Laura E. Goolsby

      Kiesel Law LLP
      Paul R. Kiesel
      Jeffrey A. Koncius
      Kevin D. Zipser

*Attorneys for Plaintiff and the Class*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff anticipates that Defendant FCA US, LLC ("FCA") will attempt to introduce argument or evidence relating to an improper legal standard as an affirmative defense. Plaintiff contends that the proffered defense is irrelevant and, as such, any argument or evidence relating to such defense is inadmissible under the Federal Rules. Thus, it should be excluded.

## II. EVIDENCE OR ARGUMENT RELATING TO LEGAL STANDARDS NOT AT ISSUE SHOULD BE EXCLUDED

California's Song-Beverly Act imposes an implied warranty of merchantability for certain consumer goods, including the Class Vehicles at issue here. Liability for a breach of implied warranty under the Song-Beverly Act arises upon a showing of the following: (1) the plaintiff purchased or leased a vehicle manufactured by the defendant; (2) at the time of purchase, the defendant was in the business of manufacturing such vehicles; and (3) the vehicles were not (i) of merchantable quality; or (ii) fit for their ordinary or intended purpose. *Mexia v. Rinker Boat Co., Inc.*, 174 Cal. App. 4th 1297, 1303 (2009); *see also* California Civil Jury Instruction 3210. There is no requirement that any alleged defect substantially impair the use, value, or safety of the vehicle. Such language can *only* be found in the Act's prohibitions against breaches of *express* warranty. *See* Cal. Civ. Code § 1794(a). The implied warranty of merchantability is independent of the express warranty and, as such, the legal standards applicable to each are separate and discrete. *See Mocek v. Alfa Leisure, Inc.*, 114 Cal. App. 4th 402, 407 (2003) (concluding that the statute's express warranty provisions "[do] not apply to the breach of an implied warranty of merchantability.").

Despite this clear delineation, however, FCA intends to submit argument and/or evidence of a lack of substantial impairment as a defense to Plaintiff's implied warranty claim. [Dkt. No. 393 ("The alleged defect does not substantially impair the

use, value, or safety of the vehicles. Plaintiff and class members have not stopped using their vehicles, and/or have driven the vehicles for years and thousands of miles without incident.")]. Whether or not substantial impairment to use exists or, indeed, whether Plaintiff continued to use his Class Vehicle is irrelevant to the legal claim at issue. *See*, *e.g.*, *Ibrahim v. Ford Motor Co.*, 214 Cal. App. 3d 878, 898 (1989) ("purchasers of unsatisfactory vehicles may be compelled to continue using them due to the financial burden to securing alternative means of transport for a substantial period of time."). Any argument or evidence regarding substantial impairment and continued vehicle use will only serve to confuse and mislead the fact finder with regard to the statutory requirements for breach of implied warranty. Further, such evidence is highly prejudicial because a jury may view the fact that Plaintiff continued to use the vehicle as a reason to deny an otherwise valid claim. Thus, any mention of substantial impairment or Plaintiff's continued use of his vehicle should be excluded.

## III.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant his Motion in Limine to exclude argument or evidence regarding FCA's improper affirmative defense.

Dated:  August 5, 2022                    Respectfully submitted,

**CAPSTONE LAW APC**
By:  */s/* Laura E. Goolsby
Tarek H. Zohdy
Cody R. Padgett
Laura E. Goolsby

Kiesel Law LLP
Paul R. Kiesel
Jeffrey A. Koncius
Kevin D. Zipser

*Attorneys for Plaintiff and the Class*

# CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2022, I electronically filed the foregoing PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE TO EXCLUDE ARGUMENT OR EVIDENCE REFERENCING IMPROPER LEGAL STANDARDS with the Clerk of Court using the CM/ECF system and I served a copy of the foregoing on all counsel for all parties, via the CM/ECF system, to all counsel of record in this matter, in accordance with Fed. R. Civ. Proc. 5(b)(2)(E).

        /s/ Laura E. Goolsby  
        Laura E. Goolsby