1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS VICTORINO and ADAM TAVITIAN, individually, and on behalf of other members of the general public similarly situated,<br><br>                              Plaintiffs,<br><br>v.<br><br>FCA US LLC, a Delaware limited liability company,<br><br>                              Defendant. | Case No.:  16cv1617-GPC(JLB)<br><br>**ORDER DENYING DEFENDANT'S MOTION IN LIMINE NO. 6**<br><br>**[Dkt. No. 405.]** |

Before the Court is Defendant's motion in limine no. 6 to exclude class members who no longer own a Class Vehicle and to exclude any evidence relating to these owners' alleged damages from the trial.  (Dkt. No. 405.)  Plaintiff opposes arguing that the Ninth Circuit, in *Nguyen v. Nissan*, 932 F.3d 811, 820 (9th Cir. 2019), made it clear that post-sale events are not relevant under a benefit of the bargain theory because each Class Member suffered damages at the time of purchase.  (Dkt. No. 421.)  As such, sale of a Class Vehicle does not affect the damages that class members are entitled to.  A motion in limine hearing was held on August 19, 2022.  (Dkt. No. 422.)  After consideration of

1

the briefs, oral argument and the applicable law, the Court DENIES Defendant's motion in limine no. 6.

## Background[1]

Plaintiff Carlos Victorino ("Plaintiff") filed the operative putative first amended class action complaint ("FAC") against Defendant FCA US LLC ("FCA" or "Defendant") based on defects in the 2013-2015 Dodge Dart vehicles equipped with a Fiat C635 manual transmission built on or before November 12, 2014 ("Class Vehicles"). (Dkt. No. 104, FAC.)  He claims that the alleged defect causes his vehicle's clutch to fail and stick to the floor.  (*Id.*)  The causes of action remaining for trial are the breach of implied warranty of merchantability under California's Song-Beverly Consumer Warranty Act ("Song-Beverly Act"), the federal breach of implied warranty pursuant to the Magnuson-Moss Warranty Act ("MMWA"), and California's unfair competition law ("UCL") claim premised on the breach of implied warranty claims.  (Dkt. No. 241.)

On October 17, 2019, the Court granted Plaintiff's renewed motion for class certification solely on the Song-Beverly Act claim.  (Dkt. No. 318.)  The class is defined as:

> All persons who purchased or leased in California, from an authorized dealership, a new Class Vehicle primarily for personal, family or household purposes.

(*Id.* at 24.[2])  On damages, the Court concluded that Plaintiff and class members suffered an injury based upon a defective clutch system at the time of sale; therefore, damages of the cost of repair is consistent with a benefit of the bargain theory of damages under a breach of implied warranty claim and complies with *Comcast*.[3]  (*Id.* at 15-16.)

---

[1] This case has been vigorously litigated with the parties filing a significant number of motions. For this motion, the Court only recounts the relevant procedural background and court rulings.

[2] Page numbers are based on the CM/ECF pagination.

[3] *Comcast Corp. v. Behrend*, 133 S. Ct. 1426 (2013).

16cv1617-GPC(JLB)

On March 24, 2020, Defendant moved to decertify the class, or alternatively, to modify the class definition to those new vehicle owners who still own the vehicle.  (Dkt. No. 337.)  On May 8, 2020, the Court denied Defendant's motion to decertify class as well as the alternative request to modify the class definition.  (Dkt. No. 348.)  On May 20, 2020, FCA filed a petition for permission to appeal the Court's order.  (Dkt. No. 349.)  On August 31, 2020, the Ninth Circuit denied FCA's petition for permission to appeal.  (Dkt. No. 354.)

On November 20, 2020, FCA filed a motion for reconsideration of the Court's order denying motion to decertify specifically seeking to modify the class definition.  (Dkt. No. 355.)  On February 19, 2021, the Court denied FCA's motion for reconsideration explaining that the two recent cases relied on by FCA did not support modifying the class definition.  (Dkt. No. 366.)  However, in that order, the Court stated that outstanding issues at the motion in limine stage are "(1) whether an owner's resale of a Subject Vehicle are factors that reduce the amount of benefit-of-the-bargain damages that the class members are entitled to receive; (2) if so, do these amounts constitute an offset to damages; and (3) which party has the burden of proving an offset.  In the event that the Court determines that the resale or disposal of the Class Vehicles is relevant to the calculation of the benefit of the bargain damages, it 'can be readily determined in individual hearings, in settlement negotiations, or by creation of subclasses . . . .'"  (Dkt. No. 366 at 11 (citing *Butler v. Sears, Roebuck and Co*., 727 F.3d 796, 801 (7th Cir. 2013).)

In compliance, FCA filed a motion in limine seeking to exclude class members who no longer own the Class Vehicle and relies on two recent unpublished district court cases which the Court finds both distinguishable and/or not sufficiently supported.

In *Beaty*, the district court denied class certification on several issues including the plaintiffs' failure to propose a damages model that accounted for potential windfalls to

16cv1617-GPC(JLB)

1  former class vehicle owners.  *Beaty v. Ford Motor Corp*., C17-5201, TSZ, 2021 WL

2  3109661, at *13 (W.D. Wash. July 22, 2021).  The plaintiffs proposed a class to include

3  all person who purchased or leased a class vehicle, including former class vehicle

4  owners, and offered a conjoint damages model to show damages classwide based on the

5  "percentage reduction in Class Vehicles' market value attributable to the [ ] defect."  *Id.*

6  at *13.  The plaintiffs proposed that damages should be determined at the original point

7  of sale because undisputed evidence showed the defect did not drive down the resale

8  price of the class vehicles.  *Id.*  The district court concluded that this damages model was

9  not capable of accurately measuring damages for former class vehicle owners.  *Id.*

10  Because the defect did not drive down the resale price of class vehicles, former owners

11  would not have suffered any damages at all because they would have passed any

12  overpayment to an "unwitting new owner."  *Id.*  In this scenario, former class vehicle

13  owners would end up with a windfall.  *Id.*  Because the damages model did not account

14  for potential windfalls to former class vehicle owners, the court concluded that damages

15  were not in line with *Comcast*.  In contrast, here, no evidence has been produced

16  regarding any depreciation in the resale price due to the alleged defect.  More

17  importantly, in arriving at its conclusion, the *Beaty* court assumed without discussion that

18  a benefit of the bargain theory of damages takes into account the resale of the defective

19  product.[4]

20      In *Quackenbush v. American Honda Motor Co*., No. C 20-05599 WHA, 2021 WL

21  6116949, at *7 (N.D. Cal. Dec. 27, 2021), the plaintiffs sought a damages model akin to

22  *Nguyen*.  In the order, the class was redefined to "[c]urrent owners of both new and used

---

25  [4] *Beaty* concerned the benefit of the bargain under the consumer protection law in Washington and
26  fraudulent concealment.  *See Beaty v. Ford Motor Co*., CASE No. C17-5201 RBL, 2020 WL 639408
    (W.D. Wash. Feb. 11, 2020), *rev'd and remanded by Beaty v. Ford Motor Co*., 854 Fed. App'x 845 (9th
27  Cir., Apr. 2, 2021).

class vehicles who purchased their class vehicles . . . from an authorized Honda dealer in California and former owners of the same who resold (or traded it in) to an authorized Honda dealer in California." *Id.* at *3.  The district court excluded from the class definition former owners who sold to third parties because those owners may have "passed on" the overpayment, made at the time of sale, to the third party; therefore, the former owners were made whole unless they paid out of pocket for a repair. *Id.* at *7. Simply citing to *Beaty,* the court did not discuss whether the benefit of the bargain theory of damages allows for a reduction based on a subsequent resale of the defective product.

The benefit of the bargain theory is the "difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted." *Nguyen*, 932 F.3d at 818 (citing Cal. Comm. Code section 2714(2).).  In *Nguyen*, the Ninth Circuit, relying on precedent, held that the sale of the vehicle with the known defect is the "liability-triggering event" and the "loss was suffered 'at the moment of purchase.'" *Id.* at 820 (citation omitted).  As such, any post-purchase events, such as manifestation of the defect, are not relevant in calculating damages.  *Id.*  Here, while the post-sale event is not a manifestation of the defect as in *Nguyen*, the post-sale event is the re-sale of the Class Vehicle.  The Court finds *Nguyen*'s reasoning on point and also binding on this Court.

The case of *Maldonado v. Apple, Inc*. is instructive.  On a motion to exclude a damages expert, the defendant argued that the benefit of the bargain damages should account for post-sale conduct such as "resale, exchanges, returns, or disposal", otherwise the class members will get a windfall.  *Maldonado v. Apple, Inc.*, Case No. 3:16-cv-04067-WHO, 2021 WL 1947512, at *24 (N.D. Cal. May 14, 2021).  The district court rejected the defendant's argument explaining that the Ninth Circuit has noted that a damages "calculation need not account for benefits received after purchase because the focus is on the value of the service at the time of purchase." *Pulaski & Middleman, LLC*

16cv1617-GPC(JLB)

*v. Google*, Inc., 802 F.3d 979, 989 (9th Cir. 2015).  Recognizing that *Pulaski* concerned restitution under the UCL and FAL[5], the district court further noted that the Ninth Circuit has since applied that portion of *Pulaski* to a benefit of the bargain theory of damages in *Nguyen.*[6]  *Id.*

Moreover, in *Carriuolo,* a case relied on by *Nguyen*[7], in addressing adequacy and the defendant's arguments of potential class conflicts, the Eleventh Circuit held that none of the conflicts raised by the defendant was fundamental including the purported conflict between those "who sold their vehicle before the sticker was corrected, those who sold their vehicle after NHTSA completed testing, and those who still own their vehicle." *Carriuolo v. General Motors Co* 823 F.3d 977, 990 (11th Cir. 2016).  The court explained that "the fact of resale is immaterial because the injury occurred when class members paid a price premium at the time of lease or purchase."  *Id.*

The comments in *Maldonado* and *Carriuolo* suggests that under the benefit of the bargain theory, the court should not consider any post-sale conduct as it is immaterial.  In this case, the benefit-of-the-bargain damages should be measured at the time of sale. Defendant has not provided any binding caselaw that the Court should consider otherwise.

/ / /

/ / /

---

[5] False Advertising Law.

[6] The court in *Maldonado* rejected the holding in *In re General Motors LLC Ignition Switch Litig*., 427 F. Supp. 3d 374, 380-81 (S.D.N.Y. 2019), where the district court held that "a plaintiff's duty to avoid or mitigate damages means that post-sale repairs are relevant to the calculation of benefit-of-the-bargain damages, even though such damages are initially calculated according to the bargain that was struck at the time of sale."  Instead, the court followed *Pulaski* and observed that mitigation of damages was an affirmative defense.  *See Maldonado*, 2021 WL 1947512, at *24 (citing *Erler v. Five Points Motors*, 249 Cal. App. 2d 560, 561 (1967)).

[7] *Nguyen*, 932 F.3d at 821 n.7.

6

**Conclusion**

Based on the above, the Court DENIES Defendant's motion in limine no. 6.

IT IS SO ORDERED.

Dated:  August 25, 2022

Hon. Gonzalo P. Curiel
United States District Judge

16cv1617-GPC(JLB)